## Patrick B. Donohue, JD, MBA
55 West 116th Street - #159
New York, NY 10026

July 6, 2021

Hon. Stewart D. Aaron
Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2021
```

Motion GRANTED. Relator shall file and serve a Second Amended Complaint no later than September 8, 2021.
SO ORDERED.
Dated: July 8, 2021

Re: *USA et al. ex rel. Patrick Donohue 20-cv-5396 (GHW) (SDA)*

Dear Magistrate Judge Aaron:

The undersigned is the Relator in the above-referenced matter.

On or about July 14, 2020, the undersigned filed the Complaint in this matter in person, under seal, with the Clerk of the Court, as the Complaint contained several claims brought pursuant to the False Claims Act.

On or about August 20, 2020, the undersigned filed a First Amended Complaint, again under seal. Relator's Amended Complaint reflects that Relator's action is brought under the Federal False Claims Act and each State's corresponding False Claims Act – the original Complaint was brought under the Federal False Claims Act and New York's corresponding False Claims Act and New York Finance Law.

More specifically, the Original Complaint was Amended to reflect that Relator's action is brought "under the federal False Claims Act, 31 U.S.C. § 3729-3733, ("FCA") **as well as the corresponding state false claim statutes, The California False Claims Act, Cal. Gov't Code §§12650 et seq., The Colorado Medicaid False Claims Act, Colo. Rev. Stat. §§25.4-4-303.4 et seq., . . . .**"

Relator's original Complaint was brought only under ". . . the federal False Claims Act, 31 U.S.C. § 3729-3733, ("FCA") **and the New York False Claims Act, New York Finance Law §§ 187-194.**" Other than the foregoing, Relator's First Amended Complaint contained no changes to Relator's original Complaint.

On March 3, 2021, the Hon. Gregory H. Woods signed an Order which directed, *inter alia,* that "The amended Complaint shall be unsealed thirty days after entry of this Order . . ." While the foregoing Order was signed on March 3, 2021, it was electronically filed on April 5, 2021, and Entered on April 6, 2021.

Below is a copy of the last entry made on the Court's Docket at Entry # 5. As the Court can see, the Order signed by Judge Woods on March 3rd was entered on April 6th.

(Signed by Judge Gregory H. Woods on 03/03/2021) (nmo) (Entered: 04/06/2021)

See Courts Docket Sheet at Entry # 5.

Fed. R. Civ. P. 4 (m) – Time Limit for Service – provides in pertinent part, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."

As noted above, Judge Woods' Order was entered on April 6, 2021. Per Judge Woods' Order, the First Amended Complaint was unsealed on May 6, 2021 (30 days after Judge Woods' Order was entered on April 6$^{th.}$ ). The date that the First Amended Complaint was unsealed is the effective date that it was filed for purposes of Fed. R. Civ. P. 4 (m).

Ninety (90) days after May 6, 2021, is Wednesday, August 4, 2021.

Relator wishes to amend the First Amended Complaint prior to service. As such, Relator is in the process of drafting the Second Amended Complaint, which will drastically reduce the number of Defendants named in the First Amended Complaint. Relator anticipates approximately 12-16 Defendants will remain in the action. At the same time that Relator's Second Amended Complaint is filed, Relator will file a Notice of Voluntarily Dismissal as to the remaining Defendants.

The action will proceed under applicable federal and corresponding statutes. The factual allegations in the Complaint will be amended to better state Relator's claims[1] and to make the allegations more definite and certain,[2] as well as more concise and straightforward.[3]

As the Court is aware, Fed. R. Civ. P. 15 (a) (1) provides in pertinent part that, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Fed. R. Civ. P. 12(b) (e), or (f), whichever is earlier."

After researching Fed. R. Civ. P. 15, it is not clear whether a Complaint that is amended before service on the Defendant can be amended again, as of right, pursuant to Fed. R. Civ. P. 15 (a) (1). The language of Fed. R. Civ. P. 15 (a) (1) seems to support such a reading.

However, Courts have held that an unlimited right to amend a complaint does not exist. *Merrill v. Cont. Freighters, Inc.*, No. 19-CV-02309-CMA-SKC, 2019 WL 10744870, at *2 (D.

---

[1] *W. U. Tel. Co. v. Atlanta & W. P. R. Co.*, 238 F. 36 (5th Cir. 1917); *Anderson v. Abbott*, 61 F. Supp. 888 (W.D. Ky. 1945).
[2] *Lowenschuss v. Kane*, 520 F.2d 255 (2d Cir. 1975); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se complaint); *Neeld v. Nat'l Hockey League*, 439 F. Supp. 446 (W.D.N.Y. 1977) (to include defamatory words in negligence action).
