

**METHFESSEL & WERBEL**
— A Professional Corporation —

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^

Of Counsel
MARC DEMBLING*+
STEPHEN R. KATZMAN#
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+

Counsel
CHRISTIAN R. BAILLIE+
ADAM M. CARMAN+^
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
JARED S. SCHURE>

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
OLIVIA R. LICATA+
ASHLEY E. MALANDRE^
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL+
SARAH E. SHEPP+
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
\>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

January 25, 2022

**VIA E-FILING**
Hon. Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
U.S. Courthouse
40 Foley Square
New York, NY 10007-1581

RE: **UNITED STATES OF AMERICA VS. LOUDOUN CNTY. PUB. SCH.**
    Our File No.    : 91300 ELH
    Docket No.      : 1:20-CV-05396-GHW-SDA

Dear Judge Aaron:

This office represents Defendants Loudoun County Public School District and Scott A. Ziegler (hereinafter referred to as "Defendants"). Please accept this letter in lieu of a more formal reply brief in further support of our motion to dismiss the Complaint.

Defendants filed a motion to dismiss Plaintiffs' claim based on lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted. While Plaintiffs spend several paragraphs discussing subject matter jurisdiction, our motion does not seek dismissal due

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 2

to a lack of subject matter jurisdiction.  Rather, we seek dismissal on the basis that 31 U.S.C. §3732 does not confer personal jurisdiction and does not justify joinder of Defendants within the Southern District of New York.

> **A. This Court Does Not Have Personal Jurisdiction Over Defendants Outside of New York.**

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis," where "[f]irst, [it] appl[ies] the forum state's long-arm statute," and then, "[i]f the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-64 (2d Cir. 2010).

In their opposition papers, Plaintiffs tellingly fail to discuss New York's long-arm statute.  As explained in our moving papers, the Complaint is devoid of any factual allegations which would satisfy any provision of New York's long-arm statute, and thereby establish personal jurisdiction over any defendant situated outside New York.

The section of the Complaint captioned "JURISDICTION AND VENUE" makes no mention of personal jurisdiction.  The

"PARTIES" section of the Complaint states that Defendant Loudoun County Public School District "**operates within the jurisdiction of Loudoun County, Virginia**." (See Complaint, ¶ 45) It also states that Defendant Scott A. Ziegler serves as the Superintendent of Defendant Loudoun County Public School District and was responsible for the oversight and management of the schools within the District since the 2019-2020 school year. (Id. at ¶ 46) The facts alleged fall far short of establishing the "constant and pervasive" contacts necessary to invoke general personal jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 122 (2014).

The contacts are also insufficient to establish specific jurisdiction. Notwithstanding the unsupported assertions of counsel in the opposition brief, nowhere in the Complaint do Plaintiffs allege that "the payments made as a direct result of Defendants' [alleged] fraudulent conduct are, in whole or in part, held at [The Depository Trust Company, a New York Corporation] in the form of securities." (See Plaintiff's opposition, p. 8) "[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." In re Sanofi-Aventis Sec. Litig., 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011).

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 4

Even if Plaintiffs had included such an allegation in their Complaint, it would fail to establish specific jurisdiction. Specific jurisdiction is available when a defendant "has purposefully directed his activities at residents of the forum, and [] the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Defendants' Medicaid submissions were directly related to the special education services it provided to the minor residents of Loudoun County Public School District – not the residents of New York – and this litigation stems from Defendants' purported failure to provide those services in person, in Virginia, on account of pandemic-related building closures.

The moving Defendants operate solely within Loudoun County, Virginia. New York's long-arm statute therefore fails to confer personal jurisdiction.

    **B.    The Southern District of New York Is Not the Proper Venue.**

31 U.S.C. § 3732(a), cited by Plaintiffs in their Complaint, governs venue – not jurisdiction. United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd., 110 F.3d 861, 865 (2d Cir. 1997); United States ex rel.

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 5

Thistlethwaite v. Dowty Woodville Polymer, 976 F. Supp. 207, 210 (S.D.N.Y. 1997). While the False Claims Act ("FCA") provides that if one defendant can be "found" in a jurisdiction, venue is proper for all other defendants in the same action who are involved in the same false claims, see 31 U.S.C. § 3732, this does not mean that defendants accused of similar but unrelated conduct across the country may be sued in the same district. 31 U.S.C. § 3732(a) does not permit the joinder of multiple defendants involved in distinct and independent actions in a district where only one or two defendants are found.

