USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America and the States of the United States, ex rel. Patrick Donohue,

                Plaintiff,

-against-

Richard Carranza et al.,

                Defendants.

1:20-cv-05396 (GHW) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendants Loudoun County Public School District and Scott A. Ziegler (the "Loudoun Defendants"), pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims of Plaintiff-Relator Patrick Donohue ("Plaintiff") in his Second Amended Complaint against the Loudoun Defendants for lack of personal jurisdiction, improper venue and failure to state a claim.[1] (Loudoun Defs.' Not. of Mot., ECF No. 68.) For the reasons set forth below, the Loudoun Defendants' motion to dismiss is DENIED, Plaintiff's claims against the Loudoun Defendants are severed and the Clerk of Court is directed to transfer the severed claims to the Clerk of the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).

---

[1] In their memorandum of law in support of their motion to dismiss, the Loudoun Defendants erroneously state they are "mov[ing] for dismissal under Federal Rules of Civil Procedure 12(b)(1), (2) and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim on which relief can be granted." (See Loudoun Defs.' Mem., ECF No. 68-1, at 12.) The Federal Rules that correspond to the relief they seek are Rules 12(b)(2), 12(b)(3) and 12(b)(6). See Fed. R. Civ. P. 12(b)(2), (3) & (6).

1

**BACKGROUND**

In this *qui tam* action, Plaintiff alleges violations of the False Claims Act ("FCA"), 31 U.S.C. § 3730, and corresponding state false claim statutes, against the Chancellor of the New York City Department of Education ("NYCDOE"), two departments of education, and various school districts and their superintendents across nine states, including the Loudoun Defendants in Virginia.[2] (*See* SAC ¶¶ 21-66.) Plaintiff alleges that, in the wake of pandemic-related school building closures, the defendants provided remote services (via telehealth and/or telephone) to students with disabilities, contrary to Medicaid and Individuals with Disabilities Education Act (the "IDEA") requirements, and then submitted false claims for reimbursement for such services, thereby depriving their students of a free, appropriate public education ("FAPE"). (*See id.* ¶¶ 1-2; Pl.'s Opp. Mem., ECF No. 74, at 1-2.)

On December 27, 2021, the Loudoun Defendants filed their motion to dismiss. (*See* Loudoun Defs.' Not. of Mot.) On January 18, 2022, Plaintiff filed a memorandum of law in opposition. (*See* Pl.'s Opp. Mem.) On January 25, 2022, the Loudoun Defendants filed a letter reply in further support of their motion to dismiss. (*See* Loudoun Defs.' Reply, ECF No. 75.) On January 29, 2022, the Loudoun Defendants' motion to dismiss was referred on consent of the parties to the undersigned for disposition. (*See* Order of Ref., ECF No. 81.)

---

[2] In his initial Complaint, Plaintiff had named as defendants Richard Carranza ("Carranza"), in his official capacity as Chancellor of the NYCDOE; the NYCDOE; the City of New York; the New York State School Districts; and the Counties of New York State. (*See* Compl., ECF No. 7.) In his First Amended Complaint, Plaintiff added as defendants hundreds of school districts around the country. (*See* Pl.'s 7/6/21 Ltr., ECF No. 14.) The Second Amended Complaint ("SAC"), which is the operative pleading, names as defendants Carranza, in his official capacity as former Chancellor of the NYCDOE; Meisha Porter ("Porter"), in her official capacity as Chancellor of the NYCDOE; the NYCDOE; the Massachusetts Department of Education; and a select group of school districts (and their superintendents) in the State of New York and elsewhere. (*See* SAC, ECF No. 19.)

**DISCUSSION**

The Loudoun Defendants' motion is based upon the defenses of lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted. (*See* Loudoun Defs.' Mem. at 12.) The Second Circuit has held that consideration of personal jurisdiction and venue should precede consideration of whether a complaint adequately states a claim for relief. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (noting that "[a] dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice"). "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). However, because "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, . . . when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."[3] *Id*.

In the present case, the Court finds that prudential considerations favor evaluating the issue of venue first for two principal reasons. As an initial matter, it is clear that venue does not exist in this Court. Furthermore, since (as set forth below) the Court has decided to transfer venue with respect to the claims against the Loudoun Defendants to the U.S. District Court for the Eastern District of Virginia where personal jurisdiction exists over the Loudoun Defendants, it is

---

[3] "To address a venue challenge does not require a preliminary finding that 'the transferring court has personal jurisdiction over the defendants.'" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962)).

"prudentially appropriate to address venue first since a decision to transfer . . . render[s] personal jurisdiction analysis with respect to [the Southern District] irrelevant."[4] *Everlast World's Boxing*, 928 F. Supp. 2d at 741 (quoting *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2010)).

I.     **Venue-Related Legal Standards**

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-09875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted). "Where no evidentiary hearing has been held, 'the plaintiff need only make a *prima facie* showing of [venue].'" *Del Toro v. Novus Equities, LLC*, No. 20-CV-01002 (NSR), 2021 WL 5567618, at *2 (S.D.N.Y. Nov. 29, 2021) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)).

