# Katten
Katten Muchin Rosenman LLP

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
212.940.8776 fax
www.katten.com

JOSEPH V. WILLEY
joseph.willey@katten.com
(212) 940-7087 direct
(212) 940-6738 fax

April 12, 2022

**BY ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

Re:   *United States of America and States of the United States, ex rel. Donohue v. Richard Carranza, et al.*, **1:20-CV-5396 (GHW)**

Dear Judge Aaron:

This firm, along with the New York City Law Department, represents defendants New York City Department of Education and former Chancellors Carranza and Porter ("NYC DOE"); this firm also represents defendants Board of Education of the City of Chicago[1] and former Superintendent Torres ("Chicago BOE"), and Los Angeles Unified School District and former Superintendent Beutner ("LAUSD") (together, the "School Districts") in the above-referenced case. Pursuant to section III of Your Honor's Individual Practices, we write to request a pre-motion conference regarding a proposed motion to dismiss Relator's Second Amended Complaint (ECF No. 19) (the "SAC"), as we believe that an informal conference with the Court may potentially reduce the issues in dispute or even obviate the need for the motion. The SAC overlooks key relevant federal and state authorities, as discussed below, and early consideration of those authorities may assist the Court in deciding whether to decline, in the interest of justice, to transfer the case to other District Courts, as we will propose for Chicago BOE and LAUSD. We have already begun discussion with Relator's counsel on at least some of the issues outlined herein, and they have advised us that they consent to and join our request for a pre-motion conference.

The basic premise of the SAC is that the School Districts violated the federal False Claims Act (31 U.S.C. §§ 3729, *et seq.*) (the "FCA") and similar State False Claims Acts by, in response to school closures undertaken to reduce the spread of COVID-19, providing telephonic/telehealth "related services" (*e.g.*, speech therapy) to students with disabilities without amending students' "individualized education plans" ("IEPs") established under the Individuals with Disabilities Education Act (20 U.S.C. §§ 1400, *et seq.*) (the "IDEA"), and billing Medicaid for such services. (*See, e.g.*, SAC ¶¶ 1, 62, 66, 77, 78, 80, 84-88, 105-110, 178-190, 203-218).

---

[1] The Board of Education of the City of Chicago is identified as the Chicago Public School District in the SAC.

The SAC fails to state a claim on which relief may be granted (Fed. R. Civ. P. 12(b)(6)) under 31 U.S.C. §§ 3729(a)(1)(A) and (B). It ignores guidance published by the relevant federal and state agencies that *authorized* school districts to provide related health services remotely during the pandemic – the very conduct the SAC alleges is unlawful. Indeed, the District Court has already found that the U.S. Department of Education ("USDOE") authorized school districts to provide related services remotely during school closures, did not require IEPs to be updated to reflect such change in modality, and instructed school districts to, if necessary, conduct assessments and provide any needed compensatory services upon resuming normal operations. *See J.T. v. de Blasio*, 500 F. Supp.3d 137, 150-152 (S.D.N.Y. 2020).[2] State Medicaid programs also issued guidance authorizing Medicaid claiming for remote related services, without amending IEPs, and at the normal Medicaid rates. In fact, New York State Medicaid guidance cited in ¶ 53 of the SAC specifies that "telephonic/telehealth services will be covered by Medicaid" (Q&A A1); payment for telephonic/telehealth services "will be the same as if the services were delivered face-to-face" (Q&A B1); and "IEPs do not need to be amended to indicate telehealth delivery" (Q&A C1).[3] Similar Medicaid billing guidelines were issued by the (i) California Department of Health Care Services ("DHCS"), which directs school districts or local education agencies ("LEAs") "to provide covered direct medical services . . . via telehealth whenever possible," which were to be reimbursed "at the same rate as for face-to-face services" and specifying that the student's IEP did not need to "identify that the services will be provided via telehealth;" and (ii) Illinois Department of Healthcare and Family Services ("HFS"), which authorizes LEAs to bill for "telehealth and virtual care services," requires HFS to pay providers "the same rate for telehealth services as services delivered . . . in-person," and does not require IEPs to be updated.[4]

The SAC also does not take into account that (i) California school districts "are arms of the state, and therefore not 'persons' subject to *qui tam* liability" under the FCA (s*ee Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1123 (9th Cir. 2007)) and are not "persons" subject to suit under the California False Claims Act (*see Wells v. One2One Learning Foundation*, 39 Cal.4th 1164, 1189-1199 (Cal. 2006)); and (ii) NYC DOE is not subject to suit under N.Y. State Finance Law §§ 188(6) (defining "local government" to include, in relevant part, school districts) and 190(2) ("No [*qui tam*] action may be filed . . . against . . . a local government, or any officer or employee thereof acting in his or her official capacity.").[5]

