

RYAN P. DRISCOLL
rdriscoll@berchemmoses.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  04/13/2022
```

April 13, 2022

Honorable Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Request GRANTED. The Stamford Defendants are hereby directed to appear at the telephone conference already scheduled for April 27, 2022 at 2:30 p.m. (*see* ECF No. 127.)
SO ORDERED.
Dated: April 13, 2022

Re:   U.S. ex rel. Donohue v. Carranza, et. al.
      1:20-CV-5396 (GHW)(SDA)

Dear Judge Aaron,

    This firm represents the defendants, Stamford Board of Education and Dr. Tamu Lucero (collectively the "Stamford Defendants") in the above-referenced matter. Although the Stamford Defendants acknowledge that a request for a pre-hearing conference is not a requirement of your honor, pursuant to Section III of the Court's Individual Rules of Practice, we hereby request a pre-motion conference regarding a proposed motion to dismiss the Plaintiff-Relator's Second Amended Complaint (*ECF No. 19*)(the "Complaint"). The Stamford Defendants believe that a pre-motion conference with the Court will very likely reduce the issues in dispute or potentially eliminate the need for such motion.

    Based upon conversations with plaintiff's counsel, Rory Bellantoni, it is the undersigned's understanding that he consents to this request and agrees that the Defendants have a colorable basis for moving to dismiss this matter. The grounds for the Stamford Defendants' Motion to Dismiss will mirror many of the arguments already submitted to the Court via motions to dismiss or letters requesting pre-hearing conferences.

    First, the Stamford Defendants submit that the Complaint fails to state a claim upon which relief can be granted. The Plaintiff-Relator's Complaint ignores the fact that the False Claims Act, 31 U.S.C. §§ 3729-3733, does not subject a State or state agency to liability in *qui tam* actions. *Vermont Agency of Natural Resources v. U.S. ex. rel. Stevens*, 529 U.S. 765, 787-88 (2000). In accordance with Connecticut law, a local board of education acts as an agent of the state when it performs those duties

75 BROAD STREET
MILFORD, CT 06460
TELEPHONE (203) 783-1200
FACSIMILE (203) 878-2235

1221 POST ROAD EAST
WESTPORT, CT 06880
TELEPHONE (203) 227-9545
FACSIMILE (203) 225-1641

delegated to it by the state and "the furnishing of an education for the public is a state function and duty." *Board of Education v. New Haven*, 237 Conn. 169, 181; *Cheshire v. McKenney*, 182 Conn. 253, 257 (1980). Because the Plaintiff-Relator here is referencing the furnishing of an education via an IEP and related services, the Stamford Defendants must be considered the State for the purposes of the FCA. They must also be considered the State for the purposes of the Connecticut False Claims Act (*C.G.S. § 4-274, et. seq.*), which also applies only to "persons" and not the state.

Second, like the former defendants, Loudon County Public School District, and Scott A. Ziegler (the "Loudon Defendants"), the allegations against the Stamford Defendants fail to establish personal jurisdiction. The actions the Stamford Defendants are alleged to have engaged in too place within Connecticut. The Plaintiff-Relator alleges no contact, significant or otherwise with the State of New York. As has been previously recognized by this Court, an allegation that a defendant merely committed the same type of violation in the same way as some other defendant, is insufficient to justify joinder. Moreover, the Second Circuit has held that the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit. *J.T. v. DeBlasio*, 500 F. Supp. 3d 137, 175 (SDNY 2020). Accordingly, joinder of the Stamford Defendants in this case, and the Plaintiff-Relator's choice of venue in the Southern District of New York, is improper.

Third, while the first substantive sentence of the Complaint sounds in "fraudulent conduct", the Plaintiff-Relator fails to satisfy the requirements of Federal Rule of Civil Procedure Rule 9(b) by asserting his fraud claims with particularity. A claim of fraud must state "with particularity the circumstances constituting fraud." *F.R.C.P. 9(b)*. Here the Plaintiff-Relator, while claiming fraud, concedes that he was not "privy to the billing practices and requirements" at issue. *ECF No. 19 at ¶ 166*. For this reason, as well as others, he failed to meet the requirements of Rule 9(b).

Finally, the operative complaint fails to set forth any allegation which, if true, would support a finding that Stamford students suffered a substantive education deprivation as a result of remote instruction and services, such that they were denied FAPE. The plaintiff also does not factually contend that students in Stamford were denied educational services as compared to those set forth in their IEP following school closures during the COVID pandemic. In that regard, the Stamford Defendants are mindful of the decision in *J.T. v. DeBlasio*, supra., in which the District Court held that the U.S. Department of Education authorized school districts to provide related services remotely during school closures, did not require IEPs to be updated to reflect changes in the means of providing services, and instructed schools to conduct assessments, if needed, upon resumption of normal activities. *Id. at 150-152*.

For these reasons, the Stamford Defendants respectfully request a pre-motion conference with the Court. The undersigned has spoken with counsel for the Plaintiff-Relator and, if approved by the Court, he consents to a scheduling order whereby the Stamford Defendants submit their Motion to Dismiss on or before May 20, 2022, and the Plaintiff-Relator submits his opposition on June 13, 2022.

                              Very truly yours,
                              Berchem Moses PC

                              Ryan P. Driscoll

RPD:ls
cc:  All Counsel of Record

{01611292.DOCX Ver. 1}