

John A. Darminio
**direct dial** (914) 353-3861
**email** jdarminio@wshblaw.com
**refer to** 06142-1545

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
**tel** (914) 353-3850 • **fax** (914) 353-3851 • wshblaw.com

April 29, 2022

*Via ECF*
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

> **Re:**    ***United States of America and States of the United Sates, ex rel.***
> ***Donohue v. Richard Carranza, et al.*, 1:20-cv-5396 (GHW)**

Dear Judge Aaron:

This office represents Defendants Wake County Public School District and Cathy Quiroz-Moore (hereinafter referred to as "Wake Defendants"). Please accept this letter in lieu of a formal reply brief in further support of our motion to dismiss the Complaint.

Wake Defendants filed a motion to dismiss Plaintiff-Relator's claims based on lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted.

### A.    The Southern District of New York Is Not the Proper Venue.

31 U.S.C. § 3732(a), cited by Plaintiff-Relator in the Complaint, governs venue – not jurisdiction. *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 865 (2d Cir. 1997); *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer*, 976 F. Supp. 207, 210 (S.D.N.Y. 1997). While the False Claims Act ("FCA") provides that if one defendant can be "found" in a jurisdiction, venue is proper for all other defendants in the same action who are involved in the same false claims, *see* 31 U.S.C. § 3732, this does not mean that defendants accused of similar but unrelated conduct across the country may be sued in the same district. 31 U.S.C. § 3732(a) does not permit the joinder of multiple defendants involved in distinct and independent actions in a district where only one or two defendants are found.

As explained in our moving papers, the Complaint is wholly devoid of any factual allegations, which if proven true, would suggest that the moving Wake Defendants can be held jointly or severally liable for any allegedly false claim made by any other defendant. Plaintiff-Relator's claims against the moving Wake Defendants based on alleged violations of the FCA and North Carolina State law and their corresponding claims against the other defendants do not arise

out of the "same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20(a)(2) (joinder of multiple defendants).

Joinder is improper where, as here, "the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way." *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013). As such, even if this Court had the constitutional power to exercise personal jurisdiction over Wake County School District and its Superintendent, the Plaintiff-Relator's would not be entitled to joinder of their claims in the Southern District of New York.

Moreover, this Court has decided this issue to the contrary of Plaintiff-Relator's arguments posited in their opposition papers. As this Court previously articulated in its decision for Defendant Loudon County Public School District's motion to dismiss (Docket No. 86), in order for venue to be proper under 28 U.S.C. § 1391(b)(2), "a substantial part of the events . . . giving rise to the claim" against them must have occurred in this District. See 28 U.S.C. § 1391(b)(2).

Plaintiff-Relator has made no such showing here for Wake Defendants.

Furthermore, in the same decision, this Court acknowledged that though personal jurisdiction questions typically precede analysis of proper venue, "when there is sound justification for doing so…. A court may reverse the normal order of considering [both]." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).

It is clear that venue does not exist in this Court. Since this Court previously decided to transfer venue with respect to the claims against the Loudoun Defendants to the U.S. District Court for the Eastern District of Virginia where personal jurisdiction exists over the Loudoun Defendants, as it relates to Wake Defendants, it is "prudentially appropriate to address venue first since a decision to transfer . . . render[s] personal jurisdiction analysis with respect to [the Southern District] irrelevant." *Everlast World's Boxing*, 928 F. Supp. 2d at 741 (quoting *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2010).

## B.   This Court Need Not Make a Determination as to Personal Jurisdiction Over Defendants Outside of New York.

As this Court previously decided, disposing of a motion on venue grounds avoids the Court needing to determine whether, in assessing personal jurisdiction in a case brought under the federal FCA statute, the Court should consider defendants' contacts with the State of New York, *see Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 763 (S.D.N.Y. 2021) (in FCA case, evaluating defendant's contacts with forum state), or whether contacts with the forum state are not relevant. *See Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974) ("where, as here, the defendants reside within the territorial boundaries of the United States, the 'minimal contacts,' required to justify the federal government's exercise of power over them, are present" (citation & footnote omitted); *United States ex. rel. TZAC, Inc. v. Christian Aid*, No. 17-CV-04135 (PKC), 2021 WL 2354985, at *3 (S.D.N.Y. June 9, 2021) (citing *Mariash* in context of FCA case); *Fed. Trade Comm'n by James v. Quincy Bioscience Holding Co.*, 389 F. Supp. 211, 218 (S.D.N.Y. 2019) ("Because the FTC Act provides for nationwide service and nationwide personal

jurisdiction, the relevant inquiry is not whether the individual defendants have minimum contacts with the state of New York but rather whether they have minimum contacts with the United States.")

