UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America and States of the United States,
Ex rel. Patrick Donohue,

        Plaintiffs,

– against –                    CASE NO.: 1:20-CV-5396 (GHW-SDA)

**RICHARD CARRANZA**, in his official capacity as
the former Chancellor of New York City Department of
Education,
**MEISHA PORTER**, in her official capacity as the current
Chancellor of the New York City Department of Education,
**NEW YORK CITY DEPARTMENT OF EDUCATION**,
**NIAGARA FALLS PUBLIC SCHOOL DISTRICT**,
**MARK LAURRIE**, in his official capacity as Superintendent,
**BUFFALO PUBLIC SCHOOL DISTRICT,**
**KRINER CASH**, in his official capacity as Superintendent,
**MASSACHUSETTS DEPARTMENT OF EDUCATION**,
**SOMERVILLE PUBLIC SCHOOL DISTRICT**,
**MARY SKIPPER**, in her official capacity as Superintendent,
**JEFFREY C. RILEY**, in his official capacity
as Superintendent,
**STAMFORD PUBLIC SCHOOL DISTRICT**,
**DR. TAMU LUCERO**, in her official capacity
as Superintendent,
**CHICAGO PUBLIC SCHOOL DISTRICT,**
**JOSE M. TORRES**, PhD, in his official capacity as
Superintendent,
**LOUDOUN COUNTY PUBLIC SCHOOL DISTRICT**,
**SCOTT A. ZIEGLER**, in his official capacity as
Superintendent,
**CAMDEN CITY PUBLIC SCHOOL DISTRICT**,
**KATRINA McCOMBS**, in her official capacity as
Superintendent,
**LOS ANGELES UNIFIED SCHOOL DISTRICT**,
**AUSTIN BEUTNER**, in his official capacity as
Superintendent,
**SAN DIEGO UNIFIED SCHOOL DISTRICT**,
**DR. LAMONT A. JACKSON**, in his official capacity as
Superintendent, and
**CINDY MARTEN**, in her official capacity as former

i

Superintendent,
**WAKE COUNTY PUBLIC SCHOOL DISTRICT**,
**CATHY QUIROZ MOORE**, in her official capacity as Superintendent,
**AUSTIN INDEPENDENT PUBLIC SCHOOL DISTRICT**,
**STEPHANIE S. ELIZALDE**, in her official capacity as Superintendent,

        Defendants.

**SOMERVILLE PUBLIC SCHOOL DISTRICT AND MARY SKIPPER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. Preliminary Statement …………………………………………………………………..……1

II. Introduction/Factual Background …………………………………………………...……1

    A. Somerville Defendants……………………………………………………………….2

    B. Service of Process ……………………………………..…………………………….2

III. Argument……………………………………………………………………………….3

    A. Standard of Review ………………………………………………………………….3

    B. Somerville Was Not Properly Served as Required by the Federal Rules…………..4

    C. Plaintiff Lacks Personal Jurisdiction Over Somerville……………………………5

    D. Plaintiff's Failure to State a Claim for Violating the Federal False Claims Act or Massachusetts False Claims Act ……………………………………………………….6

IV. REQUEST FOR RELIEF ………………………………………………………………..10

## Table of Authorities

**Cases:**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)……………………………………………………3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007)……………………………………..3

Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008)…………………………………4

Gregory v. Houston Indep. Sch. Dist., No. CV H-14-2768, 2016 WL 5661701, (S.D. Tex. 2016)……………………………………………………………………………………………7

J.T. v. de Blasio, 500 F.Supp 3d 137 (S.D.N.Y. 2020)…………………………………...5, 6

Massachusetts ex. rel. Powell v. Holmes, 546 F. Supp. 3d 58 (D. Mass. 2021)…………………..8

Rivera–Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)……………………4

Roe v. Baker et al, Civil Action No. 1-21-CV-11751-RGS, ECF Document 26-2……………….2

Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224 (2d Cir. 2014)……………..5

Taite v. Bridgewater State Univ., 236 F. Supp. 3d 466, 472 (D. Mass. 2017)……………………4

U.S. ex rel. Driscoll v. Serono Inc., 2008 WL 728939 (D. Mass. 2008)…………………………7

U.S. ex. Rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (2009)………………………………7

United States ex rel. Karvelas v. Melrose–Wakefield Hospital, 360 F.3d 220 (1st Cir.2004)……7

U.S. ex rel. Russell v. Epic Healthcare Management Group, 193 F.3d 304, 308 (5th Cir. 1999)...4

