# EXHIBIT M
## TO THE DECLARATION OF JOSEPH V. WILLEY

ILL. DEP'T HEALTHCARE FAMILY SERVS., FAQS FOR ILLINOIS MEDICAID VIRTUAL HEALTHCARE EXPANSION/TELEHEALTH EMERGENCY RULES (May 19, 2020)

Updated 5/19/2020

**FAQs for Illinois Medicaid Virtual Healthcare Expansion/Telehealth Emergency Rules**

**Why is this emergency rule change being implemented?**

Telehealth has become increasingly important in the face of COVID-19 and expanding access to it is critical to face this ever-expanding crisis. By expanding access to telehealth, we can both allow people who are self-isolating to continue medical services from their homes and free up space in hospitals and other health facilities for COVID-19 patients who require in-person care.  Expanding access to telehealth will also allow our residents to continue to receive regular services, such as wellness checks, therapy appointments, and more, while social distancing orders are in place.

**What does this emergency rule do?**

Under the emergency rules, HFS will reimburse medically necessary and clinically appropriate telehealth and virtual care services with dates of service on or after March 9, 2020 until the public health emergency no longer exists. The rules also require providers to be paid the same rate for telehealth services as services delivered by traditional in-person methods. Finally, the emergency rules expand the modes of communication that can be used for telehealth services to include audio-only telephone communication.

**What is the new definition of "originating site" under the emergency rule?**

Originating sites are the locations where the patient receives the telehealth service. Under the emergency rules, Medicaid members can receive services in a wider range of facilities, including in their place of residence or other temporary location within or outside the state of Illinois.  A physician or other licensed health care professional is not required to be present at all times with the patient during the provision of services at the originating site.

**What originating sites qualify for facility fees?**

An originating site will be eligible for a facility fee when it is a certified eligible facility or provider organization that acts as the location of the patient at the time a telehealth service is rendered. Allowable originating sites are those previously allowed (prior to the emergency telehealth changes) per the [Practitioner Handbook](), as well as those allowed during the COVID-19 public health emergency including, but not limited to: substance use treatment programs licensed by the Department of Human Services' Division Substance Use Prevention and Recovery (SUPR), Supportive Living Program providers, Hospice providers, Community Integrated Living Arrangement (CILA) providers, and providers who receive reimbursement for a patient's room and board.  ***Please Note:*** if the participant is not receiving a telehealth service at a certified eligible facility (e.g. participant is in their own home) there is no billable originating site service.

**What providers are included as "distant sites" under the new rules?**

A distant site refers to the location of the healthcare practitioner providing the telehealth services. The enrolled practitioner providing services within the scope of their license or applicable certification may do so without any geographic or facility restrictions for the services delivered via telehealth.  The expansion of distant health providers now includes:

> A) a licensed physician, licensed physician assistant, licensed podiatrist or licensed advanced practice nurse (licensure may be in any state);
> B) a federally qualified health center as defined in Section 1905(l)(2)(B) of the federal Social Security Act;
> C) a Rural Health Clinic or Encounter Rate Clinic;
> D) a Licensed Clinical Psychologist (LCP);
> E) a Licensed Clinical Social Worker (LCSW);
> F) an Advanced Practice Registered Nurse certified in psychiatric and mental health nursing,
> G) a Local Education Agency
> H) a School Based Health Center as defined in 77 IL Adm. Code, 641.10.
> I) a Physical, Speech, or Occupational therapist
> J) a Dentist
> K) a Local Health Department
> L) a community health agency
> M) a Community Mental Health Center or Behavioral Health Center
> N) a Hospital

**How are behavioral health services affected?**

Behavioral health services have been expanded under the rules change. More behavioral health services are available via telehealth, except for Mobile Crisis Response and Crisis Stabilization as defined in 89 IL Adm. Code 140.453(d)(3). These services can be provided using audio-only real-time telephone interactions or video interaction in accordance with the new emergency rules.

**What new modes of communication are covered under the emergency rules?**

The type of technology used for telehealth has been expanded and includes a communication system where information exchanged between the physician or other qualified health care practitioner and the patient during the course of the telehealth service is of an amount and nature that would be sufficient to meet the key components and requirements of the same service when rendered via face-to-face interaction. This includes but is not limited to phones and tablets.

**What documentation is required under the emergency rules?**

The distant site provider and originating site provider eligible for a facility fee must maintain adequate documentation of the telehealth services provided in accordance with the record requirements of the Department.

