UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

United States of America and States of the United States,
ex rel. Patrick Donohue,

                              Plaintiffs,

    -against-                                            1:20–CV–5396 (GHW)

RICHARD CARRANZA, in his official capacity, as
the former Chancellor of the New York City Department of
Education, *et al.*,

                              Defendants.
---------------------------------------------------------------------------x


**PLAINTIFF-RELATOR'S OPPOSITION TO DEFENDANTS
WAKE COUNTY PUBLIC SCHOOL DISTRICT AND CATHY QUIROZ MOORE;
BOARD OF EDUCATION OF THE CITY OF CHICAGO AND JOSE M. TORRES, PH.D.;
SOMERVILLE PUBLIC SCHOOL DISTRICT AND MARY SKIPPER; AND STAMFORD
BOARD OF EDUCATION AND DR. TAMU LUCERO'S
MOTION TO DISMISS**


                                               Respectfully submitted
                                               Brain Injury Rights Group
                                               Attorneys for Plaintiffs

                                               By:
                                               Ashleigh C. Rousseau, Esq. [5801923]
                                               Rory J. Bellantoni, Esq. [RB 2901]
                                               300 East 95th Street, Suite 130
                                               New York, NY 10128
                                               (646) 850-5035
                                               Ashleigh@pabilaw.org
                                               Rory@pabilaw.org

Plaintiff Relator Donohue respectfully submits the foregoing in opposition to Defendants Wake County Public School District and Cathy Quiroz Moore (the "Wake Co. Defendants"); Board of Education of the City of Chicago and Jose M. Torres, Ph.D. (the "Chicago Defendants"); Somerville Public School District and Mary Skipper (the "Somerville Defendants"); and Stamford Board of Education and Dr. Tamu Lucero's (the "Stamford Defendants") Motions to Dismiss. The claims within the Complaint are predicated on the submission of false Medicaid claims. Under the Individuals with Disabilities Act ("IDEA", 20 U.S.C.S. §1400, *et seq.*), School Districts are entitled to submit claims to Medicaid for those students with disabilities who require a "medical" component to their education (*i.e.,* nurses, behavioral paraprofessionals, Physical Therapy, Occupational Therapy, Vision Therapy, Hearing Therapy, Speech-Language Therapy, etc.)(hereinafter referred to as "related services," collectively).[1] These services can be billed on a "Fee-for-Service" basis, a School-Based Administrative Claiming (SBAC) quarterly basis, or a Cost-Reconciliation (or Cost-Settlement) basis. In order to be compensated, a claim must be submitted that the service was rendered in accordance with the subject student's IEP. 42 U.S.C. §1396(b)(c), Section 1903(c) (which allows Medicaid to pay for coverable Medicaid services for children ***that are included in an IEP or Individualized Family Service Plan (IFSP) under the IDEA***.)[2] (emphasis added).

On December 27, 2021, Defendants Loudoun County Public School District and Scott A. Ziegler (the "Loudoun Defendants") filed a Motion to Dismiss. (ECF No. 68). On February 14, 2022, this Court entered an Order denying the Motion to Dismiss. (ECF No. 86). This Court held:

> The Second Circuit has held that consideration of personal jurisdiction and venue should precede consideration of whether a complaint adequately states a claim for

---

[1] *See* https://www.macpac.gov/wp-content/uploads/2018/04/Medicaid-in-Schools.pdf
[2] Medicaid Billing Guidelines can be found here: https://www.cms.gov/research-statistics-data-and-systems/computer-data-and-systems/medicaidbudgetexpendsystem/downloads/schoolhealthsvcs.pdf

> relief. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (noting that "[a] dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice").

*Id.* at 3. This Court held further "that prudential considerations favor evaluating the issue of venue first," finding that it was clear that venue was not proper in this Court, and noting that it had decided to transfer the claims against the Loudoun Defendants to the Eastern District of Virginia. *Id.*

Indeed, it is common for courts to find a sound prudential justification for considering issues of venue before considering issues of personal jurisdiction.[3] *LS Parry, Inc. v. Tepeyac, LLC*, No. 18-CV-11808 (NSR), 2020 WL 5026589, at *3 (S.D.N.Y. Aug. 25, 2020), citing *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *2 (S.D.N.Y. Feb. 16, 2018) (quoting *Leroy*, 443 U.S. at 180); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 455 (S.D.N.Y. 2013) (noting that a court may resolve the threshold question of venue before addressing jurisdiction), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015); *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010); *Cavit Cantina Viticoltori Consorzio Cantine Sociali Del Trentino Societa' Cooperativa v. Browman Fam. Vineyards, Inc.*, 656 F. Supp. 2d 421 (S.D.N.Y. 2009); *Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108 (D.D.C. 2008).

In its February 14 Order, this Court found that "Plaintiff has failed to allege that the Loudoun Defendants can be held jointly or severally liable for any purportedly false claim made by Porter and the NYCDOE, and thus the Loudoun Defendants were improperly joined as Defendants with

---

[3] The Supreme Court has suggested that because personal jurisdiction is not fundamentally preliminary in the same way that subject-matter jurisdiction is, a court may consider venue first, before it considers the issue of personal jurisdiction when there are sound reasons for doing so. *Marble Technics, Ltd. v. Tecnomarmi, Inc.*, No. 90 CIV. 4203 (KMW), 1991 WL 79329, at *1 (S.D.N.Y. May 9, 1991); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962); *Leroy v. Great W. United Corp.*, 443 U.S. 173, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.342[5.–2–2] at 4157.

