UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA and STATES of THE UNITED STATES, ex rel. PATRICK DONOHUE,<br><br>　　　　　　　　　　Plaintiff-Relator,<br><br>　　　　- against -<br><br>RICHARD CARRANZA, in his official capacity as the former Chancellor of New York City Department of Education, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:20-cv-5396 (GHW) |

**NOTICE OF NON-OPPOSITION BY PLAINTIFF-RELATOR OF MOTION TO DISMISS AND TO STRIKE SAN DIEGO UNIFIED SCHOOL DISTRICT, DR. LAMONT A. JACKSON, AND CINDY MARTEN, FROM THE SECOND AMENDED COMPLAINT**

ENRIQUE M. VASSALLO
WHITNEY ANTRIM
ORBACH HUFF & HENDERSON, LLP
2877 Historic Decatur Road, Suite 200
San Diego, CA 92106
Attorneys for Defendant/Plaintiff
SAN DIEGO UNIFIED SCHOOL DISTRICT

*Attorneys for Defendants*
*San Diego Unified School District, Dr. Lamont Jackson and Cindy Marten*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Comes Now Defendants San Diego Unified School District, Dr. Lamont A. Jackson, and Cindy Marten (collectively "SDUSD Defendants") and herby give notice that Plaintiff -Relator, United States of America and States of the United States, ex rel. Patrick Donohue ("Plaintiff") has failed to file an Opposition to SDUSD Defendants Motion to Dismiss and to Strike them from the Second Amended Complaint ("Motion").

On August 23, 2022, Plaintiff informed the Court that Plaintiff wanted to voluntarily dismiss the California Defendants, including the SDUSD Defendants. (See, Dkt No. 181.) Plaintiff further informed the Court that, in order to dismiss the California Defendants, Plaintiff "must obtain the written consent of the United States and the States before seeking Court approval for the voluntary dismissal of any claims or Defendants in this case." (*Id*. at p. 2.)

To date, no filing has been made by Plaintiff concerning the consent of the United States and the State of California to the dismissal of the Second Amended Complaint against the SDUSD Defendants nor did Plaintiff file an Opposition to the Motion by the August 12, 2022 deadline.

Accordingly, the Court shall consider the Motion unopposed but nonetheless consider its merits. (*Goldberg v. Danaher* (2d Cir. 2010) 599 F.3d 181, 182 [court relying on rule obligated to determine if pleading contains sufficient allegations to deny motion to dismiss]; *McCall v. Pataki* (2d Cir. 2000) 232 F.3d 321, 322-23.)[1]

---

[1] A number of courts have local rules which provide that failure to file opposition papers to a motion may be treated as consent to granting the motion. Dismissals based on such local rules have been upheld by in the Ninth Circuit. (See, *Ghazali v. Moran* (9th Cir. 1995) 46 F.3d 52, 53-54; *Stone v. City of Los Angeles*, 2022 WL 2916075 at *4 (C.D. Cal., July 25, 2022, Case No. 2:22-cv-01150-ODW (RAOx)); *Malloy v. Regents of the Univ. of Cal.*, 2021 WL 4269365, at *8 (N.D. Cal., Aug. 18, 2021, Case No: 19-cv-07995 SBA, Case No: 20-cv-07312 SBA).)

DATED: September 16, 2022        **ORBACH HUFF & HENDERSON LLP**

By: /s/ *Enrique M Vassallo*
    Enrique M. Vassallo, Esq.
    Attorney for Defendants
    San Diego Unified School District
    Dr. Lamont A. Jackson and
    Cindy Marten