# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATES : <br> OF THE UNITED STATES, ex. Rel. : <br> PATRICK DONOHUE : | |
| : | CIVIL ACTION NO: <br> 1:20-cv-5396 (GHW) |
| : | |
| Plaintiff-Relator : <br> VS. : | |
| : | |
| RICHARD CARRANZA, in his official capacity : <br> as the Former Chancellor of New York City : <br> Department of Education, et al : | SEPTEMBER 16, 2022 |
| : | |
| Defendants : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**STAMFORD BOARD OF EDUCATION AND DR. TAMU LUCERO'S**
**REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS**

BERCHEM MOSES PC

75 Broad Street
Milford, CT 06460
203-783-1200

*Attorneys for Defendants*
*Stamford Board of Education and Dr. Tamu Lucero*

Ryan P. Driscoll, Esquire.
Partner

The Defendants, Stamford Board of Education and Dr. Tamu Lucero (hereinafter collectively "Stamford" of the "Stamford Defendants"), hereby respectfully submit this reply to the Plaintiff-Relator, Patrick Donohue's (the "Plaintiff" or the "Plaintiff-Relator"), Opposition to Defendants' Motion to Dismiss dated August 18, 2022 (*ECF No. 179).*  As is set forth more fully below, this Court should dismiss the matter for improper venue.  The Plaintiff has failed to address Stamford's substantive arguments in any meaningful way, instead asking this Court to simply transfer the matter to the United States District Court for the District of Connecticut ("Connecticut District Court").  However, because the core allegations of the Plaintiff's Second Amended Complaint (the "SAC") (*ECF No. 19)* are similar as to all defendants and are insufficient as a matter of law, a transfer would only prolong the inevitable; (i.e. a dismissal of the case for failure to state a claim upon which relief can be granted) and waste judicial resources.   This Court should dismiss the SAC as to Stamford.

## LEGAL ARGUMENT

## POINT ONE

### THE COURT SHOULD DISMISS THE SAC AS TO STAMFORD FOR IMPROPER VENUE

Despite previously claiming that this Court has jurisdiction over each of the defendants (*ECF No. 19 at p. 15-16)* and that it is the proper venue, the Plaintiff now argues that requiring him to litigate the matter in this Court against the "out-of-state Defendants" would prejudice him. *ECF No. 179 at p. 5.*  Consistent with this, he submits that the matter, as to Stamford, should be transferred to the Connecticut District Court.  Improper venue does not, in and of itself require a transfer.  This Court may simply dismiss the matter if venue is improper and the Court finds that the Plaintiff's claims as to Stamford are lacking, just as they are as to other Defendants.

Contrary to the Plaintiff's assertions, there exists no evidence that the Plaintiff is prejudiced by having this Court rule upon Stamford's Motion or having to otherwise litigate the claim here. The Plaintiff offers only a bald assertion that he would be prejudiced.  This should not suffice for a finding of prejudice and should not serve as the basis of a transfer. The Plaintiff chose this venue and he is not prejudiced by litigating the case here.

In addition, *U.S. ex rel. Doe v. Taconic Hills Cent. School Dist.*, 8 F.Supp.3d 339 (S.D.N.Y 2014), establishes precedent for this Court to dismiss the matter despite the incorrect venue.  In *Taconic Hills,* the parents of a disabled student brought an action in the Southern District of New York against public school districts located in the Northern District of New York (the "Upstate Defendants") as well as the New York City Department of Education (the "DOE").  *Id.* at 342.  Like the Plaintiff here, the plaintiffs alleged, *inter alia*, that the defendants violated the False Claims Act (the "FCA"). The Upstate Defendants moved to dismiss the parents' complaint for improper venue and, alternatively, to transfer the matter to the Northern District of New York.  *Id.*  The DOE moved to dismiss, in part, for failure to state a claim upon which relief could be granted.  *Id.*   The Court dismissed the plaintiff parents' claims as to the Upstate Defendants for improper venue.  *Id.*

