

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
tel (914) 353-3850 • fax (914) 353-3851 • wshblaw.com

John A. Darminio
direct dial (914) 353-3861
email jdarminio@wshblaw.com
refer to 06142-1545

September 16, 2022

*Via ECF*
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

          Re:    *United States of America and States of the United Sates, ex rel. Donohue v. Richard Carranza, et al.*, 1:20-cv-5396 (GHW)

Dear Judge Aaron:

      This office represents Defendants Wake County Public School District and Cathy Quiroz-Moore (hereinafter referred to as "Wake Defendants"). Please accept this letter in lieu of a formal reply brief in further support of Wake Defendants motion to dismiss the Second Amended Complaint ("Complaint") pursuant to F.R.C.P. 12(b)(2),(3), and (6). (Dkt. No. 167).

      First, the Wake Defendants object to Plaintiff-Relator's request for seven (7) additional days to formally address the instant motion or in the alternative. (See Dkt. No. 179).

      In his opposition, Plaintiff-Relator argues that, with respect to the substantive arguments made by Wake Defendants and other non-New York defendants, this Court may simply look to the Plaintiff's arguments in response to the New York Defendants' motions to dismiss. (See Dkt. No. 178). Wake Defendants respectfully submit that none of the arguments asserted by the Plaintiff-Relator, even in response to the New York Defendants' Motion to Dismiss, are persuasive. The Complaint fails to identify any action by Wake Defendants that constitute a violation of the False Claims Act (or IDEA). It also fails to demonstrate how Wake Defendants, or any other defendants', actions were not in compliance with governmental guidance during COVID-related school closures. Plaintiff-Relator relies only on broad, conclusory allegations and no verifiable facts. Each of these arguments as to the substance of the Complaint has been set forth in Wake Defendants' and other defendants' motions and subsequent replies and Wake Defendants rely upon them as if set forth more fully herein.

      **A.**    **The Second Amended Complaint Fails to State a Claim on Which Relief Can be Granted.**

The conclusory allegations contained in the Complaint are simply insufficient to give rise to a plausible inference that the Wake Defendants knowingly submitted false claims for Medicaid reimbursement and/or IDEA funding to the federal government based on special education services provided remotely.

Plaintiff-Relator merely recites the elements required to state a claim under 31 U.S.C. § 3729(a)(1)(A), (B) and (G) without providing any factual allegations, which if proven true, suggest that Wake Defendants made a false claim or statement to the government and that they knew it was false. For example, Plaintiff-Relator alleges that Wake Defendants "engaged in fraudulent conduct by extracting from the State and Federal Governments, hundreds of millions of dollars in payments when they . . . knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval; knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim; knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government; and conspired to commit the above acts, all in violation of 31 U.S.C. §3729(a)(1)(A), (B), (C) and (G)." (See Dkt. 19, ¶ 232). Plaintiff-Relator does nothing more than repeat language used in the statute itself. Similarily, Plaintiff-Relator's conspiracy claim under 31 U.S.C. § 3729(a)(1)(C) is devoid of any allegations that the Wake Defendants entered into an unlawful agreement. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 27 (2d Cir. 2016) (affirming dismissal of FCA conspiracy cause of action where plaintiff's complaint "fail[ed] to identify a specific statement where [defendants] agreed to defraud the government"). As such, his claim fails to satisfy the Rule 9(b)'s particularity standard.

In the instant case, there are no allegations set forth in the Complaint which, if true, would support a finding that any of the students residing within the district suffered a substantive educational deprivation as a result of remote instruction and services such that they were denied a FAPE. Nowhere does the Complaint describe a single IEP benefit that a single child residing within the district did not receive on account of remote instruction and services. The Complaint does not assert any facts sufficient to support a finding that any of the students residing within the district failed to receive a FAPE on account of receiving special education services remotely, such that it would render the district's Medicaid reimbursement claims based on the rendering of those remote services fraudulent.

Nor does the Complaint allege facts sufficient to support a determination that any of the students residing within the district were denied educational services comparable to those set forth in their IEPs following the closure of school buildings in the wake of the COVID-19 pandemic. This is what the IDEA requires when the precise program described in the IEP becomes unavailable. *Knight v. Dist. of Columbia*, 877 F.2d 1025, 1029 (D.C. Cir. 1989); *McKenzie v. Smith*, 771 F.2d 1527, 1533 (D.C. Cir. 1985). *See also Lunceford v. Dist. of Columbia Bd. of Educ.*, 745 F.2d 1577, 1582 (D.C. Cir. 1984)(a parent moving for a stay-put injunction "must identify, at a minimum, a fundamental change in, or elimination of a basic element of the education program in order for the change to qualify as a change in educational placement.") (*Bd. of Educ. of Cmty High Sch. Dist. No.* 218, 103 F.3d at 548 (although the IDEA does not define the term "then-current educational placement," the meaning of the term "falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP."); *Tilton v. Jefferson Cty. Bd. of*

