UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America and States of the United
States, ex rel. Patrick Donohue

      Plaintiffs,

                                                        Civil Action No.: 20-cv-5396(GWH)

  -vs-

RICHARD CARRANZA, in his official capacity as
the former Chancellor of New York City Department of
Education,
MEISHA PORTER, in her official capacity as the current
Chancellor of the New York City Department of Education,
NEW YORK CITY DEPARTMENT OF EDUCATION,
NIAGARA FALLS PUBLIC SCHOOL DISTRICT,
MAKR LAURRIE, in his official capacity as Superintendent,
BUFFALO PUBLIC SCHOOL DISTRICT,
KRINER CASH, in his official capacity as Superintendent,
MASSACHUSSETTS DEPARTMENT OF EDUCATION,
SOMERIVILLE PUBLIC SCHOOL DISTRICT,
MARY SKIPPER, in her official capacity as Superintendent,
as Superintendent,
JEFFREY C. RILEY, in his official capacity as Superintendent,
STAMFORD PUBLIC SCHOOL DISTRICT,
DR. TAMU LUCERO, in her official capacity as Superintendent,
LOUDON COUNTY PUBLIC SCHOOL DISTRICT,
SCOTT A. ZIEGLER, in his official capacity as Superintendent,
CAMDEN CITY PUBLIC SCHOOL DISTRICT,
KATRINA McCOMBS, in her official capacity as Superintendent,
LOS ANGELES UNIFIED SCHOOL DSITRICT,
AUSTIN BEUTNER, in her official capacity as Superintendent,
SAN DIEGO UNIFIED SCHOOL DISTRICT,
DR. LAMONT A. JACKSON, in his official capacity as Superintendent,
and CINDY MARTEN, in her official capacity as former Superintendent,
WAKE COUNTY PUBLIC SCHOOL DISTRICT,

      Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BUFFALO PUBLIC SCHOOL DISTRICT and KRINER CASH'S MOTION TO DISMISS PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**

1

**ARGUMENT**
**THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

The Defendants "Buffalo Public School District" ("BPSD") and former Superintendent Kriner Cash ("Dr. Kash")( collectively referred to as the "Buffalo Defendants"), respectfully submit this Reply Memorandum of Law in further support of our Motion to Dismiss Plaintiff's purported claims contained within the Second Amended Complaint ("Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and to the extent required, in response to any portion of Plaintiff's opposition that is considered to apply to the Buffalo Defendants.

In our initial Memorandum of Law, as further set forth in the various Motions before this Court, the Buffalo Defendants demonstrated that the Complaint's general and conclusory allegations have no legal foundation and the claims asserted are devoid of any facts upon which to state a claim that the School Districts violated sections 3729(a)(1)(A) and (a)(1)(B) of the FCA. The other appearing Defendants have now moved on similar grounds and those arguments are reiterated and incorporated as if fully set forth herein.

To reiterate, the Plaintiff-Realtor's Complaint fails to identify any action by the Buffalo Defendants that constitute a violation of the False Claims Act (or IDEA). It also fails to demonstrate how the Buffalo Defendants, or any other defendants', actions were not in compliance with governmental guidance during COVID-related school closures.

The Complaint fails to plead any facts—let alone any particularized allegations—from which this Court could reasonably infer that the School Districts: "(1) made a claim, (2) to the United States Government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury," as required to state a claim under 31 U.S.C. §§ 3729(a)(1)(A) and (a)(1)(B). Coyne v. Amgen, Inc., 717 F. App'x 26, 28 (2d Cir. Dec. 18, 2017) (citation and quotation marks omitted).

The Complaint similarly fails to identify any action by the Buffalo Defendants, or any other Defendants, that constitutes a violation of the FCA (or IDEA). It also fails to demonstrate how the Buffalo Defendants', or any other Defendants', actions were not in compliance with governmental guidance during COVID-related school closures. This reasons for this failure are clearly evident in the Motions before this Court, Relator does not identify any facts alleged in the Complaint — because there are none — that could support a strong inference that false claims were submitted to the government.

Plaintiff-Relator relies only on broad, conclusory allegations and no verifiable facts. Each of these arguments as to the substance of the Complaint has been set forth in the Buffalo Defendants and other Defendants' motions and subsequent replies and Buffalo Defendants rely upon them as if set forth more fully herein. The Second Circuit has made clear that "merely general or conclusory" allegations are insufficient to withstand a motion to dismiss. Relator fails to refute the School Districts' demonstration that the Complaint failed to adequately allege the rigorous materiality and scienter requirements of the FCA

Specifically, there are no facts alleged from which this Court could reasonably infer that the Defendants submitted any claims—let alone any false claims—to the Government. The Complaint includes no factual allegations that the Government did not know, and would have declined to pay claims for services had it known, of the Defendants' allegedly fraudulent conduct; in fact, the Government was aware of such conduct, as the government agencies responsible for the applicable payment decisions authorized such conduct. Moreover, the Complaint alleges no facts concerning the actual performance of the services that Relator alleges were worthless or from which the Court could reasonably infer that such services were of no medical value.

