# BRAIN INJURY RIGHTS GROUP

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

October 25, 2022

**Via ECF**
Hon. Stewart D. Aaron
*Southern District of New York*
*Daniel Patrick Moynihan Courthouse*
500 Pearl Street
New York, New York 10007

Re: *United States of America, ex rel. Patrick Donohue v. Carranza, et al*
1:20-cv-05396 (GHW)(SDA)

Dear Judge Aaron,

As you may recall, the undersigned represents the Relator, Patrick Donohue, in the above-referenced action. On October 19, 2022, You Honor ordered the Plaintiff-Relator to meet and confer with the Wake County Defendants and Massachusetts Defendants and inform the Court of his intentions of the state law claims pled in the Second Amended Complaint. [ECF No. 199]. The Plaintiff-Relator has met and conferred with those Defendants on even date to discuss the pleadings and the state law claims against each Defendant therein.

*Wake County Defendants*

The undersigned conferred with the counsel Wake County Defendants this afternoon to discuss the pleadings and North Carolina state claims. In the Relator's Second Amended Complaint ("SAC"), he makes general state claim allegations under North Carolina General Statute (N.C.G.S.) §1-605-617, *et seq*. in paragraphs 11 and 233 of the SAC (pages 5 and 65, respectively).

During the meet and conferral, Relator and Wake County Defendants also discussed potentially stipulating to the dismissal of the North Carolina state claims, if Defendants could provide case law or other legal authority that Defendants are not "persons" as defined by N.C.G.S. §1-605-617, *et seq*. Both parties agreed that if this position could be substantiated, the Relator would agree to voluntarily dismiss those state claims against Wake County Defendants, as generally alleged within the SAC.

*Massachusetts Defendants*

Plaintiff-Relator has also met and conferred with the counsel of Somerville, Massachusetts Defendants (Somerville Public School District and Mary Skipper, as Superintendent) to discuss the Massachusetts state claims against the District and Ms. Skipper. Similar to the Wake County Defendants, the parties discussed potentially stipulating or voluntarily dismissing the Massachusetts state claims pled within paragraphs 5, 144, and 194-197 of the SAC (pages 5, 41, 79-80, respectively), if Defendants could provide legal authority that they are "arms of the State" or otherwise not "persons" as defined by Mass. Gen. Laws ch. 12, §5(B). Upon conferring with Somerville Defendants counsel, counsel advised that as shown in Exhibit 13 of the SAC, his client has not submitted any claims to Medicaid within the time period alleged. Counsel is in the process of obtaining and sharing these documents; if the documents indeed show that Somerville Defendants did not make any submissions, Relator would be willing to voluntarily dismiss the claims against Somerville Defendants.

At this time, Massachusetts Department of Education and Superintendent Jeffrey Riley have not yet appeared in this action. The Relator plans to update the Court on November 1, as previously ordered by Your Honor as to the Relator's intentions for those parties that have not yet appeared in this action. [ECF No. 199(7)]. At that time, the Relator will also update the Court as to the potential dismissal of the above-named Defendants with regard to those state law claims pled within the SAC.

Plaintiff-Relator thanks the Court for its continued courtesies and attention herein.

Respectfully submitted,

/s/ Ashleigh C. Rousseau
Ashleigh C. Rousseau, Esq. (5801923)
*Attorneys for the Plaintiffs*
Brain Injury Rights Group, Ltd.
300 E. 95th Street, #130
New York, New York 10128
ashleigh@pabilaw.org