**SHAUB, AHMUTY, CITRIN & SPRATT, LLP**

ATTORNEYS AT LAW
1983 MARCUS AVENUE
LAKE SUCCESS, NEW YORK 11042-1056
(516) 488-3300
Facsimile: (516) 488-2324
info@sacslaw.com

Jonathan P. Shaub
jshaub@sacslaw.com

Nicholas Tam
ntam@sacslaw.com

November 15, 2022

By ECF
Hon. Stewart D. Aaron
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Donohue v. Richard Carranza, et al.*
      No. 20 Civ. 05396 (GHW) (SDA)

Dear Magistrate Judge Aaron:

We represent defendants Niagara Falls City School District s/h/a Niagara Falls Public School District and Mark Laurrie, in his official capacity as Superintendent (collectively, "Niagara"), in the above-referenced action. We write to request a pre-motion conference prior to filing a motion to vacate the clerk's certificate of default filed pursuant to Fed. R. Civ. P. 55(c), and a motion to dismiss relator's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). A pre-motion conference may obviate the need for motion practice, or at a minimum, streamline the issues.

A.   <u>Niagara's Motion To Vacate The November 2, 2022 Certificate of Default</u>

First, Niagara will move to set aside the November 2nd certificate of default pursuant to Fed. R. Civ. P. 55(c) (Dkt. # 217). Where, as here, a certificate of default has been entered by the clerk, but no default judgment has yet been entered, the Court decides the motion to vacate pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). See <u>Meehan v. Snow</u>, 652 F.2d 274, 276 (2d Cir. 1981). When determining whether good cause exists to set aside a default, courts consider: (1) the willfulness of the default, (2) the existence of a meritorious defense, and (3) the level of prejudice that the non-defaulting party may suffer should relief be granted. <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 171 (2d Cir. 2001). The determination of whether to set aside a default is left to the sound discretion of the judge. <u>Johnson v. New York Univ.</u>, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018).

Here, good cause to set aside the default exists because Niagara's conduct was not willful, a meritorious defense to the action exists, and relator will not be prejudiced by the vacatur. As to the willfulness element, Niagara maintains that this action was not properly commenced because relator never served Niagara with the initial summons and complaint. Along these lines, Niagara's

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Page 2

initial counsel James C. Roscetti informed relator in February and March 2022, that personal service was defective, but received no response resolving this issue. Nevertheless, on October 17, 2022, relator indicated by letter to the Court his intention to seek a default (Dkt. # 198). Accordingly, Mr. Roscetti drafted a limited Notice of Appearance to contest personal jurisdiction, but encountered difficulties filing the documents which, unbeknownst to him, was apparently the result of a lapse in his *pro hac vice* status.

In a good faith effort to avoid default, on October 31st Mr. Roscetti e-mailed relator copies of the limited Notice of Appearance, a letter to the Court, and his Certificate of Good Standing, and requested relator file the documents on his behalf. Despite these attempts to confer and resolve the issues, relator filed a declaration on November 1st stating that Niagara "ha[s] filed no paper in this action" and "ha[s] not yet filed an Answer or Motion to Dismiss in this action, nor have they indicated they intend to in the near future" (Dkt. # 213 at ¶¶ 11-13). These representations paint an incomplete picture given Mr. Roscetti's correspondence with relator and attempts to file documentation to avoid a default.

The foregoing demonstrates administrative error or, at most, an inadvertent oversight, insufficient to support a finding of willfulness. E.g., Puddu v. 6D Glob. Techs., Inc., No. 15 Civ. 8061 (AJN), 2020 WL 2833852, at *4 (S.D.N.Y. May 31, 2020) (no willfulness where defendant had actual notice of his involvement in case, but believed he had not been served). Because Niagara retained new counsel mere days after the default and filed this letter setting forth its intent to remedy the default, Niagara cannot be said to have committed egregious conduct evincing bad faith motive. See, e.g., Vedder Price P.C. v. US Capital Partners, LLC, No. 16 Civ. 6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017) (no willfulness where defendant had mistaken belief of extension and took immediate action in wake of clerk's issuance of certificate of default).

Niagara also has meritorious defenses. The threshold for this factor is "very low" (Vedder Price P.C., 2017 WL 4180021, at *3), and a "defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." Entertainment by J&J Inc. v. Crisci, No. 99 Civ. 8870(LAP), 2007 WL 2850470, at *2 (S.D.N.Y. Sept. 28, 2007). As set forth below, Niagara is likely to prevail on the merits.

Finally, relator cannot establish prejudice from the vacatur of the default. A plaintiff seeking to establish prejudice "must show the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion-circumstances that make it more difficult for plaintiff to prosecute its case." Vedder Price, 2017 WL 4180021, at *4. None of these factors are present at this early stage in the litigation.

B.   Motion To Dismiss Relator's Second Amended Complaint

As various defendants have already done, Niagara intends to file a motion to dismiss the SAC because it contains nothing but conclusory allegations that Niagara fraudulently billed the government.[1] Under Fed. R. Civ. P. 12(b)(6), courts must gauge a pleading's facial sufficiency

---

[1] These issues are fully ventilated in the motion to dismiss filed by the New York City Department of Education, et al., which, in the interest of brevity, Niagara incorporates by reference herein (Dkt. ## 165, 169).

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Page 3

using a standard which, though unexacting in its requirements, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation". Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Consequently, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. As the Second Circuit observed, "[w]hile Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiffs'] claims across the line from conceivable to plausible." Transhorn, Ltd. v. United Techs. Corp., 502 F.3d 47, 50 (2d Cir. 2007).

Applying this standard, the SAC must be dismissed because it fails to allege: (i) that Niagara submitted fraudulent claims to the government, including reimbursement for funds under the Individuals with Disabilities Education Act or Medicaid; (ii) a reverse false claim; (iii) a conspiracy; or (iv) Niagara violated any New York State or New York City laws, including the New York False Claims Act, New York City False Claims Act, New York Social Services Law, or New York Penal Code. While relator's SAC contends that Niagara rendered "inappropriate" services in the remote learning environment during the Covid-19 pandemic and submitted false claims without revising students' Individualized Education Plans ("IEP"), he ignores the guidance issued by various administrative bodies, including the New York State Medicaid Agency and the United States Department of Education. These agencies authorized school districts to provide services remotely during school closures, did not require IEPs to be updated to reflect such change in modality, and instructed school districts to conduct assessments and provide compensatory services upon resumption of normal operations, if necessary. Relator was aware of such guidance based upon the matter J.T. v. de Blasio, 500 F. Supp.3d 137 (S.D.N.Y. 2020), a prior action filed by his law firm in which Chief Judge Colleen McMahon rejected many of the claims he raises here.

Additionally, Niagara seeks a pre-motion conference to reduce the issues in dispute in its motion to dismiss given relator's October 17th letter indicating that he "has also agreed to dismiss the New York State and New York City claims against the New York Defendants, to wit, the New York City Department of Education, and Buffalo Public Schools and their respective Superintendents" and "intends to file a Motion for Dismissal with regard to those State and City claims against Niagara Falls Public School District and Mark Laurrie, in his official capacity as the Superintendent, as those Parties have not yet appeared." (Dkt. # 198).

Accordingly, we respectfully request an in-person or telephonic pre-motion conference to discuss the above.

Respectfully submitted,

Jonathan P. Shaub

Nicholas Tam

cc: Counsel of Record

4889-2588-3710, v. 1