# BRAIN INJURY
# RIGHTS GROUP

Address:  300 E 95th St., Suite #130 New York, NY 10128
Telephone:  646.850.5035
Website:  www.braininjuryrights.org

November 23, 2022

**Via ECF**
Hon. Stewart D. Aaron
*Southern District of New York*
*Daniel Patrick Moynihan Courthouse*
500 Pearl Street
New York, New York 10007

Re:     *United States of America, ex rel. Patrick Donohue v. Carranza, et al*
         1:20-cv-05396 (GHW)(SDA)

Dear Judge Aaron,

As you may recall, the undersigned represents the Relator, Patrick Donohue, in the above-referenced action. On October 19, 2022, You Honor ordered the Plaintiff-Relator to address the intentions of Defendants Niagara Falls Public School District and Superintendent Mark Laurrie to set aside the Clerk's Certificate of Default entered on November 2, 2022. [ECF No. 228]. Kindly accept this correspondence as the Relator's response to same.

Defendants correctly cite that when determining if good cause exists to set aside a default, courts generally consider: (1) the willfulness of the default; (2) the existence of a meritorious defense; and (3) the level of prejudice that the non-defaulting party may suffer, should the relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Though Defendants vehemently allege that good cause exists to set aside the default, when examining the facts in totality, little to no good cause exists to excuse Defendants' behavior. Accordingly, the Relator intends to stand on the motion for default against the Niagara Falls Defendants for the reasons stated herein.

## A.  No Good Cause Exists to Set Aside the Default Against Defendants

In their letter motion, Counsel for the Niagara Falls Defendants claims that he contacted Relator's counsel as early as February 2022, which is indeed true. [ECF No. 226]. However, the description of Counsel's correspondence is not entirely accurate. In fact, Mr. Roscetti reached out via email in February and indicated that "I know in the past we did not consent to service as we were dealing with the insurance carrier who has since disclaimed coverage."[1] At that time, in no way did Mr. Roscetti indicate that the personal service effectuated on February 2, 2022, was defective. To the contrary, Mr. Roscetti indicated that he would accept service, even though personal service had already been effectuated on Defendants.

After these email correspondences, Counsel remained silent until October 2022, when he again emailed Relator's counsel with regard to the noticed default against his clients. In the October 2022 email correspondence (which references a March letter that was not attached nor received by Relator's counsel, but was later attached to the proposed filing to the Court, as further explained herein), Counsel indicated that he was "under the impression that [Relator was] going to serve the district." The undersigned then informed counsel that his clients had already been personally served and provided the affidavits of personal service to counsel. [*See,* ECF No. 213-1]. The undersigned

---

[1] Copies of the email correspondences are annexed hereto.

inquired as to whether counsel would enter an appearance. After no response, the undersigned followed up three days later and again asked if counsel intended to appear. Counsel then forwarded a Notice of Appearance, letter, and Certificate of Good Standing, requesting that the Relator file same to the Court's docket. After conferring with a senior associate within the firm, the undersigned felt uncomfortable filing on behalf of Counsel, who openly acknowledged he was not admitted to practice in the Southern District. If the undersigned were to file on this Court's docket on his behalf, the undersigned would be assisting Counsel in the practice of law outside of his barred jurisdiction(s), as a filing in the ECF system is the official signature of the attorney filing the document. *See,* S.D.N.Y. ECF Rule 8.1. Additionally, Counsel claims in his letter that his *pro hac vice* status had expired, citing this as the reason he failed to appear. Ordinarily, *pro hac vice* status is granted to attorneys on a case-by-case basis and must be applied for before the Judge presiding over the case at bar.[2] Thus, it was clear Mr. Roscetti was not authorized to practice within the Southern District for the instant matter when his request was made.

Counsel's letter to the Court also did not indicate that his clients intended to file an Answer or, alternatively, a Motion to Dismiss. The undersigned did not file the documents sent by counsel, but noted in the Declaration supporting the default that counsel <u>had</u> in fact reached out to the Relator, but each time, failed to indicate whether Defendants would actively participate in the instant litigation. [ECF No. 213]. Now, after a Certificate of Default has been issued, Defendants claim they were not properly served, even though they had not informed the Relator that they were disputing the Affidavits of Service for the personal service effectuated on February 2, 2022, accepted by Judith Glaser. [ECF No. 213-1].

Now, in a letter to this Court, Defendants raise service as an issue for the first time, and despite being aware of this lawsuit as early as February-March 2022, have indicated that they will "piggyback" on the motions already submitted. From February to October, Counsel made no effort to become admitted within the Southern District, and it was not until the Certificate was entered by the Clerk that Defendants acted. Thus, the Defendants have offered no meritorious defense as to why they failed to appear in this action. Given the facts, it is disingenuous for Defendants to contend that their failure to appear in this action was ***not*** willful. Thus, the Relator respectfully submits that Defendants should not be absolved of their default.

