# SHAUB, AHMUTY, CITRIN & SPRATT, LLP

ATTORNEYS AT LAW
1983 MARCUS AVENUE
LAKE SUCCESS, NEW YORK 11042-1056
(516) 488-3300
Facsimile: (516) 488-2324
info@sacslaw.com

Jonathan P. Shaub
jshaub@sacslaw.com

Nicholas Tam
ntam@sacslaw.com

November 30, 2022

By ECF
Hon. Stewart D. Aaron
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re: *Donohue v. Richard Carranza, et al.*
              No. 20 Civ. 05396 (GHW) (SDA)

Dear Magistrate Judge Aaron:

      We represent defendants Niagara Falls City School District s/h/a Niagara Falls Public School District and Mark Laurrie, in his official capacity as Superintendent (collectively, "Niagara"), in the above-referenced action. We write this letter in response to relator's November 23rd letter in opposition to our request for a pre-motion conference prior to filing a motion to vacate the clerk's certificate of default pursuant to Fed. R. Civ. P. 55(c), and a motion to dismiss relator's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (Dkt. # 229).

A.     Relator Failed To Rebut Niagara's Showing Of Good Cause

      Relator's letter is devoid of any showing that Niagara's default was willful or that he would suffer any prejudice if the default was vacated. Although relator contends that no good cause exists to set aside the default, he failed to rebut Niagara's showing that their default was not willful, they have meritorious defenses, and relator will not suffer any prejudice from vacatur of the default. While relator quibbles over the meaning of his communications with Niagara's initial counsel, he fails to appreciate that Niagara's inadvertent default resulted from the fact that he did not properly serve Niagara. Also, relator neglects to dispute the merit of Niagara's defenses and failed to establish that he would suffer prejudice from vacatur of the default.

      1.     Niagara's Default Was Not Willful

      At all times, Niagara has maintained that this action was not properly commenced, but nonetheless made efforts to resolve the service issue and avoid default. Initially, on April 5, 2021, this Court unsealed relator's amended complaint and ordered service upon all defendants (Dkt. # 5), but relator never served the amended complaint upon Niagara. Relator then filed the SAC on September 29, 2021 (Dkt. # 19) along with a request for the issuance of summonses to accompany the SAC (Dkt. # 20). This Court directed the clerk to issue all summonses and, separately, ordered

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Page 2

relator to serve the SAC by November 19, 2021, and file proof of service by December 6, 2021 (Dkt. # 21). Relator, however, did not serve Niagara with the SAC until February 2, 2022, nor file proof of service until March 24, 2022 (Dkt. # 116). Notably, relator's affidavit of service (Dkt. # 116) makes clear that he only served Niagara with the SAC, but failed to include the summons as required by Fed. R. Civ. P. 4(c)(1). See Osrecovery, Inc. v. One Group Intern., Inc., 234 F.R.D. 59, 60 (S.D.N.Y. 2005) ("Service of process in the federal system requires service of a summons, in the manner prescribed in Rule 4, together with a copy of the complaint."); Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). As relator failed to serve the documents identified in FRCP 4(c)(1), service was defective. Barron v. Miami Executive Towers Assocs. Ltd. P'Ship, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("actual receipt of both the summons and the complaint is a base requirement" of Rule 4).

Against this backdrop, Niagara's initial counsel, James C. Roscetti, reasonably and correctly believed that relator failed to properly effectuate personal service. Significantly, however, Mr. Roscetti did not stay silent as to these issues, but rather informed relator there were issues with service by correspondence in February and March 2022. Relator neglected to remedy these issues and chose, instead, to file a letter on October 17, 2022 indicating his intention to seek a default (Dkt. # 198). As set forth in Niagara's pre-motion letter, Mr. Roscetti attempted to file a Limited Notice of Appearance to contest personal jurisdiction and avoid a default, but encountered difficulties uploading the documents prior to the clerk issuing a certificate of default. Niagara has retained new counsel and promptly sought to remedy the default by way of pre-motion letter setting forth the circumstances that were omitted by relator in his default application.

