USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America and State of New York, ex rel. Patrick Donohue,<br><br>          Plaintiff,<br><br>-against-<br><br>Richard Carranza, in his official capacity as the former Chancellor of New York City Department of Education, et al.,<br><br>          Defendants. | 1:20-cv-05396 (GHW) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by defendants Niagara Falls City School District ("Niagara School District") and Mark Laurrie ("Laurrie"), in his official capacity as Superintendent (collectively, the "Niagara Defendants"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to vacate the Clerk's Certificate of Default entered against them. (Niagara Defs.' Ltr. Mot., ECF No. 226.) For the reasons set forth below, the Niagara Defendants' motion is GRANTED.[1]

**BACKGROUND**

In his initial Complaint in this *qui tam* action, dated July 13, 2020, Plaintiff-Relator named as defendants Richard Carranza ("Carranza"), in his official capacity as Chancellor of the New York City Department of Education ("NYCDOE"); the NYCDOE; the City of New York; New York State School Districts, including the Niagara School District; and Counties of New York State. (*See*

---

[1] A motion to set aside entry of default is subject to disposition by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).

Compl., ECF No. 7.) In his First Amended Complaint, Plaintiff added as defendants hundreds of school districts around the country and continued to name the Niagara School District as a defendant. (*See* 4/6/21 docket entry, ECF No. 12.)

By letter, dated July 6, 2021, Plaintiff-Relator advised the Court that he "wishe[d] to amend the First Amended Complaint prior to service" and that he was "in the process of drafting the Second Amended Complaint, which [would] drastically reduce the number of Defendants named in the First Amended Complaint." (Pl.'s 7/6/21 Ltr., ECF No. 14, at 2.) The Second Amended Complaint ("SAC"), which was filed September 24, 2021, names as defendants Carranza, in his official capacity as former Chancellor of the NYCDOE; Meisha Porter, in her official capacity as Chancellor of the NYCDOE; the NYCDOE; the Massachusetts Department of Education; and a select group of school districts (and their superintendents) in the State of New York and elsewhere, including the Niagara School District and Laurrie. (*See* SAC, ECF No. 19.)

By Order dated October 20, 2021, Plaintiff-Relator was given a deadline of November 19, 2021 to serve the SAC and a deadline of December 6, 2021 to file proof of such service with the Court. (10/20/21 Order, ECF No. 21, at 2.) On October 22, 2021, summonses were issued for the Niagara School District and Laurrie. (*See* Summonses, ECF Nos. 25-26.) Thereafter, certain of the Defendants (but not including the Niagara School District and Laurrie) were served with, and acknowledged service of, the SAC. (*See*, *e.g.*, 12/15/21 Acknowledgments of Service, ECF Nos. 54-66.)

By Order dated January 4, 2022, the deadline to complete service of process on all remaining Defendants was extended to January 31, 2022. (1/4/22 Order, ECF No. 72, ¶ 1.) On

2

February 2, 2022, the SAC was served[2] on the Niagara School District (*see* 3/24/22 Aff. of Service, ECF No. 116) and Laurrie (*see* Rousseau 11/1/22 Decl., Ex. 1, ECF No. 213-1),[3] after the deadline for service had expired.

On February 23, 2022, James Roscetti, counsel for the Niagara School District, sent an email to Ashleigh Rousseau, Plaintiff-Relator's counsel, stating that "in the past we did not consent to service." (Pl.'s 11/23/22 Ltr., ECF No. 229, at PDF p. 5.) On February 24, 2022, Attorney Roscetti sent an email stating that "we will now consent to service," and asking Attorney Rousseau to "advise how [she] would like to proceed." (*See id*. at PDF p. 6.)

On October 19, 2022, Attorney Roscetti sent an email to Attorney Rousseau stating, "we were under the impression that you were going to serve the district, we would accept service and did not intend to default." (*See* Pl.'s 11/23/22 Ltr. at PDF p. 7.) On October 28, 2022, Attorney Rousseau sent an email to Attorney Roscetti asking if he would be entering a Notice of Appearance. (*See id*. at PDF p. 8.) On October 31, 2022, Roscetti responded by email, stating that his "plan, in the short run[,] [was] to file a limited notice of appearance, a letter to the court and [his] certificate of good standing," copies of which were enclosed with his email, and also stating that "[h]opefully" he would "get it filed today." (*See id*.)

The next day, on November 1, 2022, Rousseau filed a declaration in support of her request for a Certificate of Default against the Niagara Defendants. (Rousseau 11/1/22 Decl., ECF No.

