# BRAIN INJURY RIGHTS GROUP

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

January 13, 2023

**Via ECF**
Hon. Stewart D. Aaron
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States of America, ex rel. Patrick Donohue v. Carranza, et al*
                1:20-cv-05396 (GHW)(SDA)

Dear Judge Aaron,

      As you may recall, the undersigned represents the Relator, Patrick Donohue, in the above-referenced action. Consistent with this Court's Orders to avoid duplicative briefings and effectively manage the voluminous briefings of the legal issues that already exist in the record [ECF Nos. 228, 231, 235], kindly accept this correspondence as an opposition to the motion to dismiss submitted by Defendants Niagara Falls Public School District and Mark Laurrie, as Superintendent (hereinafter, "Niagara Falls Defendants").

      In their motion, Niagara Falls Defendants pose arguments nearly identical to those submitted by the Buffalo Public School District, and Kriner Cash, as Superintendent (hereinafter, "Buffalo Defendants"). The Plaintiff-Relator incorporates the legal arguments set forth in his brief in opposition to the Buffalo Defendants' motion to dismiss. [ECF No. 158]. Notwithstanding the factual differences between Buffalo and Niagara Falls Defendants, as set forth more fully below, the Plaintiff-Relator sufficiently addresses the legal arguments of Rule 9(b) and venue in his oppositional briefing to Buffalo Defendants' motion. [Id.].

      Niagara Falls Defendants also argue that Plaintiff-Relator's complaint fails to state claims upon which relief can be granted. [ECF No. 237, p. 2-3]. The Plaintiff-Relator respectfully contends that these legal arguments have been fully addressed in the previous briefings, including the oppositions to Wake County and Buffalo Defendants' motion to dismiss. [ECF No. 137, p. 12-19; ECF No. 158].

      The Plaintiff-Relator respectfully requests that the Court incorporate the previously submitted legal arguments in lieu of a formal briefing, which would largely be duplicative, with the exception of those factual allegations of the Plaintiff-Relator's Second Amended Complaint ("SAC") that specifically reference Niagara Falls Defendants at ¶29-31 and ¶125-140. [ECF No. 19, p. 9, 37-40]. In relying on the opposition submitted in opposition to Buffalo Defendants' motion, the Plaintiff-Relator acknowledges that those legal arguments in reference to paragraphs that specifically name other Defendants would not apply to Niagara Falls Defendants. However, the Plaintiff-Relator contends that those legal arguments would apply to ¶29-31 and ¶125-140 of the SAC, which references Niagara Falls Defendants. [Id.].

      The Plaintiff-Relator thanks the Court for its consideration, as well as its attention and courtesies herein.

Respectfully submitted,

/s/ Ashleigh C. Rousseau
Ashleigh C. Rousseau, Esq. (5801923)
*Attorneys for the Plaintiffs*
Brain Injury Rights Group, Ltd.
300 E. 95th Street, #130
New York, New York 10128
ashleigh@pabilaw.org

CC: **ALL OTHER COUNSEL**
    **VIA ECF**