UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
United States of America and States of the United
States, ex rel. Patrick Donohue,

                                                                   20-cv-05396 (GHW)(SDA)

                  Plaintiff(s),

      -against-

RICHARD CARRANZA, in his Official Capacity,
as the Former Chancellor of the New York City
Department of Education, *et al.*

                  Defendants.
---------------------------------------------------------------X

### PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE STEWART D. AARON

Plaintiff-Relator, Patrick B. Donohue, by and through his undersigned counsel, hereby respectfully submits his objections to Magistrate Judge Aaron's January 14, 2023, Report and Recommendation [ECF No. 245] (the "R & R") to dismiss the Second Amended Complaint ("SAC") in its entirety against all Defendants without the ability to amend.

### PRELIMINARY STATEMENT

The claims within the Complaint are predicated on the submission of false Medicaid claims and the application for IDEA Part B funds. [ECF No. 19]. In the SAC, Plaintiff-Relator alleged that each year, Defendants submitted an application for IDEA Part B funds, in which they assured the federal government that they were providing, and will continue to provide, a FAPE to those students with disabilities under the Individuals with Disabilities Act ("IDEA," 20 U.S.C.S. §1400, *et seq.*). Under the IDEA, School Districts are entitled to submit claims to Medicaid for those students with disabilities who require a "medical" component to their education (*i.e.,* nurses, behavioral paraprofessionals, Physical Therapy, Occupational Therapy, Vision Therapy, Hearing

Therapy, Speech-Language Therapy, etc.)(hereinafter referred to as "related services," collectively).[1] These services can be billed on a "Fee-for-Service" basis, a School-Based Administrative Claiming ("SBAC") quarterly basis, or a Cost-Reconciliation (or Cost-Settlement) basis. In order to be compensated, a claim must be submitted that the service was rendered in accordance with the subject student's IEP. 42 U.S.C. §1396(b)(c), Section 1903(c) (which allows Medicaid to pay for coverable Medicaid services for children ***that are included in an IEP or Individualized Family Service Plan (IFSP) under the IDEA***.)[2] (emphasis added).

## PROCEDURAL HISTORY

On September 29, 2021, the Plaintiff-Relator, Patrick Donohue, filed his SAC against the named Defendants for claims under the federal False Claims Act (31 U.S.C.§3729, *et seq.*). The Plaintiff-Relator also brought state claims against the respective Defendants; the Plaintiff-Relator conferred with the respective Defendants and agreed to dismiss the state claims alleged within the SAC. [*See,* ECF Nos. 118, 182, 183, 205, 206, 207, 208, 223, 224, 239, 240, 243]. Accordingly, the only claim remaining in the SAC are those claims under the federal FCA against the named Defendants.

The Defendants that have not appeared in this action are: Camden City Public School District and Katrina McCombs, as Superintendent ("New Jersey Defendants"); Chicago Public School District and Jose M. Torres, PhD, as Superintendent ("Illinois Defendants"); and the Massachusetts Department of Education and Jeffrey C. Riley, as the Superintendent ("Massachusetts Defendants). The Plaintiff-Relator moved for default against the New Jersey and Massachusetts Defendants on November 1, 2022. [ECF No. 210, 212].

---

[1] *See* https://www.macpac.gov/wp-content/uploads/2018/04/Medicaid-in-Schools.pdf
[2] Medicaid Billing Guidelines can be found here: https://www.cms.gov/research-statistics-data-and-systems/computer-data-and-systems/medicaidbudgetexpendsystem/downloads/schoolhealthsvcs.pdf

The Defendants who appeared in this action filed motions to dismiss the SAC for failure to state a claim upon which relief could be granted and further alleged that the SAC failed to meet the standards imposed by Fed. R. Civ. P. Rule 9(b). [*See*, ECF Nos. 68, 106, 149, 161, 163, 165, 174].

