UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATES OF THE UNITED STATES, ex. rel. Patrick Donohue,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICHARD CARRANZA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil Action No. 20-05396 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND
SECONDARY EDUCATION TO VACATE CLERK'S CERTIFICATE OF DEFAULT**

Pursuant to Fed. R. Civ. P. 55(c), defendant Massachusetts Department of Elementary and Secondary Education ("Massachusetts DOE") respectfully submits this memorandum of law in support of its motion requesting that the Court vacate the Clerk's Certificate of Default issued on November 2, 2022, *see* ECF No. 216, for good cause shown. The grounds for the motion are set forth below.

　　1. Plaintiff-Relator Patrick Donohue filed the Second Amended Complaint in this action on September 21, 2021. *See* ECF No. 19.

　　2. This is a "*qui tam* action in which plaintiff-relator [the parent of a student who suffered a traumatic brain injury] alleges violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, and certain corresponding state false claim statutes," against New York City education officials and "various school districts and boards of education and their superintendents across numerous states." *See* ECF No. 245 (Magistrate's Report and Recommendation, dated January 14,

2023 ("Recommended Decision")) at 3.

    3. "The crux of Plaintiff-Relator's claims" in the Second Amended Complaint is that during the 2019-2020 and 2020-2021 school years, "in the wake of COVID-19 pandemic-related school building full or partial closures, the Moving Defendants[1] provided remote services (via telehealth and/or telephone) to students with disabilities instead of in-person services, in violation of requirements under the Individuals with Disabilities Education Act ("IDEA") and the Medicaid Act and then submitted claims for reimbursement for such services, thereby violating the FCA." *See* ECF No. 245 at 3-4. In addition, for each Moving Defendant, the Second Amended Complaint "bases its allegations on one or two examples of Individualized Education Programs ('IEPs') developed for students attending a school within their control." *Id*. at 4. "While the specific details vary, Plaintiff-Relator alleges that the IEPs for these students demonstrate that the Moving Defendants unilaterally decided to provide remote services instead of in-person services as recommended in the IEPs then-in-effect and did not reconvene IEP meetings to update such IEPs; that the Moving Defendants fraudulently developed IEPs during the COVID-19 pandemic to recommend in-person services when the Moving Defendants knew that such services would be furnished remotely, which knowledge was demonstrated in the IEPs themselves in some cases; and/or that certain of the recommended services were essentially of no value to the student when provided remotely." *See id*. at 4-5.

---

[1] The "Moving Defendants" refers to the education-related defendant officials and school districts that moved to dismiss the Second Amended Complaint, *i.e.*, the "Buffalo Defendants"; the "Stamford Defendants"; the "Somerville Defendants"; the "NYCDOE Defendants"; the "Chicago Defendants"; the "Wake County Defendants"; and the "Niagara Defendants." *See* ECF No. 245 at 1-2.

4.  Certain of the allegations in the plaintiff-relator's 85-page Second Amended Complaint concerning Massachusetts relate to special education services provided by defendant Somerville Public School District and its Superintendent, *see* Second Am. Compl. ¶¶ 35-37, 145-47, and 153-59.  As noted above, those defendants have moved to dismiss the Second Amended Complaint.  *See* ECF No. 245 at 102 & n.3; *see also supra* footnote 1.  Other allegations, *i.e.*, those claiming that defendants defrauded the federal government and submitted false claims for reimbursement of educational services provided to students, are lodged generally against Somerville, its Superintendent, and Commissioner Riley without clearly distinguishing between those defendants.  *See* Second Am. Compl. ¶¶ 143-44 (identifying Somerville, its Superintendent, and Commissioner Riley together as "the Somerville defendants" or "the Massachusetts defendants").  In addition, plaintiff alleges that by virtue of allegedly inaccurate information in its annual financial report concerning educational services provided, the Massachusetts DOE "intend[ed] to conceal their fraudulent acts" (*i.e.*, apparently, acts allegedly committed by Somerville), *see* Second Am. Compl. ¶¶ 148-49, and that Commissioner Riley was "complicit" in such "fraud."  *See id*. ¶¶ 150-51.

5.  The Court's docket does not reflect service of the Second Amended Complaint on the Massachusetts Attorney General's Office, as would be required if plaintiff proceeded under Fed. R. Civ. P. 4(j)(2)(B) (providing for service on a state entity "in the manner prescribed that state's law for serving a summons or like process on such a defendant"); *see also* Mass. R. Civ. P. 4(d)(3) (providing that service "[u]pon the Commonwealth or any agency thereof" be made "by delivering a copy of the summons and of the complaint to the Boston office of the Attorney General of the Commonwealth, and, in the case of any agency, to its office or to its chairman or one of its members or its secretary or clerk.  Service hereunder may be effected by mailing such copies of

3

the Attorney General and to the agency by certified or registered mail."). Federal Rule 4 also allows for service on a State or state-created entity by "delivering a copy of the summons and of the complaint to its chief executive officer," *see* Fed. R. Civ. P. 4(j)(2)(A), and it appears that plaintiff attempted to proceed under that latter section of the federal rule, as reflected in paragraph 6 below.

