**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

February 10, 2023

**Via ECF**
Hon. Gregory H. Woods III
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States of America, ex rel. Patrick Donohue v. Carranza, et al*
1:20-cv-05396 (GHW)(SDA)

Dear Judge Woods,

As you may recall, the undersigned represents the Relator, Patrick Donohue, in the above-referenced action. On January 23, 2023, the Court Ordered the parties to file a letter in compliance with Rule 1F of Your Honor's Individual Rules of Practice in Civil Cases. [ECF No. 246]. The Plaintiff-Relator and Defendants Somerville Public School District and Mary Skipper, in her official capacity as Superintendent (hereinafter, "Somerville Defendants"), respectfully submit this correspondence in response to the Court's Order.

On January 13, 2023, the Plaintiff-Relator filed a fully executed stipulation of voluntary dismissal in accordance with Rule 41(a)(1)(A)(ii) for those Massachusetts State claims against Somerville Defendants [ECF No. 243] set forth in the Relator's Second Amended Complaint ("SAC") [ECF No. 19]; specifically, claims brought under Mass. General Laws Ch. 12 §5B set forth in the Relator's Eleventh Cause of Action in the SAC.

The Parties have conferred and discussed the case law concerning the Relator's claims. The Parties agree that in order to properly assert a cause of action and viable claim under Mass. General Laws Ch. 12 §5B, the allegations would encompass those false representations made to the Commonwealth of Massachusetts—here, the Plaintiff-Relator makes claims that the Defendants made false representations to the federal government under Medicaid, which would not include claims made directly to the Commonwealth, as contemplated by Mass. General Laws Ch. 12 §5B. Further, the Plaintiff-Relator brought his claims on behalf of the federal government—the United States as a sovereign. As the Commonwealth of Massachusetts is not a properly named plaintiff, the Parties are not required to seek the approval of the Commonwealth's Attorney General before voluntarily dismissing such claims; the voluntary dismissal of the State claims in this action would not bar or otherwise prevent the Commonwealth from initiating its own action if it so chose.

Accordingly, the Parties respectfully submit that the voluntary dismissal of the Eleventh Cause of Action in the Relator's SAC [ECF No. 19], does not require the input or approval of the Massachusetts Attorney General, and respectfully request that the Court dismiss said claims in accordance with the Parties' executed Stipulation. [ECF No. 243].

The Parties thank the Court for its consideration, as well as its attention and courtesies herein.

1

Respectfully submitted,

/s/ Ashleigh C. Rousseau
Ashleigh C. Rousseau, Esq. (5801923)
*Attorneys for the Plaintiffs*
Brain Injury Rights Group, Ltd.
300 E. 95th Street, #130
New York, New York 10128
ashleigh@pabilaw.org

CC: **ALL OTHER COUNSEL**
     **VIA ECF**