[3] *Hodgman v. Atl. Ref. Co.*, 274 F. 104 (D. Del. 1921); *Davis v. Motive Parts Corp.*, 16 F.2d 148 (S.D.N.Y. 1922).

Colo. Dec. 19, 2019). *See Gentry v. Nat'l Multi List Serv. Inc.*, No. 14-CV-00858-PAB-KMT, 2015 WL 6751103, at *2 (D. Colo. Nov. 5, 2015).

In *Gentry*, Chief Judge Brimmer analyzed the intent of the Advisory Committee in drafting the current version of Rule 15. *Merrill*, 2019 WL 10744870, at *2. He determined that Fed. R. Civ. P. 15(a)(1)(B) applied specifically to complaints, and he interpreted the Rule as allowing amendments once as a matter of course at any time until 21 days after service of a responsive pleading. *Id.* Under this interpretation of Fed. R. Civ. P. 15(a)(1), the trigger for amending a pleading once as a matter, of course, is "filing" of the pleading, not "service." *See, e.g., id.*

Courts have interpreted Fed. R. Civ. P. 15(a)(1) as providing the outside time limit to amend a pleading as a matter of course from the time of filing, instead of containing internal triggers that start a clock on the time to amend. *See id.* (interpreting Fed. R. Civ. P. 15(a)(1)(B) as allowing amendment of a complaint any time until 21 days following service of a responsive pleading). *Merrill*, 2019 WL 10744870, at *2; *United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-CV-922-DAK, 2016 WL 1664904, at *3 (D. Utah Apr. 26, 2016) ("[T]he filing of a pleading is accompanied by a right to amend once as a matter of course, and that right remains with the party that filed the pleading until the right is terminated by one of the time limits described in Fed. R. Civ. P. 15(a)(1).)" This interpretation is supported by the plain language of Fed. R. Civ. P. 15(a)(1), which states that a party "may amend its pleading once as a matter of course within" specified time frames. Fed. R. Civ. P. 15(a)(1)(A) and (B). Id.

"Within" is a preposition defined to be "used as a function word to indicate enclosure or containment," or "used as a function word to indicate situation or circumstance in the limits or compass of...." Merriam-Webster online dictionary, https://www.merriam-webster.com/dictionary/within (last accessed 12/19/19). *Merrill*, 2019 WL 10744870, at *2.

In *Merrill v. Contract Freighters, Inc.*, the Court held that since Plaintiffs filed their original Complaint and then filed their First Amended Complaint before Defendant filed a responsive pleading, Plaintiffs had utilized their "one-time amendment as a matter of course" under Rule 15(a)(1)(B).

In *Ramirez,* the Ninth Circuit has held that a Plaintiff has the right to amend within twenty-one days of service of the Complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B)). *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely).

There is a scarcity of case law that discusses amendment as of right before service of the Complaint itself, rather than service of a "responsive pleading."

In addition to amendment as of right, Fed. R. Civ. P. 15 (a) (2) provides that, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Consistent with the plain language of Fed. R. Civ. P. 15(a)(2), the Second Circuit has held that a Court should freely grant leave to Amend when justice so requires. *Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417, 422–

423 (2d Cir. 2020). Fed. R. Civ. P. 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." Id.; *Ohio Valley Env't Coal., Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 592 (S.D.W. Va. 2013)).

"This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Id.; *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Wesley v. Charlotte-Mecklenburg Cty. Police Dep't*, No. 319CV00425FDWDCK, 2020 WL 5822216, at *2 (W.D.N.C. Sept. 30, 2020); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); see also *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). *Wesley*, 2020 WL 5822216, at *2. The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Equal Rights Center*, 602 F.3d at 603. *Wesley*, 2020 WL 5822216, at *2

When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." *Wesley*, 2020 WL 5822216, at *3; *Brown v. Charlotte Rentals LLC*, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Rather than file and serve a Second Amended Complaint under an improper interpretation of Fed. R. Civ. P. 15 (a) (1), Relator now seeks the Court's permission to do so under Fed. R. Civ. P. 15 (a) (2), as set forth above. Relator most respectfully requests a 35-day extension from August 4, 2021, to September 8, 2021, **to file and serve** a Second Amended Complaint.

I have consulted with Assistant United States Attorney Rebecca Tinio, who is representing the United States in this matter, and they take no position on the matters set forth in my request.

The undersigned thanks the court for its attention and consideration to this matter.


Respectfully submitted,

*/s/ Patrick B. Donohue*
_____
Patrick B. Donohue, J.D., MBA
Relator Pro Se


CC:  Rebecca S. Tinio, Esq., Assistant United States Attorney