As explained in our moving papers, the Complaint is wholly devoid of any factual allegations, which if proven true, would suggest that the moving Defendants can be held jointly or severally liable for any allegedly false claim made by any other Defendant. Plaintiffs' claims against the moving Defendants based on alleged violations of the FCA and Virginia State law and their corresponding claims against the other defendants do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a)(2) (joinder of multiple defendants). Joinder is improper where, as here, "the plaintiff does no

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 6

more than assert that the defendants merely committed the same type of violation in the same way." Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013).  As such, even if this Court had the constitutional power to exercise personal jurisdiction over Loudon County School District and its Superintendent, the Plaintiffs would not be entitled to joinder of their claims in the Southern District of New York.

### C. Transferring This Matter to the Eastern District of Virginia Would Not Serve the Interest of Justice.

Lastly, because Plaintiffs fail to state a claim upon which relief may be granted, the Court should not transfer the claims brought against the moving Defendants to the Eastern District of Virginia, but should dismiss the claims in their entirety for failure to state a claim.

Here, Plaintiffs' allegations fall far short of Rule 9(b)'s particularity standard, or even the Iqbal/Twombly standard, as they resort to simply reciting the elements required to state a claim under 31 U.S.C. § 3729(a)(1)(A), (B) and (G) without providing any factual allegations, which if proven true, could support a finding that Defendants knowingly made a false claim or statement to the government. Plaintiffs do nothing more than parrot the statutory language; they allege no supporting facts.

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 7

Plaintiffs concede that "[t]he FAPE requirement is the crux of . . . [their] claims with regard to the IDEA Part B applications, as Defendants assured the government that a FAPE was being offered to all students with disabilities in accordance with their IEPs." (See Plaintiff's opposition brief, p. 13)  However, Plaintiff's Complaint fails to set forth any factual allegations, which if proven true, would suggest that by providing services remotely to any child residing within its boundaries, any school district denied any student in its jurisdiction a FAPE, and in turn, made false claims for Medicaid reimbursement.  Nowhere does the Complaint describe a single IEP benefit that a single child residing within the District did not receive on account of remote instruction and services.  Because FAPE determinations must be made on a case-by-case basis, taking into account a child's academic performance, progress and any regression, the broad and conclusory allegations contained in the Complaint are simply insufficient to support Plaintiffs' claim that the moving Defendants knowingly submitted false claims for Medicaid reimbursement and/or IDEA funding to the federal government simply because they provided special education services remotely.  See Joseph F. o/b/o minor Endrew

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 8

F. v. Douglas Cty. Sch. Dist., 580 U.S. ___, 137 S. Ct. 988, 994, 1001 (2017) (recognizing that appropriate progress will differ on a case by case basis).

Finally, as to Plaintiffs' conspiracy claim under 31 U.S.C. § 3729(a)(1)(C), the Complaint is entirely devoid of any allegations that the moving Defendants entered into an unlawful agreement. See United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 27 (2d Cir. 2016) (affirming dismissal of FCA conspiracy cause of action where plaintiff's complaint "fail[ed] to identify a specific statement where [defendants] agreed to defraud the government"). As such, Plaintiffs' claim fails to satisfy the Rule 9(b)'s particularity standard.

For the foregoing reasons, as well as those articulated in their moving brief, the Court should dismiss with prejudice all claims against the Loudoun County Public School District and Scott A. Ziegler for lack of personal jurisdiction, improper venue, and failure to state a claim.

                        Respectfully submitted,
                        **METHFESSEL & WERBEL, ESQS.**

                        Eric L. Harrison
                        harrison@methwerb.com
                        Ext. 138

ELH:kjp

Methfessel & Werbel, Esqs.
Our File No. 91300 ELH
Page 9

cc:
    **VIA EMAIL: ashleigh@pabilaw.org**
    **VIA EMAIL: rory@pabilaw.org**
    Ashleigh Rousseau, Esq.
    Rory J. Bellantoni, Esq.
    Brain Injury Rights Group, Ltd.
    300 East 95th Street, Suite 130
    New York, NY 10128

    **VIA EMAIL: Patrick@pabilaw.com**
    Patrick B. Donohue, Esq.
    Patrick Donohue Law Firm PLLC
    55 West 116th Street, Suite 159
    New York, NY 10026