"[T]he general federal venue provisions [are] set out in 28 U.S.C. § 1391." *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997). That statute provides, in relevant part, that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial

---

[4] In addition, disposing of the instant motion on venue grounds avoids the Court needing to determine whether, in assessing personal jurisdiction in a case brought under the federal FCA statute, the Court should consider defendants' contacts with the State of New York, *see Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 763 (S.D.N.Y. 2021) (in FCA case, evaluating defendant's contacts with forum state), or whether contacts with the forum state are not relevant. *See Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974) ("where, as here, the defendants reside within the territorial boundaries of the United States, the 'minimal contacts,' required to justify the federal government's exercise of power over them, are present" (citation & footnote omitted); *United States ex. rel. TZAC, Inc. v. Christian Aid*, No. 17-CV-04135 (PKC), 2021 WL 2354985, at *3 (S.D.N.Y. June 9, 2021) (citing *Mariash* in context of FCA case); *Fed. Trade Comm'n by James v. Quincy Bioscience Holding Co.*, 389 F. Supp. 3d 211, 218 (S.D.N.Y. 2019) ("Because the FTC Act provides for nationwide service and nationwide personal jurisdiction, the relevant inquiry is not whether the individual defendants have minimum contacts with the state of New York but rather whether they have minimum contacts with the United States.").

4

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b).

"Specific procedural provisions in substantive federal statutes sometimes have their own . . . venue provisions." *Thistlethwaite*, 110 F.3d at 864. As relevant here, the FCA has its own venue provision, *i.e.*, 31 U.S.C. § 3732(a). *See id*. at 866 ("the substance and structure of § 3732(a) indicate clearly that that provision governs venue"). Section 3732(a) provides, in relevant part, as follows: "Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732(a).

If a case is filed in the wrong district, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought" 28 U.S.C. § 1406(a). The decision of whether to dismiss or transfer lies within the broad discretion of the district court. *See Meserole St. Recycling, Inc. v. CSX Transp., Inc.*, No. 06-CV-04652 (CBA), 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007). "When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *Id*. (quoting *Goldlawr, Inc. v. Heinman*, 369 U.S. 463, 466-67 (1962)).

The district court may exercise the discretion to transfer a case even if a defendant has not requested transfer. *See Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-06939

5

(MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) ("A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte* even if the defendant moves only to dismiss." (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 372 n.3 (2d Cir. 1966))).

## II.   Analysis

Plaintiff argues that venue is proper in this Court based upon 31 U.S.C. § 3732(a). (*See* Pl.'s Opp. Mem. at 6-7.) Under that statute, where there are multiple defendants, an FCA case may be brought in any judicial district where "any one defendant can be found." *See* 31 U.S.C. § 3732(a). Although Porter and the NYCDOE are defendants and can be found in this District, as the Loudoun Defendants note in their motion (*see* Loudoun Defs.' Mem. at 17-18), Section 3732(a) is constrained by Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder. Since the Loudoun Defendants were not properly joined in this action with Porter and the NYCDOE, venue for claims against the Loudoun Defendants cannot be predicated upon the presence of Porter and the NYCDOE in this District.

Under Rule 20, persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both of these elements are required for proper joinder. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "If a court concludes that defendants have been improperly

joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (citation omitted).

In their motion, the Loudoun Defendants assert that they were improperly joined to the action by Plaintiff because "the Complaint is wholly devoid of any factual allegations, which if proven true, would suggest that Defendants can be held jointly or severally liable for any allegedly false claim made by any other Defendant."[5] (*See* Loudoun Defs.' Mem. at 18; *see also* Loudoun Defs.' Reply at 5-6.) "An allegation that 'the defendants merely committed the same type of violation in the same way' is, by itself, insufficient to justify joinder; the Second Circuit has held that 'the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit.'" *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 175 (S.D.N.Y. 2020) (citing *Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974)). *See also Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("It is settled that joinder is improper where 'the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way.'" (citation omitted)). Here, Plaintiff has failed to allege that the Loudoun Defendants can be held jointly or severally liable for any purportedly false claim made by Porter and the NYCDOE and thus the Loudoun Defendants were improperly joined as defendants with Porter and the NYCDOE.

---

[5] Tellingly, Plaintiff did not address in his opposition the Loudoun Defendants' argument regarding improper joinder. Thus, it appears that Plaintiff "has conceded the point by silence." *See In re UBS AG Sec. Litig.*, No. 07-CV-11225 (RJS), 2012 WL 4471265, at *18 n.18 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014).

7

This case is analogous to *U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339 (S.D.N.Y. 2014), *aff'd*, No. 14-1095-CV (2d. Cir. May 5, 2015). In *Taconic Hills*, the relators sued the NYCDOE and various upstate New York school districts under the FCA for submitting fraudulent claims to Medicaid for case management services provided to disabled children when defendants already had received funding for those services under IDEA. *See id*. at 341. The Court severed the claims against the upstate New York defendants, stating that "there are no allegations suggesting that Defendants can be held jointly or severally liable for any allegedly false claim made by any other Defendant." *Id*. at 344. Once it severed such claims, the Court found that venue did not lie in this Court against the upstate New York defendants under the general venue statute, *i.e.*, 28 U.S.C. § 1391.