---

[2] *See e.g.,* USDOE*, Supplemental Fact Sheet: Addressing the Risk of COVID-19 in Preschool, Elementary and Secondary Schools While Serving Children with Disabilities* (March 21, 2020)*, available at:* https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/policyguidance/Supple%20Fact%20Sheet%203.21.20%20FINAL.pdf

[3] This guidance is available at:
https://www.oms.nysed.gov/medicaid/medicaid_alerts/alerts_2020/20_02_Addendum.html.

[4] The DCHS and HFS guidance are available at, respectively:
https://www.dhcs.ca.gov/formsandpubs/Documents/ACLSS%20PPLs/2020/PPL20-014RTelehealth.pdf; and
https://www.illinois.gov/hfs/SiteCollectionDocuments/051920TelehealthRulesChangeFAQSRevisedFinal.pdf.

[5] The SAC also purports to state claims against NYC DOE under N.Y. Social Services Law § 366-B and various New York Penal Code sections; however, there is no private right of action under such Law and Code sections, and the SAC does not seek relief under them.

The SAC likewise fails to satisfy Rule 9(b), as it offers nothing other than conclusory allegations of fraud (*see, e.g.*, ¶¶ 19, ¶ 62). Relator does not identify any payment claims, let alone any false claims, actually submitted under the IDEA or to Medicaid, and fails to allege any facts that could form the basis of a strong inference that any false claims were in fact submitted. Because it is the submission of a false *claim* that gives rise to liability under the FCA, Rule 9(b) requires that the details of claims and their submission must be pleaded with particularity and may not "rest on 'speculation and conclusory allegations.'" *See U.S. ex rel. Gelbman v. City of New York*, 790 Fed.Appx. 244, 247-249 (2d Cir. 2019), *quoting U.S. ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d. 71, 86 (2d Cir. 2017).

The SAC also ignores Second Circuit authority that so-called "reverse False Claims Act" violations under 31 U.S.C § 3729(a)(1)(G) cannot be duplicative of the allegations of false claiming under §§ 3729(a)(1)(A) and (B) (*see U.S. ex rel. Foreman v. AECOM,* 19 F.4th 85, 120 (2d Cir. 2021)); and fails to allege any facts identifying an agreement that would support the alleged FCA conspiracy under § 3729(a)(1)(C). The SAC also may be subject to dismissal per application of the FCA's public disclosure bar (*see* 31 U.S.C. § 3730(e)(4)), as the *J.T. v. de Blasio* complaint identifies numerous news articles concerning the provision of related services remotely during school closures, an issue that also had been the subject of federal and state agency publications addressing a core allegation in the SAC – *i.e.*, whether the provision of remote related services was in compliance with the IDEA requirement that students receive a free and appropriate public education.

Finally, the SAC does not allege any facts that would establish personal jurisdiction over Chicago BOE or LAUSD in the SDNY; and thus, joinder of Chicago BOE and LAUSD in this case, and Relator's choice of venue in the SDNY for his claims against those defendants, are improper, for reasons Your Honor has already determined as to the Virginia defendants in this case (Doc. # 86). While this Court has the discretion to transfer the case to the District Courts where venue would be proper, we respectfully submit that the Court should decline to do so in the interest of justice, as (i) dismissal of the SAC is warranted as to NYC DOE, and the SAC's allegations against Chicago BOE and LAUSD are almost identical to those against NYC DOE; (ii) the federal and state authorities identified above authorizing the remote provision of related services are identical in substance as to each School District; and (iii), with respect to LAUSD, on the additional ground, noted above, that it is not subject to *qui tam* liability under the FCA. *See U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F.Supp.3d 339, 345 (S.D.N.Y. 2014), *aff'd*, 597 Fed.Appx. 16 (2d Cir. 2015) (declining to transfer in similar circumstances).

For these reasons, we respectfully request a pre-motion conference with the Court. Pursuant to Your Honor's order dated April 8, 2022 (ECF No. 123), we have conferred with Relator's counsel and will submit a proposed briefing schedule for the anticipated motion to dismiss by April 15.

                              Respectfully,

                              /s/ Joseph V. Willey
                              Joseph V. Willey

Cc:     All counsel of record, via ECF