**C.    In the Alternative, Transferring This Matter to the Eastern District of North Carolina Would Not Serve the Interest of Justice.**

Lastly, because Plaintiff-Relator fails to state a claim upon which relief may be granted, should this Court choose not to transfer the claims brought against the moving Wake Defendants to the Eastern District of North Carolina, it instead should dismiss the claims in their entirety.

Here, Plaintiff-Relator's allegations fall far short of Rule 9(b)'s particularity standard, or even the *Iqbal/Twombly* standard, as they resort to simply reciting the elements required to state a claim under 31 U.S.C. § 3729(a)(1)(A),(B) and (G) without providing any factual allegations, which if proven true, could support a finding that Wake Defendants knowingly made a false claim or statement to the government. Because it is the submission of a false claim that gives rise to liability under the FCA, Rule 9(b) requires that the details of claims and their submission must be pleaded with particularity and may not "rest on 'speculation and conclusory allegations.'" *See U.S. ex rel. Gelbman v. City of New York,* 790 Fed.Appx. 244, 247-249 (2d Cir. 2019), *quoting U.S. ex rel. Chorches v. Am. Med. Response, Inc.,* 865 F.3d. 71, 86 (2d Cir. 2017).

Plaintiff-Relator does nothing more than recite the statutory language; they allege no supporting facts. Plaintiff-Relator concedes that "[t]he FAPE requirement is the crux of . . . [their] claims with regard to the IDEA Part B applications, as Wake Defendants assured the government that a FAPE was being offered to all students with disabilities in accordance with their IEPs." (*See* Plaintiff-Relator's opposition brief, p. 13) However, Plaintiff-Relator's Complaint fails to set forth any factual allegations, which if proven true, would suggest that by providing services remotely to minor student A.C., Wake Defendants denied said minor student a FAPE, and in turn, made false claims for Medicaid reimbursement. Nowhere does the Complaint describe a single IEP benefit that a single child residing within the District did not receive on account of remote instruction and services.

Because FAPE determinations must be made on a case-by-case basis, taking into account a child's academic performance, progress and any regression, the broad and conclusory allegations contained in the Complaint are simply insufficient to support Plaintiff-Relator's claim that the moving Wake Defendants knowingly submitted false claims for Medicaid reimbursement and/or IDEA funding to the federal government simply because they provided special education services remotely. *See Joseph F. o/b/o minor Endrew F. v. Douglas Cty. Sch. Dist.,* 580 U.S. ___, 137 S. Ct. 988, 994, 1001 (2017) (recognizing that appropriate progress will differ on a case by case basis).

The Complaint ignores guidance published by the relevant federal and state agencies that *authorized* school districts to provide related health services remotely during the pandemic – the very conduct the Complaint alleges is unlawful. Indeed, the District Court has already found that the U.S. Department of Education ("USDOE") authorized school districts to provide related services remotely during school closures, did not require IEPs to be updated to reflect such change

in modality, and instructed school districts to, if necessary, conduct assessments and provide any needed compensatory services upon resuming normal operations. *See J.T. v. de Blasio,* 500 F. Supp.3d 137, 150-152 (S.D.N.Y. 2020)[1]

       Finally, as to Plaintiff-Relator's conspiracy claim under 31 U.S.C. § 3729(a)(1)(C), the Complaint is entirely devoid of any allegations that the moving Defendants entered into an unlawful agreement. *See United States ex rel. Ladas v. Exelis, Inc.,* 824 F.3d 16, 27 (2d Cir. 2016) (affirming dismissal of FCA conspiracy cause of action where plaintiff's complaint "fail[ed] to identify a specific statement where [defendants] agreed to defraud the government"). As such, Plaintiff-Relator's claim fails to satisfy the Rule 9(b)'s particularity standard.

       For the foregoing reasons, as well as those articulated in their moving brief, the Court should dismiss with prejudice all claims against the Wake County Public School District and Cathy Quiroz Moore for lack of personal jurisdiction, improper venue, and failure to state a claim.

Respectfully submitted,

_____

John A. Darminio
WOOD, SMITH, HENNING
& BERMAN LLP
*Attorneys for Defendants*
*Wake County Public School*
*District and Cathy Quiroz-Moore*
5 Waller Avenue, Suite 200
White Plains, NY 10601
(914) 353-8161

Cc: all counsel of record, via ECF

---

[1] *See e.g.,* USDOE, *Supplemental Fact Sheet: Addressing the Risk of COVID-19 in Preschool, Elementary and Secondary Schools While Serving Children with Disabilities* (March 21, 2020), *available at:* https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/policyguidance/Supple%20Fact%20Sheet%203.21.20%20FINAL.pdf

**WOOD • SMITH • HENNING • BERMAN**