United States v. President & Fellows of Harvard Coll., 323 F.Supp.2d 151, 178-94 (D. Mass. 2004)……………………………………………………………………………………………9

**Statutes:**

28 U.S.C §1391(b)(2)……………………………………………………………………………..6

M.G.L. c.12, §5A…………………………………………………………………………………8

M.G.L. c.12, §5B…………………………………………………………………………………9

**Rules:**

Fed. R. Civ P. Rules 12(b)……………………………………………………….1, 3, 4, 5, 6, 8, 10

Federal Rule of Civil Procedure 9(b)……………………………………………………...3, 4, 7

Fed. R. Civ. P. 4(e)………………………………………………………………………………..4

I. **Preliminary Statement**

This is a *qui tam* action filed by Patrick Donohoe Esq. on behalf of the United States of America and several individual states, against numerous school districts both in New York State and out of New York alleging false claims related to billing practices during the period of remote learning as a result of COVID-19.

The Plaintiff alleges that Somerville Public Schools and Superintendent Mary Skipper violated the Federal False Claims Act and corresponding Massachusetts False Claims Act. The Plaintiff alleges in paragraph 142-159 in rambling fashion that the Somerville engaged in fraudulent conduct by "knowingly presented or caused to be presented, false or fraudulent claims for payment or approval" and "conspired to commit the above act." The Plaintiff alleges that Somerville (as well as the other out of state Defendants), committed Medicare fraud for billing for services without adjusting the IEP to explicitly say services were being provided remotely. As discussed below, the Plaintiff has failed to establish a prima facie case and has not stated a cognizable claim under either state or federal law.

II. **Introduction/Factual Background**

The Defendants Somerville Public School District (the "District" or "Somerville Public Schools" and its Superintendent Mary Skipper (the "Superintendent") (collectively, the "Somerville"), hereby file this memorandum in support of their motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a viable claim in accordance with Fed. R. Civ P. Rules 12(b)(2), 12(b)(5) and 12(b)(6). In the interest of judicial efficiency, the Defendants address in detail herein the issues of lack of personal jurisdiction, insufficient services of process and claims under the Massachusetts False Claims Act. The Defendants rely on the pleadings of co-counsel concerning the claims raised by the Plaintiff

under the Federal False Claims Act.  See Chicago Public School District, San Diego School District and Los Angeles Public Schools Motions to Dismiss, ECF 106, 150.

For any or all of these reasons, the Defendants motion to dismiss should be allowed with prejudice.

    A.    <u>Somerville Defendants</u>

The Somerville Public Schools is located in Somerville, Massachusetts with a principal place of business at 8 Bonair Street, Somerville, MA 02145.  Mary Skipper is the Superintendent of the Somerville Public Schools.

PM is a minor student enrolled in the District as of October 2020 who returned to in person learning in mid-March 2021.  During this period, the student was offered a remote learning plan but did not utilize the services offered, including but not limited to speech and language. The Plaintiff's legal counsel, Rory Bellantoni who also represents PM and his mother in related litigation filed in the US District Court for the District of Massachusetts, has made material misrepresentations concerning the services provided to PM during remote learning.  See <u>Roe v. Baker et al,</u> Civil Action No. 1-21-CV-11751-RGS, ECF Document 26-2, Affidavit of Christine Trevisone, Somerville Director of Special Education.  Somerville complied with all local state mandates issued by the Massachusetts Department of Elementary and Secondary Education in providing educational services to PM.  Moreover, Somerville **did not bill Medicare for any services** for PM during the period of school closure.

    B.    <u>Service of Process</u>

On January 4, 2022, this Honorable Court ordered the Plaintiff to complete service of process "on all remaining Defendants, including those Defendants who have failed to return executed waivers of service…by January 31, 2022."  On January 28, 2022, this Court approved

the Plaintiff's request (ECF No. 78) to extend the time to serve the Massachusetts Defendants to February 28, 2022 because according to Plaintiff's counsel "under the law of the Commonwealth only a local Sheriff/constable/Marshall can serve the Defendants named herein" and "service should be completed between February 11 and 18th."

Based on the review of the court docket, the Plaintiffs did not complete sufficient service of process by either by the Sheriff's Office or constable, nor was service completed in a timely manner.[1] On or about March 8, 2022, more than one week after the court deadline, the Superintendent's office received a box containing over one thousand pages of pleadings naming Somerville as defendants in the above captioned matter and in a lawsuit filed against the Somerville Parties and two other defendants in federal District Court in Massachusetts. Upon information and belief, the person delivering the box did not identify themselves when it was left with the receptionist in the Superintendent's office, nor did anyone sign for receipt of the box.