**What about virtual check-ins and e-visits?**

Medicaid members may receive services via virtual check-ins rendered by a local health department, physician, advance practice nurse (APN), or physician assistant (PA) – including physicians, APNs, and PAs working in Federally Qualified Health Centers (FQHCs), Rural Health Clinics (RHCs), Encounter Rate Clinics (ERCs), or School-Based Health Centers (SBHCs) - who can report evaluation and management (E/M) services to a new or established patient, not originating from a related E/M service provided to the patient within the previous 7 days nor leading to an E/M service or procedure within the next 24-

Updated 5/19/2020

hours or soonest available appointment.  The covered procedure codes for virtual check-ins include G2010 and G2012.

Furthermore, patients may initiate services by E-visits/online portals by these same provider types, which are non-face-to-face communications using online patient portals.  The communication can occur over a 7-day period.  The covered procedure codes for E-visits/online portal services include:  99421, 99422, 99423, G2061, G2062, G2063.

*Please Note*:  virtual check-in and E-visit codes must be billed with Place of Service (POS) 02 and modifier GT.

**Is Face Time allowed?**

Yes.  This falls under the language in the 03/20/2020 provider notice that states: "…uses audio-only real-time telephone interactions or synchronous, two-way audio interactions that are enhanced with video…transmission".

**Can a provider eligible to bill evaluation and management services be reimbursed for an E/M code when the service is provided by phone?**

Yes.  Evaluation and management services rendered to new or existing patients using audio only telephonic equipment may be billed as a distant site telehealth service so long as the E/M service is of an amount and nature that would be sufficient to meet the key components of a face-to-face encounter.  In this scenario, the claim must be submitted with POS 02 and modifier GT appended to the procedure code.
If an audio only telephonic interaction cannot meet key components of a face-to-face encounter, the provider may instead seek reimbursement for virtual check-in services using CPT code G2012, which also requires POS 02 and modifier GT.

**What are the dental telehealth codes?**

For teledentistry, dental providers should bill HCPCS codes D9995 or D9996 - along with D0140 - in accordance with the HCPCS code definitions.  *Note: these services must be billed with POS 02 and modifier GT.*

**How long will it be before the new virtual healthcare/telehealth codes appear on the Fee Schedule?**

Please refer to the COVID-19 fee schedule posted to the Department's Coronavirus (COVID-19) Updates webpage.

**Should procedure codes from the appropriate Fee Schedule be used for Behavioral Health?**

Yes.  Providers should adhere to the list of covered services on their applicable fee schedule to report distant site telehealth services.

Updated 5/19/2020

**What codes should Licensed Clinical Psychologists (LCPs) and Licensed Clinical Social Workers (LCSWs) bill for telehealth services during this time?**

Independent LCPs and LCSWs may render and bill only for the services either listed as Group A services on the [Fee Schedule for Providers of Community-Based Behavioral Services](#) or the [LCP/LCSW fee schedule](#).  During the COVID-19 public health emergency LCPs and LCSWs will be considered allowable distant site providers, with the service rendered by phone and to a patient in their home or place of residence.  Claims should be billed with POS 02 and modifier GT.

**How does a Federally Qualified Health Clinic (FQHC), Rural Health Clinic (RHC), Encounter Rate Clinic (ERC) bill for a medical/dental/behavioral health encounters as a distant site service?**

Medical/dental/behavioral health encounters with new or existing patients using audio only telephonic equipment will be reimbursed at the medical/dental/behavioral health encounter rate so long as the encounter is of an amount and nature that would be sufficient to meet the key components of a face-to-face encounter.  For medical and behavioral health encounters, the claim must be billed with POS 02 and include the GT modifier on *all service lines*, including the T1015 encounter service line as well as all detail code service lines.  In order for behavioral health encounters to price correctly, the behavioral health modifier (AJ, AH, or HO) must be the *first modifier* appended to the encounter "T" code.

If an audio only telephonic interaction cannot meet key components of a face-to-face medical encounter, the clinic may instead seek reimbursement for virtual check-in services rendered by Physicians, Advance Practice Nurses, and Physician Assistants using HCPCS code G2012, POS 02 and modifier GT.  In this case, the claim should be billed fee-for-service and *not* with the T1015 encounter code.  Reimbursement for virtual check-ins will be at the lesser of the provider charge amount or the State Max amount established on the Department's [COVID-19 fee schedule](#).

**Will the Department reimburse for services rendered by any licensed healthcare professional/entity during the public health emergency? Must the provider be enrolled?**

CMS approved the Department's 1135 Waiver request to reimburse other non-enrolled licensed/certified providers (i.e. providers with an out of state license/certification) that meet certain criteria during the public health emergency. During this public health emergency, the Department will reimburse for medically necessary covered services provided by a non-enrolled licensed/certified provider operating within their scope of practice so long as that provider meets the 1135 Waiver criteria, which requires the provider to be enrolled with another State Medical Assistance program or the Medicare program.