2

Porter and the NYCDOE." (ECF No. 86). at 7. The Court thus severed the claims against the Loudoun Defendants and found that once severed, venue was inappropriate in this Court since "Loudoun Defendants are located in the Eastern District of Virginia, and that is where the events giving rise to the claims against them occurred." *Id.* at 8-9.

While Plaintiff Relator argued against these findings (*see* Memorandum in Opposition to Motion to Dismiss, ECF No. 74), this Court's February 14, 2022, ruling is now the law of the case. As most commonly defined, the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), citing *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983), *decision supplemented,* 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984) (dictum). The doctrine of the law of the case promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues. *Christianson*, 486 U.S. at 815–16. *See also*, 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984) (hereinafter Moore's).

The other out-of-state Defendants that have filed motions to dismiss, namely, Wake County Public School District and Cathy Quiroz Moore (the "Wake Co. Defendants"); Board of Education of the City of Chicago and Jose M. Torres, Ph.D. (the "Chicago Defendants"); Somerville Public School District and Mary Skipper (the "Somerville Defendants"); and Stamford Board of Education and Dr. Tamu Lucero (the "Stamford Defendants")[4], are similarly situated with the Loudoun Defendants.

---

[4] Los Angeles Unified School District and Austin Beutner and San Diego Unified School District, Dr. Lamont Jackson, and Cindy Marten (collectively the "California Defendants") also filed motions to dismiss. (*See* ECF Nos. 169, 174). However, Plaintiff Relator has agreed to voluntarily dismiss the California Defendants.

3

Each of these out-of-state Defendants has made arguments based on venue, and there are no facts to distinguish the venue considerations related to any of these Defendants from the venue considerations made by this Court regarding the Loudoun Defendants. The incongruent treatment of the various out-of-state Defendants would prejudice Plaintiff Relator. The claims against the Loudoun Defendants have already been severed and transferred to the Eastern District of Virginia. It cannot be disputed that personal jurisdiction, joinder, and venue arguments are either entirely different or evaporate altogether in that district.

Accordingly, this Court should, as it did regarding the Loudoun Defendants, decline to address any of the arguments raised by the Wake Co. Defendants, Chicago Defendants, Somerville Defendants, and Stamford Defendants apart from joinder and venue, including failure to state a claim and personal jurisdiction. Based on this Court's holding regarding the Loudoun Defendants, this Court should deny the motions to dismiss, sever the claims, and transfer them to the appropriate district courts. Thus, the claims against the Wake Co. Defendants should be transferred to the Eastern District of North Carolina; the claims against the Chicago Defendants should be transferred to the Northern District of Illinois; the claims against the Somerville Defendants should be transferred to the District of Massachusetts, and the claims against the Stamford Defendants should be transferred to the District of Connecticut.

By making the above arguments, Plaintiff Relator does not necessarily concede that, regarding any of the out-of-state Defendants, joinder was not proper or that venue is not proper in this Court. Neither does Plaintiff Relator concede any of the other arguments raised by any Defendant in their respective Motion to Dismiss. It is well settled in this jurisdiction that a plaintiff's failure to oppose a 12(b)(6) motion does not by itself merit the dismissal of a complaint. *See Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321,

322-23 (2d Cir. 2000). ("[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id*. This is so because whether the plaintiff submits an Opposition or not, the legal analysis is limited to the sufficiency of the claims within the four corners of the complaint. Accordingly, the Relator does not waive any arguments with regard to jurisdiction or the sufficiency of the Second Amended Complaint. The Relator has not failed to oppose Defendants' motions to dismiss, but rather, the Relator merely recognizes that this Court has ruled on the joinder and venue issue, and that ruling is the law of the case. Based on that ruling, it would be improper to ask this Court to rule differently regarding any similarly situated Defendant, and Plaintiff Relator declines to do so in the interest of judicial economy.

However, if the Court is inclined to find that the Relator has either waived or abandoned claims or defenses by not addressing the motions on the merits outside the manner other than set forth herein, the Plaintiff-Relator respectfully requests seven (7) days to address those arguments toward the merits that are not addressed herein. Should Defendants argue that the Relator has waived or otherwise abandoned his claims, to the extent that the Relator would address the merits of these motions separately, the main arguments that the Relator would make in opposition to the merits have already been addressed in the Opposition to Loudoun County and New York City Defendants.

Dated:  August 12, 2022
        New York, New York

                                        Respectfully submitted,

                                        __/s/_____
                                        Rory J. Bellantoni, Esq. (RB 2901)
                                        Ashleigh C. Rousseau, Esq. (5801923)
                                        Brain Injury Rights Group, Ltd.
                                        *Attorneys for Plaintiff-Relator*
                                        300 E. 95th Street, #130
                                        New York, New York 10128
                                        rory@pabilaw.org
                                        ashleigh@pabilaw.org