The Court found that the Upstate Defendants were improperly joined, such that all claims against them should be severed.  *Id.* at 344.  With the claims as to the Upstate Defendants severed, the parents could not establish that venue was proper as to them in the Southern District of New York.  *Id.*  With the issue of venue and joinder determined, however, this Court still had to determine whether transferring the claims to the Northern District of New York was in the interests of justice, in accordance with 28 U.S.C. § 1406 ("Section 1406").  *Id.*

Section 1406 provides, in relevant part, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

It is well-settled that the purpose of Section 1406 is to avoid the harsh result of dismissal of an action simply because a plaintiff brought it in an improper district. *Callan v. Lillybelle, Limited,* 39 F.R.D. 600 (1966 S.D.N.Y.); *see also, Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (the problem which gave rise to the enactment of the section was that of avoiding the injustice to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn). In other words, while Section 1406 permits a court to transfer a complaint due to improper venue, it also permits a court to dismiss that complaint.

In *Taconic Hills,* this Court found that because the plaintiff parents' claims as to the DOE and the Upstate Defendants were nearly identical, and the complaint as to the DOE failed to state a claim upon which relief may be granted, transferring the matter would not be in the interests of justice. This Court, therefore, dismissed the claims against the Upstate Defendants for improper venue without prejudice. Stamford submits that the Court should do likewise here.

The Plaintiff admits that joinder and venue are improper here. Thus, the question is whether a transfer would be in the interests of justice. The Second Amended Complaint alleges that the Defendants (as a whole) knowingly submitted false claims for related services purportedly offered to students with disabilities, via, *inter alia*, telehealth in violation of the students' IEPs. *ECF No. 19 at p. 24*. It is this core allegation that applies to all Defendants, and serves as the basis for the Plaintiff's claim of, *inter alia*, a violation of FCA. The core claims do not change based upon the jurisdiction or venue.

In response to these claims, the Defendants, Stamford included, have asserted a number of agents in this Motion to Dismiss. The Plaintiff has not provided any substantive response to Stamford's or any other non-NY Defendant's arguments regarding the merits of his claims. Instead, he simply states the claims should be transferred. The Plaintiff's failure or refusal to address the merits of Stamford's substantive arguments must lead this Court to conclude that his claims as to Stamford have been abandoned and, as such, the interests of justice do not require a transfer.

In his Objection, the Plaintiff argues that a plaintiff's failure to oppose a Rule 12(b)(6) motion "does not by itself merit the dismissal of a complaint." *Doc. 179 at p. 6* (citing to *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d. Cir 2010) and *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)).   This Court, however, has not always adopted that view, particularly where the plaintiff is represented by counsel.

In *Colbert v. Rio Tinto PLC*, 2019 WL 10960490, this Court held that it may infer the abandonment of claims and/or defenses from a party's partial opposition to a motion to dismiss *Id.* at *4 (citing to *Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equipment Ltd.,* 716 F.App'x 5, 14 (2d Cir. 2017).  This court wrote, "a court may deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Id*. citing to *In re Edgwell Personal Care Co. Litigation*, 2018 WL 785862.  Of particular relevance to the instant matter, the *Colbert* court stated "contrary to the Plaintiff's assertion, *McCall v. Pataki*, 232 F.3d 321 (2d Cir. 2000) is inapposite, because that case involved a *pro se* plaintiff who did not respond to a motion to dismiss at all."  *Id.* (internal quotations omitted). "*McCall*, therefore, did not alter the well-established rule that 'a counseled party's opposition to a motion 'may imply an abandonment of some claims.'"" *Id.* (quoting *Sullivan v. City of New York*, 2015

WL 5025296 at *5 (S.D.N.Y. Aug. 25, 2015).  Here, the plaintiff is himself an attorney and has

counsel. He also responded to the student's Motion. Thus, *McCall* is not persuasive.