*Educ.*, 705 F.2d 800, 804 (6th Cir. 1983), cert. denied, 465 U.S. 1006 (1984) (transfer from one school to another school with comparable program is not a change in educational placement); *Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 26-27 (D.D.C. 2004) (explaining that "the IDEA clearly intends 'current educational placement' to encompass the whole range of services that a child needs' and that the term "cannot be read to only indicate which physical school

Moreover, as addressed in movant's papers, Plaintiff-Relator ignores clear guidance at both the state and federal levels that authorized school districts to provide related health services remotely during the pandemic – the very conduct alleged to be unlawful in the Complaint. This alone warrants dismissal of the Complaint.

      **B.    Transferring This Matter to the Eastern District of North Carolina Would Not Serve the Interest of Justice.**

While improper venue can be a basis to transfer a case, that is not be the case here because transferring the case would not serve the "interest of justice." *See* 28 U.S.C. § 1406(a). *See also United States ex rel. Doe*, 8 F. Supp. 3d at 345. Once this Court severs the claims against Wake County Defendants and holds that venue in the Southern District of New York is improper, it must determine whether transferring the claims to the Eastern District of North Carolina would serve the "interest of justice." *Id.* It does not. Since Plaintiff-Relator fails to state a claim upon which relief may be granted, the Court should not transfer the claims brought against Wake County Defendants, but rather should dismiss them for failure to state a claim.

      **C.    The Second Amended Complaint Fails to Name the Proper Wake Defendants and Asserts Duplicative Claims Against Cathy Quiroz-Moore.**

The Complaint purports to name "Wake County Public School District" as a defendant. Under North Carolina law, the Wake County Board of Education is the body corporate and the entity responsible for defending suits against the local school administrative unit. *See* N.C. Gen. Stat. Section 115C-40. The "Wake County Public School District" cannot be a named defendant in this action because, as a matter of law, no such legal entity exists. The Summons and Complaint in this matter name the "Wake County Public School District" and therefore, the Court lacks personal jurisdiction in this matter and the action must be dismissed.

State law dictates whether a governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004) (citing *Avery v. Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981)). Under North Carolina law, a local board of education – not the school district it governs – is the entity with the legal capacity to sue and be sued. N.C. Gen. Stat. § 115C-40. *See also*, *Hunter v. Wake County Bd. of Ed.*, No. 5:08-CV-62-D, 2008 WL 2695813, at * 1 (E.D.N.C. July 8, 2008) (dismissing Wake County Public Schools as a defendant because it "is not a corporate entity subject to suit under North Carolina law.").

Next, assuming *arguendo* this Court deems it has personal jurisdiction over "Wake County Public School District," the claims against Cathy Quiroz Moore must be dismissed as duplicative. Claims made against the school defendants in their official capacities are essentially claims against the school board. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985). Because

official capacity suits are "to be treated as a suit against the entity," the claims against the individual defendants in their official capacity must also be dismissed. *Id..* at 166 (noting that official capacity suits are "to be treated as a suit against the entity" and "not a suit against the official personally").

There are no specific allegations related to Quiroz Moore outside her official capacity as Superintendent. (Dkt. 19 at ¶¶ 232, 246, 248, 250-52). It appears, therefore, that she is listed in the caption for illustrative purposes only and is not properly considered as an individual defendant. *Cf. Biggs v. Meadow*, 66 F.3d 56, 61 (4th Cir. 1995) ("[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity."). Plaintiff-Relator's claims against Quiroz Moore are duplicative of his claims against the improperly named "Wake County Public School District" and should be dismissed. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (affirming dismissal of official capacity claim against superintendent as duplicative of claims against school board).

## Conclusion

For the foregoing reasons, as well as those articulated in their moving brief, Wake Defendants request that this Court dismiss all claims against them with prejudice.

Respectfully submitted,

*/s/ John A. Darminio*
John A. Darminio
WOOD, SMITH, HENNING
& BERMAN LLP
*Attorneys for Defendants*
*Wake County Public School*
*District and Cathy Quiroz-Moore*
5 Waller Avenue, Suite 200
White Plains, NY 10601
(914) 353-8161

Cc: all counsel of record, via ECF

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereon, a copy of the foregoing motion was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ John A. Darminio*
John A. Darminio