The conclusory allegations contained in the Complaint are simply insufficient to give rise to a plausible inference that the Buffalo Defendants knowingly submitted false claims for Medicaid reimbursement and/or IDEA funding to the federal government based on special education services provided remotely. Plaintiff-Relator merely recites the elements required to state a claim under 31 U.S.C. § 3729(a)(1)(A), (B) and (G) without providing any factual allegations, which if proven true, suggest that Buffalo Defendants made a false claim or statement to the government and that they knew it was false. Plaintiff-Relator does nothing more than repeat language used in the statute itself.

Similarly, Plaintiff-Relator's conspiracy claim under 31 U.S.C. § 3729(a)(1)(C) is devoid of any allegations that the Buffalo Defendants entered into an unlawful agreement. As such, his claim fails to satisfy the Rule 9(b)'s particularity standard. In the instant case, there are no allegations set forth in the Complaint which, if true, would support a finding that any of the students residing within the district suffered a substantive educational deprivation as a result of remote instruction and services such that they were denied a FAPE.

The Complaint does not assert any facts sufficient to support a finding that any of the students residing within the district failed to receive a FAPE on account of receiving special education services remotely, such that it would render the district's Medicaid reimbursement claims based on the rendering of those remote services fraudulent. Nor does the Complaint allege facts sufficient to support a determination that any of the students residing within the district were denied educational services comparable to those set forth in their IEPs following the closure of school buildings in the wake of the COVID-19 pandemic. This is what the IDEA requires when the precise program described in the IEP becomes unavailable.

Moreover, as addressed in movant's papers, Plaintiff-Relator ignores clear guidance at both the state and federal levels that authorized school districts to provide related health services remotely during the pandemic – the very conduct alleged to be unlawful in the Complaint. This alone warrants dismissal of the Complaint. The scienter requirement simply cannot be met given that the fraudulent conduct in which the School Districts allegedly engaged is consistent with the conduct that was authorized by the Government Guidance

Relator does not deny that the Districts' alleged conduct was compliant with such Guidance. Instead, Relator seems to have changed his theory of liability by asserting that the School Districts violated the FCA by, in fact, complying with such "relevant Medicaid and IDEA billing requirements"; this, he argues, is because the Government Guidance unlawfully abrogated, altered or modified unspecified federal statutes, is contrary to common sense, and was developed for non-disabled students. Relator's disagreement with the Government Guidance does not render unlawful actions taken by the School Districts in accordance with such Guidance.

As to the remaining causes of action, Relator does not contest, and thereby concedes, the School Districts' demonstration that they should be dismissed. Relator essentially has conceded that the School Districts' allegedly fraudulent conduct was compliant with the Government Guidance, i.e., the applicable Medicaid and IDEA billing requirements.

The School Districts demonstrated that the Complaint describes only the services that were recommended in students' IEPs, and that it lacks any facts concerning the actual performance of such services or from which the Court could reasonably infer that: (i) the services had no medical value; or (ii) the rigorous scienter and materiality requirements under the FCA have been met.

In their entirety, as a matter of law and fact, the respective motions before the Court demonstrated that the conduct Relator's Complaint alleged to be fraudulent was actually compliant

with the relevant Medicaid and IDEA billing requirements set forth in the guidance and modified billing requirements issued by the applicable federal and state agencies during the pandemic.

## **CONCLUSION**

The Second Amended Complaint should be dismissed on the grounds that it fails to state a claim pursuant to Rule 12(b)(6) and Rule 9(b). Additionally, for these reasons as set forth more fully in our initial moving papers, the case should not be transferred to the Western District of New York because it would better serve the ultimate goal of the expeditious and orderly adjudication of cases and controversies on their merits. The Buffalo Defendants therefore request that this Court dismiss with prejudice all claims against them.

Respectfully Submitted,

Dated: September 16, 2022
       Buffalo, New York

**NATHANIEL KUZMA, ESQ.**
General Counsel
*Attorney for the Buffalo Defendants*


*/s/ Robert E. Quinn*
By: Robert E. Quinn
Assistant Legal Counsel
65 Niagara Square, 713 City Hall
Buffalo, New York  14202
Tel.: (716) 816-3102