**B. This Court Should Not Excuse Niagara Falls Defendants' Default**

In the Southern District, courts have held that "an entry of a default judgment should…be made only where there was willful default, such that the failure to answer was more than mere negligence or carelessness." *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Here, Defendants have failed to present a meritorious defense beyond mere conclusory statements. *Sony Corp. v. ELM Elecs. Inc.*, 800 F.2d 317, 321 (2d Cir. 1986), citing *Breuer Electric Manufacturing v. Tornado Systems of America*, 687 F.2d 182, 186 (7th Cir. 1982). Although an answer allows for general denials that are normally enough to raise a meritorious defense, "the moving party on a motion to reopen a default must support its general denials with some underlying facts." *Id.* In this case, Defendants acknowledge their awareness of this lawsuit as early as February 2022. Before this Court's Order on January 28, 2022, the Relator had attempted to mail service copies of the Issued Summons, Complaint, and Supporting Exhibits to each Defendant with an Acknowledgment and Waiver of Service to be returned to Relator's Counsel. [*See*, ECF No. 213, ¶5]. Defendants initially reached out

---

[2] *See,* Cornell Legal Information Institute: "Pro hac vice" [definition], accessed at:
https://www.law.cornell.edu/wex/pro_hac_vice.

to Relator's Counsel after the mailing and after personal service had been effectuated, yet for the eight months that followed, failed to enter an appearance, Answer, or Motion in this case.

Further, at no time did Counsel indicate that the personal service that was effectuated was improper. In fact, in his correspondence that he requested be filed with the Court, Counsel does not indicate that service was defective; rather, he states, "While we have been communicating with Plaintiff's counsel, we have not yet been able to resolve the service issue." However, he does not elaborate on what the "service issue" was, or even allege that his clients were improperly served. Defendants' letter motion is similarly unhelpful in this regard, as Defendants fail to cite any meritorious reason as to why they believed they did not have to answer or otherwise move against the Relator's Second Amended Complaint.

In deciding whether to reopen the entry of default, courts have considered whether the failure to file a timely answer was the result of a good faith mistake. *See Sony Corp. v. ELM State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986), citing *Latini v. R.M. Dubin Corp.*, 90 F. Supp. 212, 215 (N.D. Ill. 1950) (defendant's good faith mistake regarding jurisdiction prevented entry of default judgment and justified enlargement of time to file answer); *Henry v. Metropolitan Life Insurance Co.*, 3 F.R.D. 142, 143-44 (W.D. Va. 1942) (counsel's mistaken belief that answer had been filed and the hospitalization of counsel when case was removed from state to federal court caused court to "strain" its discretion and deny motion for judgment of default). Here, Counsel has not alleged a good faith mistake nor an allegation of improper service. Although default judgments are often disfavored, courts have held that there is a "competing interest in maintaining "an orderly efficient judicial system" in which default is a useful weapon "for enforcing compliance with the rules of procedure." *Sony Corp. v. ELM Elecs. Inc.,* 800 F.2d 317, 320 (2d Cir. 1986), citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Civil 2d § 2693 at 478.

Accordingly, the Relator respectfully declines to vacate the Certificate of Default against Niagara Falls Defendants. However, in the event that this Court sets aside the Certificate of Default from the Clerk, the Relator agrees to work with Niagara Falls Defendants to voluntarily dismiss the New York State claims, as done with the Buffalo and New York City Defendants. The Relator does not object to the Niagara Falls Defendants filing a motion to dismiss incorporating arguments from previous motions filed by other Defendants; the Relator intends to oppose any such motion on the same or similar grounds on which he opposed the previously-filed motions.

Plaintiff-Relator thanks the Court for its continued courtesies and attention herein.


Respectfully submitted,

/s/ Ashleigh C. Rousseau
Ashleigh C. Rousseau, Esq. (5801923)
*Attorneys for the Plaintiffs*
Brain Injury Rights Group, Ltd.
300 E. 95th Street, #130
New York, New York 10128
ashleigh@pabilaw.org

cc:
*All Counsel* (via ECF)

 Gmail

**Ashleigh Rousseau <ashleigh@pabilaw.org>**

---

## Donohue federal action SDNY
3 messages

---

**James Roscetti** <jcroscetti@gmail.com>        Wed, Feb 23, 2022 at 10:49 AM
To: ashleigh@pabilaw.org, rory@pabilaw.org
Cc: Angelo <hoveymassaro@aol.com>

Ashleigh and Rory

I am an attorney in Niagara Falls New York and one of the attorneys who represent the Niagara Falls city school District

I called both of you earlier today and left a message and advised that I would follow up with this email

As Niagara Falls city school District is a named defendant in the above referenced lawsuit will you contact me to discuss further proceedings with respect to same.

I know in the past we did not consent to service as we were dealing with the insurance carrier who has since disclaimed coverage.

Await your call. Probably best to call me anytime on my cell phone 716-553-2039

Thanks

--

### JIM

*James C. Roscetti, Esq.*
*Roscetti & DeCastro, P.C.*
*730 Main Street*
*Niagara Falls, New York 14301*
*Phone: 716-282-1242 ext. 122*
*Fax:      716-282-5090*

---

**Ashleigh Rousseau** <ashleigh@pabilaw.org>        Thu, Feb 24, 2022 at 2:28 PM
To: James Roscetti <jcroscetti@gmail.com>, "rory@pabilaw.org" <rory@pabilaw.org>
Cc: Angelo <hoveymassaro@aol.com>

Hi James,

Thank you for your email! Sorry I wasn't able to take your call yesterday—I've been strapped with an appeal and another motion.