At bottom, relator has failed to rebut Niagara's showing that its default was not willful but was only administrative error or, at most inadvertent oversight precipitated by relator's own defiance of this Court's order and misapplication of the Federal Rules of Civil Procedure. Under either characterization, there is insufficient evidence to support a finding of willfulness (Puddu v. 6D Glob. Techs., Inc., No. 15 Civ. 8061 (AJN), 2020 WL 2833852, at *4 (S.D.N.Y. May 31, 2020)), particularly in light of Niagara's immediate action to remedy the default (Vedder Price P.C. v. US Capital Partners, LLC, No. 16 Civ. 6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017)).

    2.    Niagara Has A Meritorious Defense

Relator advances two arguments regarding the merits of Niagara's defense, both of which miss the mark. First, he misapprehends the law by arguing that Niagara "ha[s] offered no meritorious defense as to why they failed to appear in this action" (Dkt. # 229, at 2). This standard, as this Court has observed, is part of the more rigorous showing requiring "excusable neglect" under Rule 60(b), not Rule 55(c) which applies where no default judgment has been entered. See Atlantic Pacific Lines Inc., v. North American Cargo, Inc., 19 Civ. 08037 (GBD) (SDA), 2021 WL 5853327, at *3 (S.D.N.Y. Dec. 9, 2021). The relevant inquiry is the "very low" threshold question of whether Niagara has a meritorious defense to the *merits* of the action (Vedder Price P.C., 2017 WL 4180021, at *3), not a defense to its default. Second, relator contends that Niagara failed to present a meritorious defense beyond mere conclusory statements (Dkt. # 229, at 2). A cursory review of Niagara's pre-motion letter belies this claim. As set forth therein, Niagara has

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Page 3

a meritorious argument for dismissal of plaintiff's complaint as facially insufficient under Fed. R. Civ. P. 12(b)(6). Furthermore, Niagara, given the applicable page limits, adopted the arguments that were fully ventilated in the motion to dismiss filed by the New York City Department of Education, et al. (Dkt. ## 165, 169). As a "defendant need not establish his defense conclusively", but only is required to "present evidence of facts that, if proven at trial, would constitute a complete defense" (Entertainment by J&J Inc. v. Crisci, No. 99 Civ. 8870(LAP), 2007 WL 2850470, at *2 (S.D.N.Y. Sept. 28, 2007)), Niagara has satisfied the meritorious defense element.

3. Relator Did Not Demonstrate Any Prejudice

Relator's only reference to prejudice is his recital of the Pecarsky factors and he otherwise entirely fails to rebut Niagara's argument that he cannot establish that he would suffer any prejudice if the default was vacated (Dkt. # 229, at 1). This point should be deemed conceded. A plaintiff seeking to prove prejudice from the vacatur of a default "must show the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion-circumstances that make it more difficult for plaintiff to prosecute its case." Vedder Price, 2017 WL 4180021, at *4. Here, relator presented no evidence of any of these factors, thus admitting that none of these factors are present at this early stage in the litigation.

B. Niagara's Motion To Dismiss

Finally, relator "does not object to the Niagara Falls Defendants filing a motion to dismiss incorporating arguments from previous motions filed by other Defendants." Niagara, however, intends to file a succinct memorandum addressing the contentions against it raised in the SAC and reserves its right to supplement co-defendants' arguments where necessary following a complete review of the pleadings, exhibits, and motion papers.

We note that relator "agrees to work with [Niagara] to voluntarily dismiss the *New York State claims*, as done with the Buffalo and New York City Defendants" (Dkt. # 229, at 3 [emphasis added]), but is silent on his position on the New York City claims despite his position in his October 17, 2022 letter (Dkt. # 198, at 2) that he intended to withdraw both the State *and* City claims. In the absence of any explanation as to why the New York City claims are unaddressed in his letter, we presume the omission is a scrivener's error.

Accordingly, we respectfully request an in-person or telephonic pre-motion conference to discuss the above.

Respectfully submitted,

Jonathan P. Shaub

Nicholas Tam

cc: Counsel of Record

4891-8193-2606, v. 1