---

[2] The Affidavit of Service states that the SAC and Exhibits 1 to 22 were served, but does not state that the summons was served. (*See* 3/24/22 Aff. of Service.)

[3] It appears that Plaintiff-Relator did not file to the ECF docket its proof of service upon Laurrie until Plaintiff-Relator sought a Certificate of Default against Laurrie in November 2022.

213.) In her Declaration, she acknowledges that she had received emails from Attorney Roscetti and that the Niagara Defendants "intend to appear in this action." (*See id*. ¶ 12.)

On November 2, 2022, a Certificate of Default was entered against the Niagara Defendants. (*See* 11/2/22 Cert. of Default, ECF No. 217.) On November 15, 2022, counsel of record (not Attorney Roscetti) appeared on behalf of the Niagara Defendants. (*See* Not. of Appearance, ECF No. 225.) On the same date, the Niagara Defendants moved to vacate the Certificate of Default.

### **LEGAL STANDARDS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level

of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

**ANALYSIS**

Applying the relevant factors, the Court, in its discretion, finds that the Niagara Defendants' default must be set aside, as discussed below.

**I.    The Niagara Defendants' Default Was Not Willful**

The Court finds that the Niagara Defendants' default was not willful. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-05346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Conduct that is "merely negligent or careless" does not suffice. *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Courts should "resolve any doubt about [a

defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

In the present case, counsel for the Niagara Defendants was in email communication with Plaintiff-Relator's counsel up until the day before she filed her application for a Certificate of Default against the Niagara Defendants. Indeed, in her Declaration, Plaintiff-Relator's counsel acknowledges that she had received emails from counsel for the Niagara Defendants and that the Niagara Defendants "intend[ed] to appear in this action." (*See* 11/1/22 Decl. ¶ 12.) At worst, the conduct by counsel for the Niagara Defendants was negligent or careless. Accordingly, the Court finds that the Niagara Defendants' conduct was not willful.[4]

## II. The Niagara Defendants Established A Meritorious Defense

The Court finds that the Niagara Defendants have established a meritorious defense. Courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor. *See, e.g., Allen v. Norman*, No. 08-CV-06041 (BSJ) (HBP), 2012 WL 3525584, at *6 (S.D.N.Y. July 23, 2012) ("[W]hether a meritorious defense is presented requires only that the defendant meet a low threshold"); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins*. Co., 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

The papers filed by other Defendants in support of their motions to dismiss set forth a plausible meritorious defense that would apply equally to the Niagara Defendants. (*See, e.g.*,

---

[4] Even if the Niagara Defendants' conduct somehow were found to be willful, their default should be vacated based upon application of the two factors discussed below. *See Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17-CV-09489 (AJN), 2019 WL 1099944, at *4 (S.D.N.Y. Mar. 8, 2019) (granting motion to set aside clerk's entry of default despite finding that "[d]efendant's default was willful" and that defendant had only put forward "the bare minimum for showing the possibility of meritorious defenses").

Defs.' 6/30/22 Mem., ECF No. 169.) In addition, the Eastern District of Virginia previously granted a motion to dismiss Plaintiff-Relator's federal claims in the SAC. *See U.S. ex rel. Donohue v. Carranza*, No. 22-CV-00189 (AJT) (IDD), 2022 WL 3226191, at *5-9 (E.D. Va. July 1, 2022).

### III.     Plaintiff-Relator Will Not Be Prejudiced By Vacating The Default

Plaintiff-Relator has not established that he will suffer any prejudice by vacating the Certificate of Default. Indeed, in his response to the Niagara Defendant's motion, Plaintiff-Relator fails to mention prejudice at all, except to note that "the level of prejudice that the non-defaulting party may suffer" is a factor a court will consider in deciding a motion to set aside a default. (*See* Pl.'s 11/23/22 Ltr. at 1.)

### CONCLUSION

For the foregoing reasons, the Niagara Defendants' motion to vacate the Clerk's Certificate of Default is GRANTED. The Clerk of Court respectfully is directed to vacate the Certificate of Default against the Niagara Defendants (ECF No. 217). No later than December 23, 2022, the Niagara Defendants shall file their anticipated motion to dismiss the Second Amended Complaint. No later than January 13, 2023, Plaintiff-Relator shall file his opposition. No reply papers shall be permitted, given the voluminous briefing of the legal issues that already exist in the record.

In addition, counsel for Plaintiff-Relator and the Niagara Defendants shall meet and confer regarding dismissal of the New York State and New York City claims against the Niagara Defendants and, no later than December 16, 2022, shall file an appropriate stipulation of dismissal.

**SO ORDERED.**

Dated: December 3, 2022
       New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**