On January 14, 2023, Magistrate Judge Aaron issued his R & R for this case, recommending that the SAC be dismissed against all named Defendants without an ability to amend. [ECF No. 245]. The Plaintiff-Relator submits following objections as set forth herein. Plaintiff-Relator generally objects to the findings and conclusions of the R & R and relies on the previously-filed oppositional briefs setting forth his position therein.

I.      **The R&R Failed to Consider Pertinent Facts of This Case**

In the first instance, the R & R issued on January 14, 2023 [ECF No. 245] fails to consider the transfer of the Loudoun County Public School District and its Superintendent Scott A. Ziegler (hereinafter, "Loudoun Defendants") to the Eastern District of Virginia on March 15, 2022. [ECF No. 86]. The matter against Loudoun Defendants is currently on appeal to the Fourth Circuit under Docket No. 22-1835. Accordingly, the Plaintiff-Relator contends that the claims against the named Defendants could have been transferred to their respective jurisdictions, as done with the Loudoun Defendants.

The R & R, on page 15, finds that the Relator did not claim that services were not provided. In the SAC, the Relator alleged that services provided were subpar and did not confer meaningful benefit, if such services were offered at all. On page 72 of the Relator's Second Amended Complaint ("SAC") he alleges "WORTHLESS SERVICES FRAUD" in which "Defendants are liable since the limited services they may have provided [were] so subpar as to be completely worthless." The Relator also alleged, "[b]y claiming reimbursement for providing valueless care,

the provider effectively has forced the government to pay for nothing—making it so that the provider submits a legally false claim when it asks the government to reimburse it for the services that have no value." [ECF No. 19, p. 72, ¶275-278].

**II.      Plaintiff-Relator Should Be Allowed to Amend the SAC**

The R & R unequivocally recommends that this Court dismiss the matter without the ability for the Plaintiff-Relator to amend. However, based on the issues cited by the R & R, Plaintiff-Relator contends that an amendment to the Complaint would not be futile; rather, it would give Plaintiff-Relator the ability to set forth a more specific complaint, citing specific instances of fraud against those proper Defendants.

Additionally, the R & R necessarily finds that Plaintiff-Relator must detail every instance in which Defendants' submitted a fraudulent claim in order to receive the relief requested. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it simply demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. (Citing *Papasan* v. *Allain,* 478 U.S. 265, 286 (1986)). *See also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Here, the Plaintiff-Relator cited a specific time period in which Defendants committed the alleged fraud. The R & R findings would preempt the need and practice of discovery.

In addition, in finding that any amendment would be futile, the R & R relies on the guidance provided by the USDOE. However, this guidance, by its own terms, was not intended to be a universal rule. The USDOE still required school districts to make individualized determinations with respect to special education and related services for disabled students. The guidance was not

intended to be a blanket rule that all special education and related services may be provided remotely to all disabled students. Defendants here made no individualized determinations, but lumped all disabled students in with their non-disabled peers, in violation of the IDEA.

Fed. R. Civ. P. Rule 15(a)(2) allows a party to amend its pleading with the court's leave, which should be "freely give[n] . . . when justice so requires." "Leave to amend may properly be denied if the amendment would be futile," however. *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014) (citation omitted). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (internal quotation marks omitted). *See also, F5 Capital v. Pappas*, 856 F.3d 61, 88-89 (2d Cir. 2017). If allowed to amend the SAC, Plaintiff-Relator would be able to provide sufficient and plausible facts of specific instances of the alleged fraud. Thus, amendment would not be futile, and any dismissal should be with leave to amend.

## CONCLUSION

For the reasons stated herein, Plaintiff-Relator respectfully objects to Magistrate Judge Stewart D. Aaron's Report and Recommendation dated January 14, 2023, and requests that the Court decline to adopt it for the reasons stated herein.

Dated: January 30, 2023
       New York, New York

                                        Respectfully Submitted,

                                         /s/_____

                                        By: Ashleigh C. Rousseau, Esq. (5801923)
                                        Brain Injury Rights Group, Ltd.
                                        *Attorneys for Plaintiff-Relator*
                                        300 East 95th Street, Suite 130
                                        New York, NY 10128
                                        ashleigh@pabilaw.org