    6. On November 1, 2022, plaintiff-relator filed a "Proposed Clerk's Certificate of Default," seeking entry of a clerk's certificate of default against the Massachusetts DOE. *See* ECF No. 212. In support of the request, plaintiff-relator filed a declaration and supporting affidavit describing service of the Second Amended Complaint and its exhibits on the Massachusetts DOE on February 8, 2022, by a process server. *See* ECF Nos. 211, 211-1. Neither plaintiff's declaration nor the accompanying process server's affidavit states that a summons actually was served on the Massachusetts DOE, notwithstanding that Rule 4(j)(2)(A) requires service of "*a copy of the summons* and of the complaint." *See* Fed. R. Civ. P. 4(j)(2)(A) (emphasis added). In particular, plaintiff's declaration states only that "[t]he Relator hired ABC Legal, a nationwide process server to assist with the personal service of the Summons and Second Amended Complaint with supporting exhibits" and that "[t]he Relator received an Affidavit of Service from the process server at ABC Legal, indicating that personal service had been effectuated on" the Massachusetts DOE on February 8, 2022. *See* ECF No. 211. But the accompanying process-server's affidavit reflects service only of the "Second Amended Complaint; Exhibits 1-22"; it does *not* reflect service of a summons on the Massachusetts DOE. *See* ECF No. 211-1.[2] Plaintiff did not request a

---

[2] The docket includes a summons to the Massachusetts DOE, but the second page of that summons (where information reflecting "Proof of Service" ordinarily would be filled in) is blank and thus does not include any information about the manner or date of service of the Second Amended Complaint on the Massachusetts DOE. *See* ECF No. 29.

default against Commissioner Riley, *see* ECF No. 212, and in his declaration and affidavit, plaintiff did not state that he had served the Second Amended Complaint or a summons on Commissioner Riley. *See* ECF Nos. 211, 211-1.

7. On November 2, 2022, the Clerk of Court entered a Certificate of Default against the Massachusetts DOE, noting that the Second Amended Complaint had been personally served on the Massachusetts DOE, which had not answered or otherwise responded to that complaint. *See* ECF No. 216 (Clerk's Certificate of Default against Massachusetts DOE). However, the Clerk's Certificate of Default did not state that a summons was served on the Massachusetts DOE. *See id.* (stating that "[t]he Second Amended Complaint and supporting exhibits (1-22) was served upon defendant MASSACHUSETTS DEPARTMENT OF EDUCATION by personally serving the MASSACHUSETTS DEPARTMENT OF EDUCATION, and proof of service was therefore filed on November 1, 2022. [ECF No. 211-1]."). On the same day, the Clerk also entered certificates of default against other defendants who had not appeared in the case. *See* ECF No. 215 (Clerk's Certificate of Default against defendants Camden City (New Jersey) Public School District and Katrina McCombs); ECF No. 217 (Clerk's Certificate of Default against defendant Niagara Falls Public School District and its Superintendent).

8. On December 3, 2022, the Court granted the Niagara Defendants' motion to vacate the Clerk's Certificate of Default pursuant to Fed. R. Civ. P. 55(c), which authorizes a Court to "set aside an entry of default for good cause." *See* ECF No. 231 (reported at 2022 WL 17491892). In vacating the certificate of default against the Niagara Defendants, whose counsel had been in communication with plaintiff's counsel, the Court reasoned that "[a]t worst," the conduct by counsel for the Niagara Defendants in defaulting "was negligent or careless"; such conduct "was not willful." *See* ECF No. 231 at 6. In addition, the Court found that the Niagara Defendants had

a "meritorious defense" to the claims in the Second Amended Complaint since "[t]he papers filed by other Defendants in support of their motions to dismiss set forth a plausible meritorious defense that would apply equally to the Niagara Defendants." *Id*. at 6-7.  Finally, the Court found that the plaintiff-relator had not established that he would suffer prejudice if the Court were to vacate the default against the Niagara Defendants. *Id*. at 7.  The Court accordingly directed the Clerk to vacate the Certificate of Default against the Niagara Defendants, while also directing the Niagara Defendants to file their anticipated motion to dismiss 20 days thereafter. *Id.*

9. On January 14, 2023, the Magistrate issued the Recommended Decision, recommending dismissal of the Second Amended Complaint's claims against the Moving Defendants (which included the Niagara Defendants, *see supra* footnote 1) for failure to state a claim upon which relief could be based, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* ECF No. 245; *see also* ECF No. 245 at 21.