In the present case, as in *Taconic Hills*, the Court finds that the claims against the Loudoun Defendants must be severed. Once those claims are severed, Plaintiff cannot establish that venue is proper for the Loudoun Defendants under the general federal venue statute, as explained below.

Because all the defendants named in this action do not reside in the State of New York, venue is proper in this District under the general venue statute only if "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this District. *See* 28 U.S.C. § 1391(b). The Loudoun Defendants argue that, "[s]ince all events giving rise to Plaintiff-Relator's claims against [them] occurred outside of the Southern District of New York, venue is inappropriate in this district." (*See* Loudoun Defs.' Mem. at 19.) The Court agrees. The Loudoun Defendants are located in the Eastern District of Virginia and that is where the events giving rise to the claims

8

against them occurred. Thus, venue does not lie in this District.[6] *See J.T.*, 500 F. Supp. 3d at 173 ("There is no way that any, let alone a substantial part, of the events leading to the out-of-state plaintiffs' claims of failure to provide a FAPE, or to maintain pendency took place in the Southern District of New York."). Thus, the Court finds that Plaintiff has failed to satisfy his burden of showing that venue is proper as to the Loudoun Defendants under 28 U.S.C. § 1391(b). *See Stone #1 v. Annucci*, No. 20-CV-01326 (RA), 2021 WL 4463033, at *13 (S.D.N.Y. Sept. 28, 2021) ("[t]he fact that a claim for some of the plaintiffs or against some of the defendants arose in a particular district does not make that district a proper venue for parties as to whom the claim arose somewhere else" (citation omitted)).

Having found that venue is improper in this District for claims against the Loudoun Defendants, the Court, in its discretion, transfers the severed claims against the Loudoun Defendants to the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a), for that court to address the merits of the claims against the Loudoun Defendants.[7] *See*

---

[6] Plaintiff asserts that the "[Loudoun] Defendants have had and continue to maintain significant contacts with the State of New York, making it an appropriate venue." (*See* Pl.'s Opp. Mem. at 9.) However, even assuming, *arguendo*, the Loudoun Defendants had significant contacts with the State of New York, that is not the standard. In order for venue to be proper under 28 U.S.C. § 1391(b)(2), "a substantial part of the events . . . giving rise to the claim" against them must have occurred in this District. *See* 28 U.S.C. § 1391(b)(2). Plaintiff has made no such showing.

[7] In arguing against transfer to the Eastern District of Virginia, Plaintiff argues that the Court should not disturb his choice of venue. (*See* Pl.'s Opp. Mem. at 11-12.) However, Plaintiff confuses the legal standard for discretionary transfer under 28 U.S.C. § 1404, with the legal standard for mandatory dismissal or transfer under § 1406(a) because venue is improper. Judicial deference to a plaintiff's choice of venue is warranted in disputes concerning § 1404, where the plaintiff's choice of venue has necessarily been deemed proper and the district court decision to transfer the case is "discretion[ary]." *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). However, deference is not warranted here, since the Court has determined that venue is improper. *See* 28 U.S.C. § 1406(a) (providing that district court "shall" dismiss or transfer case if venue is improper); *see also Holmes v. Romeo Enterprises, LLC*, No. 15-CV-03915 (VB), 2015 WL 10848308, at *4 (S.D.N.Y. Nov. 2, 2015), *appeal dismissed*, 667 F.

*Rivera v. Armstrong*, No. 03-CV-01314 (DJS) (TPS), 2007 WL 683948, at *4 (D. Conn. Mar. 2, 2007) (severing and transferring claims against Virginia defendants to Western District of Virginia). The Court finds that such transfer is in the interest of justice. The Eastern District of Virginia has personal jurisdiction over the Loudoun Defendants and is the appropriate Court to address the merits of Plaintiff's claims, including those brought under Virginia law. (*See* SAC ¶¶ 192-204.)[8]

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Defendants Loudoun County Public School District and Scott A. Ziegler (ECF No. 68) is DENIED. It is hereby Ordered that Plaintiff's claims against Defendants Loudoun County Public School District and Scott A. Ziegler that are contained in Plaintiff's Second Amended Complaint (filed at ECF No. 19) are severed and the Clerk of Court is directed to transfer the severed claims to the Clerk of the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).

**SO ORDERED.**

Dated:   February 14, 2022
         New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

App'x 317 (2d Cir. 2016) ("Because the Court grants mandatory transfer under Section 1406(a), it need not consider the parties' arguments for discretionary transfer under 28 U.S.C. § 1404.").

[8] Since venue does not lie in this District with respect to the claims against the Loudoun Defendants, the Court declines the Loudon Defendants' invitation to address Plaintiff's claims against them on the merits. *See Lama v. New Century Found.*, No. 19-CV-02169 (GHW) (DF), 2019 WL 7599899, at *4 (S.D.N.Y. Oct. 10, 2019) ("because venue is improper, [the court] need not address [defendant's] other arguments").