III.  **Argument**

    A.  **Standard of Review**

In ruling on a Rule 12(b)(6) motion, the Supreme Court has stated to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "…state a claim to relief that is plausible on its face". . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). When a Plaintiff alleges fraud, those allegations must meet the higher pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent,

---

[1] In contrast, the Plaintiff submitted Affidavit of Service of Summons and Amended Complaint on numerous other out of state Defendants. See ECF Nos. 114-116.

3

knowledge, and other conditions of a person's mind may be alleged generally." Every court that has considered the issue has held that the Rule 9(b) pleading requirements apply in FCA actions. See U.S. ex rel. Russell v. Epic Healthcare Management Group, 193 F.3d 304, 308 (5th Cir. 1999).

### B. Somerville Was Not Properly Served as Required by the Federal Rules.

The purpose of Fed. Rule of Ci. Pro., Rule 12(b)(5) allows for:

> challeng[ing] the mode of the delivery of the process, or the lack of delivery of the summons and the complaint. See 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed. 2016). In that regard, a return of service generally serves as prima facie evidence that service was validly performed. Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). The defendant has the initial burden of showing service was improper and must be specific in identifying the specific manner in which the plaintiff has failed to satisfy the service provision utilized. See 2 Moore's Federal Practice § 12.33[1] (3d ed.2013). Once challenged, the burden shifts to the plaintiff to prove proper service. See Rivera–Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Taite v. Bridgewater State Univ., 236 F. Supp. 3d 466, 472 (D. Mass. 2017).

Fed. R. Civ. P. 4(e) states that service may be made by: 1) delivering a copy of the summons and complaint to the individual personally; 2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who abides there; or 3) delivering a copy of each to an agent authorized by appointment or law to receive service of process.

In the instant case, even after the Plaintiff sought an extension of time to complete service, there is no return of summons or other evidence of proper service on the Somerville including without limitation from any sheriff or constable as the Plaintiff suggested it would do in its request to the Court. Furthermore, the Superintendent has not authorized any agent to accept service on her behalf in this matter. The Somerville Parties did not receive any documents from any person purporting to be completing service on behalf of the Plaintiff until

4

March 8, 2022, well after the extended deadline set by the Court for service of February 28, 2022.  The Plaintiff has not met the burden of establishing proper service.  For any or all of these reasons, the complaint against Somerville should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service.

   C. **<u>Plaintiff Lacks Personal Jurisdiction over Somerville.</u>**

This Court lacks personal jurisdiction over Somerville because there are no contacts within the State of New York. There are no allegations within the pleadings submitted by the Plaintiff of any minimum contacts between the Somerville, and the State of New York that would support either this Court asserted either general or specific jurisdiction over Somerville.

In the interest of judicial economy, the Somerville incorporates by reference the arguments concerning the lack of personal jurisdiction made by the other out of state defendants in their motions filed today in the above captioned matter. See <u>San Diego Unified School District Memorandum of Law in Support of Motion to Dismiss</u>, <u>Buffalo School District Memo of Law in Support of Motion to Dismiss</u>, <u>New York City Department of Education et. al, Board of Education of City of Chicago et. al. and Los Angeles Unified School District et al.</u>.

In analyzing whether a Defendant is subject to New York jurisdiction, this Court in <u>J.T. v. de Blasio</u>, 500 F.Supp 3d 137 (S.D.N.Y. 2020) stated in relevant part:

> Courts previously held that C.P.L.R. § 301 "confers jurisdiction where a company has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its 'presence' in New York is warranted." <u>Sonera Holding B.V. v. Cukurova Holding A.S.</u>, 750 F.3d 221, 224 (2d Cir. 2014) (internal quotations and citations omitted). [¶] However, as the United States Supreme Court has recently made clear, an assertion of general jurisdiction requires that a defendant "corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (internal quotations and citations omitted).

The Plaintiffs pursuit of litigation against out of state defendants in the instant case ignores this Court's holding in related litigation that out of state defendants were not subject to general or specific jurisdiction. See <u>J.T. v. de Blasio et al.</u>, 500 F.Supp.3d 137, 167 (2020).  As stated by Defendant Wake County Public School District ("Wake County") its memorandum of law, "…the New York Long Arm statute likewise does not extend to out of state Defendants in the absence of any allegations of transacting any business in New York and/or that the cause of action arises out of the subject matter of the transacted business." See ECF No. 106-1, pgs. 13-16.[2]