The Plaintiff's citation to *Goldberg v. Danaher*, 599 F.3d 181 (2d. Cir 2010) is also

unpersuasive and because the rule underlying that decision is no longer operative (or applicable

here).  In *Goldberg*, the plaintiff commenced an action following the revocation of his permit to

carry a firearm and the Connecticut Board of Firearm's Examiners' alleged twenty-two month

delay in hearing his appeal.  *Id.*  The defendants moved to dismiss the complaint on a number of

grounds, including failure to state a claim under Rule 12(b)(6).  *Id.*  The plaintiff submitted "a

bare bones opposition."  *Id.*  His opposition invoked Connecticut District Court Local Rule

7(a)(1), noting that it permitted "the non-movant to rely on the pleadings in opposing a motion to

dismiss."  *Id.* at 183.  At the time, Local Rule 7(a)(1) stated, in relevant part, "failure to submit a

memorandum in opposition to a motion may be deemed sufficient cause to grant the motion,

***except where the pleadings provide sufficient grounds to deny the motion***."  *Id.*  (emphasis

added)[1]. The defendants "contended that because Goldberg's filing failed to address any of their

legal defenses on the merits, he had effectively waived opposition to their motion."  *Id.*  The

Connecticut District Court agreed and, in accordance with Local Rule 7(a)(1) dismissed the

complaint.  *Id.*

On appeal, the Second Circuit found that "a district court relying on Local Rule 7(a)(1)

is…obliged to consider the pleadings and determine whether they contain sufficient grounds for

---

[1] Connecticut's Local Rules, amended as of September 10, 2020, now state:

> Any motion involving disputed issues of law shall be accompanied by a
> memorandum of law, and shall indicate in the lower margin of the motion
> whether oral argument is requested.  Failure to submit a required memorandum
> may be deemed sufficient cause to deny the motion.

denying a motion to dismiss." *Id.* It continued "the Local Rule clearly contemplates instances

where a plaintiff might stand on his pleadings in response to a motion to dismiss, rather than

filing an opposition; and it provides that automatic dismissal is not authorized in such cases.

Because the district court's memorandum dismissing the complaint contains no discussion of the

pleadings or the claims they raised, it does not appear that it made the required assessment." *Id.*

Here, Stamford is not relying upon a local rule requiring the Court to review the

pleadings on a motion to dismiss.

In his response, which focuses only upon issues of venue, the Plaintiff made a willing and

knowing choice not to address Stamford's substantive arguments. The Plaintiff knowingly chose

not to put forth an argument, even if in the alternative, contesting the substantive portions of

Stamford's motion. He was aware this could be construed as a waiver, but took no real action to

preserve his substantive objections.

Given that no substantive response has been made to Stamford's Motion, the transfer of

the matter to the District of Connecticut would not serve judicial economy or the interests of

justice. The parties have fully briefed the relevant issues on the motion to dismiss.

Transferring the matter to another district would only further delay the inevitable; to wit, a

finding that the Plaintiff has failed to state a claim upon which relief may be granted. As the

Second Circuit has instructed:

> [C]ourts will not "waste judicial resources by transferring a case that is clearly
> doomed." . . . [A] court's limited jurisdiction "to decide whether to transfer or
> dismiss" a case over which it lacks jurisdiction [] includes "a power of limited
> review of the merits." If "a peek at the merits[] reveals that the case is a sure loser
> in the court that has jurisdiction (in the conventional sense) over it, then the court
> in which it is initially filed—the court that does not have jurisdiction—should
> dismiss the case rather than waste the time of another court."