I believe this is in reference to the Qui Tam matter before Judge Woods [Docket No. 20-cv-05396]? Kindly confirm.

Additionally, did your office accept service or are you reaching out to advise that your clients will be rejecting service?

I apologize in advance if my responses are delayed—unfortunately, Rory was in a car accident last night so I'm covering most of the federal matters in our office.


I look forward to hearing from you!


Thank you,


Ashleigh Rousseau

[Quoted text hidden]

---

**James Roscetti** <jcroscetti@gmail.com>                         Thu, Feb 24, 2022 at 4:10 PM
To: Ashleigh Rousseau <ashleigh@pabilaw.org>
Cc: "rory@pabilaw.org" <rory@pabilaw.org>, Angelo <hoveymassaro@aol.com>

ashleigh

thanks for the response

first my give my best thoughts to rory for a good recovery

yes that is the correct action - patrick donohue

our client did not accept service - on advise of insurer who since declined coverage

we will now consent to service

advise how you would like to proceed - further we would like to discuss this matter with you to

get a better handle on what are involvement could be

perhaps we could talk next week

thanks
[Quoted text hidden]

Case 1:20-cv-05396-GHW-SDA Document 229 Filed 11/23/22 Page 7 of 8

M **Gmail**

Ashleigh Rousseau <ashleigh@pabilaw.org>

## Patrick Donohue Qui Tam case ; 1:20-cv-05396
4 messages

**James Roscetti** <jcroscetti@gmail.com>                     Wed, Oct 19, 2022 at 3:31 PM
To: Ashleigh Rousseau <ashleigh@pabilaw.org>
Cc: Angelo <hoveymassaro@aol.com>, rory@pabilaw.org

Ashleigh

It has been some time since we last talked with respect to the above mentioned matter.

In fact I believe our letter of March 7, 2022 address to you, copy attached, may been the last communication

Quite frankly we believed since that time you were not going any further against the Niagara Falls city school District who we represent. We recently came across your letter to the court dated October 17, 2022 concerning the taking of a default against our school District.

As you can see from the attached, we were under the impression that you were going to serve the district, we would accept service and did not intend to default.

I called you earlier today and left a message. Upon receipt of this email kindly contact me to discuss further proceedings.

It is  best to call my cell  ,at any time, 716-553-2039. Thanks

--

JIM

*James C. Roscetti, Esq.*
*Roscetti & DeCastro, P.C.*
*730 Main Street*
*Niagara Falls, New York 14301*
*Phone: 716-282-1242 ext. 122*
*Fax:     716-282-5090*

**Ashleigh Rousseau** <ashleigh@pabilaw.org>                  Tue, Oct 25, 2022 at 9:50 AM
To: James Roscetti <jcroscetti@gmail.com>
Cc: Angelo <hoveymassaro@aol.com>, rory@pabilaw.org

Good morning James,

Apologies for the delay. I am unsure of what you mean by "we were under the impression that you would serve the district." After going through our file, I have an affidavit of service for both Niagara Falls and Mark Laurrie, served with the Second Amended Complaint on February 2, 2022. Service was received by Ms. Judith Glaser. Please see attached for the affidavits of service.

I'm not sure what would've given your client the impression that the Relator was not going to proceed against them, but given that both the school district and Superintendent were properly served, the Realtor intends to proceed. Will you be entering an appearance in this matter?

Kindly let us know.

Thank you,

Ashleigh

[Quoted text hidden]

---

**2 attachments**

 **Niagara Falls Public School District.pdf**
78K

 **Mark Laurrie.pdf**
89K

---

**Ashleigh Rousseau** <ashleigh@pabilaw.org>                    Fri, Oct 28, 2022 at 10:43 AM
To: James Roscetti <jcroscetti@gmail.com>
Cc: Angelo <hoveymassaro@aol.com>, rory@pabilaw.org

Good morning James,

Just following up on this. Will your office be entering an appearance? The Court would like an update as to the Relator's
default certificates by November 1.

Kindly let us know.

Thank you,

Ashleigh Rousseau
[Quoted text hidden]

---

**James Roscetti** <jcroscetti@gmail.com>                    Mon, Oct 31, 2022 at 11:51 AM
To: Ashleigh Rousseau <ashleigh@pabilaw.org>

Ashleigh

My plan, in the short run is to file a limited notice of appearance, a letter  to the court and my certificate of good standing

Copies are attached. Unfortunately I thought the process to efile would be quicker and  easier

then it turned out to be. Hopefully I will get it filed  today , but I need to file a motion and get a registration number etc.

Certainly you are authorized to advise the court of these documents and I have no objection, if it is allowed, that you file
same

if you would be so inclined. I am able  to talk to you and  the court , or just  you at any  appropriate time

This should get us on the road to catching up and further procedings

Feel free to call me anytime my cell-- 716-553-2039

Thanks
[Quoted text hidden]

---

 **nfcsd  sdny .pdf**
118K