10. The Magistrate further recommended that Plaintiff-Relator show cause why the claims against the Massachusetts DOE, Commissioner Riley, and the Camden and McCombs defendants, should not also be dismissed.  *See* ECF No. 245 at 21.  As the Magistrate explained:

> Even if a defendant has defaulted, '[i]t remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted.' *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Since the Court is recommending that the Moving Defendants' motion to dismiss Plaintiff-Relator's SAC [Second Amended Complaint] for failure to state a claim be granted, it appears that Plaintiff-Relator will be unable to establish the Non-Appearing Defendants' [the Massachusetts DOE, Commissioner Riley, Camden, and McCombs] liability on the claims asserted against them in the SAC.  Thus, I respectfully recommend that the Court order Plaintiff-Relator to show cause why the claims against the Non-Appearing Defendants should not be dismissed.

*See* ECF No. 245 at 21.

11. On January 30, 2023, plaintiff-relator filed Objections to the Magistrate's Recommended Decision.  *See* ECF No. 247.  The Court has not yet acted on the Objections.

12. For reasons similar to those set forth in the Court's order vacating the Clerk's Certificate of Default against the Niagara Defendants, defendant Massachusetts DOE respectfully requests that the Court vacate the Clerk's Certificate of Default entered against it. As this Court has already recognized, "[w]here, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *See* ECF No. 231 at 4 (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

13. In addition, as the Court explained, in determining whether good cause exists to set aside an entry of default, "courts consider: (1) 'the willfulness of the default'; (2) 'the existence of a meritorious defense'; and (3) 'the level of prejudice that the non-defaulting party may suffer should relief be granted.'" *See* ECF No. 231 at 4-5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001)). Other "relevant equitable factors may also be considered," including "whether the entry of default would bring about a harsh or unfair result." *See* ECF No. 231 at 5 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (internal quotation marks omitted). Finally, as the Court noted, *see* ECF No. 231 at 5, "[i]t is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." (quoting *Pecarsky*, 249 F.3d at 174) (internal quotation marks omitted).

14. The default by the Massachusetts DOE was not "willful." Indeed, it appears that entry of the certificate of default was not proper to begin with, insofar as the record does not reflect service of a summons on the Massachusetts DOE, contrary to the requirements of Rule 4(j)(A)(2).

The Assistant Attorney General assigned to monitor whether plaintiff ever effected proper service upon the Massachusetts DOE in this out-of-state case very recently departed from the Attorney General's Office. A newly-assigned Assistant Attorney General, upon checking this Court's docket, became aware of the Clerk's entry of a Certificate of Default against the Massachusetts DOE. The filing of the instant motion follows within a few days of that discovery.[3]

15. Moreover, the claims against the Massachusetts DOE (and Commissioner Riley) are not meritorious. In particular, and as noted above, in recommending dismissal of the Second Amended Complaint as to the Moving Defendants, the Magistrate already found that the claims against the Massachusetts DOE (and other non-appearing defendants, including Commissioner Riley) lack merit. *See* ECF No. 245 at 21 (explaining that, for the same reasons that the Magistrate recommended granting the appearing defendants' motion to dismiss, "it appears that Plaintiff-Relator will be unable to establish the Non-Appearing Defendants' liability on the claims asserted against them" in the Second Amended Complaint; and recommending that plaintiff be required to show cause why the claims against the Non-Appearing Defendants, including the Massachusetts DOE, should not be dismissed).

16. Finally, plaintiff is unlikely to be able to establish prejudice resulting from an order vacating the certificate of default against the Massachusetts DOE, insofar as the Magistrate has already found that the substance of plaintiff's claims lack merit as to the Non-Appearing Defendants, including the Massachusetts DOE (and Commissioner Riley), for the same reasons that plaintiff's claims should be dismissed against the Moving Defendants, as discussed in paragraphs 10 and 15 above.

---

[3] In addition, the plaintiff did not serve his request for entry of default on the Massachusetts DOE and Commissioner Riley or on the Attorney General's Office.

For the foregoing reasons, the Massachusetts DOE respectfully requests that the Court issue an order vacating the Clerk's Certificate of Default.

                Respectfully submitted,

                ANDREA JOY CAMPBELL
                ATTORNEY GENERAL

                */s/ Abigail Fee*
                Abigail Fee (BBO No. 687474
                Assistant Attorney General
                Trial Division
                Government Bureau
                One Ashburton Place
                Boston, MA 02108
                (617) 963-2216
                abigail.fee@state.ma.us

Dated:  February 9, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I served the above Motion on all registered counsel on February 9, 2023, by filing the above Motion through the Court's electronic filing system.

                */s/ Abigail Fee*
                Abigail Fee
                Assistant Attorney General