There is no showing that a substantial part of the events giving rise to the claim occurred in the relevant judicial district. See 28 U.S.C §1391(b)(2).  There are no facts alleged in the complaint to establish jurisdiction over Somerville. See Complaint ¶¶68-72   For any or all of these reasons, the Plaintiff has failed to establish personal jurisdiction and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2).[3]

### D. **Plaintiff's Failure to State a Claim for Violating the Federal False Claims Act or Massachusetts False Claims Act.**

The Plaintiff has failed to state a viable claim under the Federal False Claims Act. I am incorporating by reference the arguments raised by other Defendants in their briefs filed today as

---

[2] Moreover, this Court previously decided with respect to the Loudoun, Virgina defendants (ECF No. 86) that since all events giving rise to Plaintiff's claims occurred outside of the Southern District of New York, venue is inappropriate in New York. See J.T. 500 F. Supp. 3d at 173 ("There is no way that any , let alone a substantial part, of the events leading to the out of state Plaintiff's claims of failure to provide a FAPE or to maintain a pendency took place in the Southern District of New York.")

[3] Likewise, Somerville defers to the arguments raised by other Defendants that venue is improper in the State of New York and that this claim should not be transferred to Massachusetts.  As the court did in de Blasio, they should not transfer the matter and rule on the merits, to the extent it exercises any jurisdiction over of state Defendants.

referenced above, as well as those by Defendants Buffalo Public School District ("Buffalo") and Wake County in their briefs previously filed on March 3, 2022 and May 17, 2022.  ECF No. 106 pgs. 12-20, ECF No. 150, pgs. 12-20.

Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting the fraud or mistake. Fed.R.Civ.P. 9(b). This standard requires that the complaint include details which identify a particular false claim including "the time, place, and content of an alleged false representation." U.S. ex. Rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (2009) (internal quotations omitted); see United States ex rel. Karvelas v. Melrose–Wakefield Hospital, 360 F.3d 220 (1st Cir.2004).

Courts in other jurisdictions have dismissed specious claims alleging a violation of the FCA. See Gregory v. Houston Indep. Sch. Dist., No. CV H-14-2768, 2016 WL 5661701, at *5 (S.D. Tex. Sept. 30, 2016) (dismissing claim under Federal False Claims Act for failure to adequately address the "how, what, when, or who of the alleged fraudulent scheme with at least enough details to allow an inference that fraud occurred" with respect to the allegation of billing for unnecessary services for special education students), U.S. ex rel. Driscoll v. Serono Inc., 2008 WL 728939 (D. Mass. 2008) (dismissing FCA claim for failure to demonstrate a fraudulent scheme and did not provide any examples of particular false claims).

The Plaintiff has failed to plead with any specificity the circumstances allegedly constituting fraud by the Somerville Public Schools.  As noted in Buffalo's motion to dismiss, the Plaintiff's complaint "does nothing more than repeat language used in the statute itself." ECF No. 150, pgs. 1   The Plaintiff alleges Somerville "billed Medicaid for said services, even though they were not offered to student with disabilities as designed and described in their IEP's."  Complaint ¶153  The Plaintiff does not allege a single fact in support of this claim,

7

including but not limited to identifying any specific dates or the services that were allegedly billed for, but not provided.

For any or all of these reasons, the Plaintiff has failed to meet their burden of stating a claim under the Federal False Claim Act and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

        *ii.*    *State Law Claim*

This Court should likewise dismiss the corollary state law claim, over which this Court does not have supplementary jurisdiction. However, even assuming this Court addresses this state law claim, the Plaintiff has failed to state a viable claim.[4]

It is well established under Massachusetts law that a school district is not a "person" as defined by the MFCA. Massachusetts ex. rel. Powell v. Holmes, 546 F. Supp. 3d 58 (D. Mass. 2021). The statute defines person as "a natural person, corporation, partnership, association, trust or other business or legal entity." M.G.L. c.12, §5A. A political division is defined as "a city, town, county or other governmental entity authorized or created by law, including public corporations and authorities". The United States District Court for the District of Massachusetts confirmed in a recent case that the term "person" as used in the MFCA does not "include political subdivisions" and, hence, neither municipalities nor their officials acting in their official capacity may be found liable under the MFCA. Powell, 546 F. Supp. 3d at 76-77. As a result, the District Court dismissed all MFCA claims against municipalities and their officials in that case. Id. Likewise the claims against both the District and the Superintendent under the MFCA should be dismissed.

---

[4] Moreover, to the extent the Plaintiff's claim for fraudulent billing practices is actually a claim for an alleged denial of services during remote learning, the Plaintiff has failed to exhaust administrative remedies through the Massachusetts Bureau of Special Education Appeals. The Plaintiff recently voluntarily withdrew his claim from BSEA.