*Daniel v. American Bd. Of Emergency Medicine*, 428 F.3d 408, 436 (2d. Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (affirming district court's decision that "plaintiffs lack antitrust standing to pursue their claim and conclud[ing] that transfer to another district is not in the interest of justice"). As an example of this, the Court need only look to the results following the transfer of the matter as to the Loudon Defendants. On July 1, 2022, the Eastern District of Virginia issued a sixteen-page decision granting the motion to dismiss and dismissing the Plaintiff's Second Amended Complaint with prejudice. *Docket No. 1:22-cv-00189-AJT-IDD at Doc. 101 and 102.   Id. at Doc. 107.*

Stamford respectfully submits that a transfer of venue will only delay the inevitable; a dismissal of the claim. Because the core issues are virtually identical, Stamford respectfully request that their motion to dismiss be granted alongside all of the other moving defendants.

## POINT TWO

### THE LAW OF THE CASE DOES NOT REQUIRE A TRANSFER

In his Objection, the Plaintiff argues that this Court's decision to transfer the Loudon Defendants to the Eastern District of Virginia is the law of the case and requires a transfer of all non-New York Defendants. The law of the case doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *DiLaura v. Power Auth.,* 982 F.2d 73, 76 (2d Cir.1992). The doctrine is "admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820 (1992); *see also Arizona v. California,* 460 U.S. 605, 618, (1983) (law of the case doctrine "does not limit the tribunal's power"). Courts generally depart from the law of the case when there is a change in controlling law, when new evidence becomes

available, to correct a clear error, or prevent manifest injustice. *DiLaura v. Power Authority, supra,* 982 F.2d at 76.

The law of the case does not apply here as the issue presented by the Loudon Defendants are not identical to those presented by Stamford or certain of the other moving defendants.  The Loudon Defendants' motion to dismiss (*ECF No. 68-1*) contained only two points; that the court had no jurisdiction and that the matter should be transferred to the Eastern District of Virginia. By contrast, Stamford argues, *inter alia*, the inapplicability of the FCA to it, the failure to state a claim for fraud with specificity, and that the matter should be dismissed for improper venue. Thus, there are different rules of law than what was presented by the Loudon Defendants. Accordingly, the Court's decision as to them should not be viewed as controlling.

## POINT THREE

### STAMFORD ADOPTS ALL ARGUMENTS SET FORTH BY ITS CO-DEFENDANTS AS TO THE SUBSTANCE OF THE SAC'S ALLEGATIONS

In his Objection, the Plaintiff argues that, with respect to the substantive arguments made by Stamford and other non-New York defendants, this Court may simply look to the Plaintiff's arguments in response to the New York Defendants' motions to dismiss.  Stamford respectfully submits that none of the arguments asserted by the Plaintiff, even in response to the New York Defendants' Motion to Dismiss, are persuasive.  The SAC fails to identify any action by Stamford that constitutes a violation of the FCA (or IDEA).  It also fails to demonstrate how Stamford, or any other defendants', actions were not in compliance with governmental guidance during COVID-related school closures.  The Plaintiff relies only on broad, conclusory allegations and no verifiable facts.  Each of these arguments as to the substance of the SAC has been set forth in Stamford and other defendants' motions and Stamford relies upon them as if set forth more fully herein.

**CONCLUSION**

The Court should grant Stamford's motion to dismiss for one or more of the following

reasons:  the Complaint fails to state a claim upon which relief can be granted (on either the

federal law or state law claims); the Complaint fails to properly join Stamford; the Complaint

does not establish personal jurisdiction; and the Complaint is pursued in the wrong venue.

>   THE DEFENDANTS
>   STAMFORD BOARD OF EDUCATION AND
>   TAMU LUCERO
>
>
>   By:     /s/Ryan P. Driscoll_____
>           Ryan P. Driscoll
>           Berchem Moses, P.C.
>           75 Broad Street
>           Milford, CT  06460
>           (203) 783-1200
>           Federal Bar NY4451076
>           rdriscoll@berchemmoses.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the date hereon, a copy of the foregoing motion was filed
electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this
filing will be sent by email to all parties by operation of the Court's electronic filing system [or
by mail to anyone unable to accept electronic filing].  Parties may access this filing through the
Court's system.

>           /s/ Ryan P. Driscoll_____
>           Ryan P. Driscoll