However, even if this claim were to survive against the either of the Somerville Parties, the Plaintiff has failed to establish a viable claim under M.G.L. c.12, §5B.[5] This statute states in relevant part:

> Any person who: (1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (2) knowingly makes, uses or causes to be made or used a false record or statement material to a false or fraudulent claim; (3) conspires to commit a violation of this subsection; …

The Plaintiff has failed to specify which provision(s) of the MFCA they are ostensibly alleging Somerville violated. Assuming arguendo that they are alleging a violation of Section 1, the Plaintiff has the burden of proving all of the following elements: i) The Defendants caused to be presented to the Commonwealth a claim for payment; ii) The claim was false or fraudulent; iii) the Defendants knew that the claim was false or fraudulent; and iv) The false aspect of the claim was material. See United States v. President & Fellows of Harvard Coll., 323 F.Supp.2d 151, 178-94 (D. Mass. 2004).

The Plaintiff fails to provide any specific evidence of <u>claims submitted to the Commonwealth for payment</u> so cannot meet a critical element of a establishing a false claim, when there is no claim in fact. There is no evidence of any false or fraudulent claim or that the Defendants knew the claim was false or fraudulent. Moreover, Plaintiff fails to provide any evidence that the provisions of services remotely due to school closure, denied any student a free and appropriate public education.

Somerville acted in accordance with state and federal guidance in providing services remotely. Furthermore, both the U.S. Department of Education and Massachusetts Department of Elementary and Secondary Education authorized school districts to provide related services

---

[5] The Plaintiff alleges a violation of M.G.L. c.12, §5(B), a statute which does not exist. The Somerville Parties assume Plaintiffs were referring to M.G.L. c.12, §5B.

9

remotely during school closures for special education students .[6] See ECF No. 126.[7] The federal guidance explicitly stated, "ensuring compliance with the Individuals with Disabilities Education Act (IDEA), † Section 504 of the Rehabilitation Act (Section 504), and Title II of the Americans with Disabilities Act should not prevent any school from offering educational programs through distance instruction." Likewise, the MA State Guidance stated in part,

> Schools may not be able to provide all services in the manner they are typically provided pursuant to students' IEP's. The provision of FAPE may include, as appropriate, special education and related services provided remotely through resources and supports (such as strategies, projects and packets provided to students matched with regular and ongoing) communication from special education team members) and services and instruction (such as virtual, online, or telephonic instruction).[8]

In summary, there is no evidence proffered by the Plaintiff that the services were not provided.

For any or all of these reasons, the Plaintiff has failed to meet their burden of stating a claim against Somerville and all such claims under the MA False Claims Act should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.   REQUEST FOR RELIEF

For any or all of the reasons stated above, all claims against the Defendants Somerville Public School District and Mary Skipper should be dismissed with prejudice.

Respectfully submitted,

---

[6] Likewise, various Massachusetts Medicaid allowed for services to be provided via telehealth.
https://www.mass.gov/doc/all-provider-bulletin-314-updated-masshealth-telehealth-policy-0/download

[7] See USDOE, *Supplemental Fact Sheet, Addressing the Risk of COVID-19 in Preschool, Elementary and Secondary Schools while serving children with Disabilities* (March 21, 2020)
https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/policyguidance/Supple%20Fact%20Sheet%203.21.20%20FINAL.pdf

[8] Massachusetts Department of Elementary and Secondary Education, COVID-19, Frequently Asked Questions for Schools and Districts Regarding Special Education (Revised March 26, 2020),
https://static1.squarespace.com/static/5d1cd93071be2d0001425ed6/t/5e822ba6d1c3e6382cd06215/1585589158314/DESE%2BRevised%2BFAQ%2Bspecial%2Bed%2B3-26-20.pdf

SOMERVILLE PUBLIC SCHOOL DISTRICT
AND MARY SKIPPER, IN HER OFFICIAL
CAPACITY AS SUPERINTENDENT

By their attorneys,

*/s/Joshua R. Coleman*
Joshua R. Coleman (BBO #661105)
jcoleman@mlmlawfirm.com
Murphy, Lamere & Murphy, P.C.
50 Braintree Hill Office Park, Suite 202
Braintree, MA 02184-8807
(781) 848-1850

June 30, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document, filed through the Electronic Case Filing System, will be served electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies shall be served upon those indicated as non-registered participants on June 30, 2022.

                                          /s/*Joshua R. Coleman*
                                          Joshua R. Coleman