UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA and STATES of the UNITED STATES, ex rel. PATRICK DONOHUE,

       Plaintiff-Relator,

- against -

RICHARD CARRANZA, in his official capacity as the former Chancellor of New York City Department of Education, *et al.*,

       Defendants.

Case No. 1:20-CV-5396 (GHW) (SDA)

---

**RESPONSE TO PLAINTIFF-RELATOR PATRICK DONOHUE'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE STEWART D. AARON BY DEFENDANTS:**

**NEW YORK CITY DEPARTMENT OF EDUCATION AND RICHARD CARRANZA AND MEISHA PORTER, IN THEIR OFFICIAL CAPACITIES AS FORMER CHANCELLORS OF THE NEW YORK CITY DEPARTMENT OF EDUCATION;**

**AND**

**BOARD OF EDUCATION OF THE CITY OF CHICAGO AND JOSE M. TORRES, PHD, IN HIS OFFICIAL CAPACITY AS FORMER SUPERINTENDENT OF THE BOARD OF EDUCATION OF THE CITY OF CHICAGO**

---

| | |
|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK<br>By: Stephen Kitzinger<br>Assistant Corporation Counsel<br>100 Church Street<br>New York, New York 10009<br><br>*Attorneys for Defendants*<br>*New York City Department of Education, and Richard Carranza and Meisha Porter, in their official capacities as former Chancellors of the New York City Department of Education* | KATTEN MUCHIN ROSENMAN LLP<br>Joseph V. Willey<br>Alessandra Denis<br>50 Rockefeller Plaza<br>New York, New York 10020<br><br>*Attorneys for Defendants*<br><br>*New York City Department of Education and its former Chancellors in their official capacities, Richard Carranza and Meisha Porter; and Board of Education of the City of Chicago and its former Superintendent in his official capacity, Jose M. Torres, PhD* |

The NYCDOE and Chicago Defendants[1] respectfully submit this response to Plaintiff-Relator's Objections to the Report and Recommendation of Magistrate Judge Stewart D. Aaron ("Rel. Obj.," ECF No. 247; "R&R," ECF No. 245).[2]

## Argument

Plaintiff-Relator's Objections do not identify a single error made by the Magistrate Judge in the R&R. Instead, Plaintiff-Relator reiterates the same arguments made in his opposition papers, which the Magistrate Judge thoroughly considered and rejected. *See e.g.,* Rel Obj. at 3 ("Plaintiff-Relator generally objects to the findings and conclusions of the R & R and relies on the previously-filed oppositional briefs setting forth his position therein."). However, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Colvin v. Berryhill*, 734 F. App'x. 756, 758 (2d Cir. May 18, 2018). As this Court has noted:

> "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge."

*Sirius XM Radio Inc. v. Aura Multimedia Corporation*, 21-CV-06963, 2023 WL 243615, at *2-3 (S.D.N.Y. Jan. 17, 2023), *quoting Vega v. Artuz*, 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

To the extent a response would be helpful to the Court as to the few specific objections Relator purports to identify, we offer the following:

---

[1] The defined terms in Magistrate Judge Aaron's Report and Recommendation are used herein.

[2] Contrary to Plaintiff-Relator's assertion (*see* Rel. Obj. at 2), the Chicago Defendants have appeared in this action. *See* R&R at 2 (identifying the Chicago Defendants as one of the Moving Defendants).

Plaintiff-Relator incorrectly claims – without identifying any specific finding in the R&R – that the R&R "fails to consider" an argument made in his opposition papers that the claims against the non-NYCDOE Moving Defendants should be transferred to their appropriate venue "as done with the Loudoun Defendants" (Rel. Obj. at 3; *see* Pl.'s Non-NYCDOE Defs.' Opp., ECF No. 179, at 2-4). The Magistrate Judge *did* address, *and rejected*, this argument, finding that at the time the decision to transfer the Loudoun County Defendants' claims was made, "there was no motion to dismiss pending that was made by a defendant as to which personal jurisdiction existed and venue was proper" that would have allowed the Court to make a decision on the merits (R&R at n. 15); in contrast, here, the Moving Defendants include the NYCDOE Defendants, as to which personal jurisdiction exists and venue is proper (R&R at 9-10).[3] There is no clear error here[4]: the R&R correctly described the procedural status of the case and relied upon Second Circuit authorities. Plaintiff-Relator simply ignores these determinations in a ploy to relitigate arguments already made to, and rejected by, the Magistrate Judge.

Similarly flawed is Plaintiff-Relator's suggestion that the Magistrate Judge erred in holding (*see* R&R at 15) that "Relator did not claim that services were not provided" (Rel Obj. at 3). The suggestion here appears to be that the Magistrate Judge failed to consider Plaintiff-Relator's arguments that the SAC adequately pled a worthless services claim (*see* Pl.'s NYCDOE Opp., ECF No. 178, at 20-23). But the R&R *does* specifically address, and rejects, such arguments, and

---

[3] Further, it is clearly in the interest of justice for the Court to dismiss the claims against the Chicago Defendants. *See* NYCDOE and Chicago Mem., ECF No. 169, at 34-35; NYCDOE and Chicago Reply, ECF No. 186, at 10-13.

[4] Where no objection is timely made or "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error" instead of on a *de novo* basis. *Sirius XM Radio Inc.*, 2023 WL 243615, at *2, *quoting Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (internal quotation marks omitted).

2

takes into account the precise allegations – "ECF No. 19, p. 72, ¶275-278" – that Plaintiff-Relator appears to contend were ignored by the Magistrate Judge (Rel. Obj. at 3-4). *See* R&R at n. 17 ("Plaintiff-Relator's worthless services claim (SAC ¶¶ 275-78, at 72) also is deficient. . . . [T]here are no allegations from which the Court can infer that the services provided had no value, let alone the requisite intent."). There is no clear error here: the Magistrate Judge reviewed the pertinent allegations in the SAC as well as the parties' arguments (*see* NYCDOE and Chicago Mem. at 27-30; Pl.'s NYCDOE Opp. at 20-23; NYCDOE and Chicago Reply at 9-10), and relied on the key Second Circuit opinion on this issue. *See* R&R at n. 17. Plaintiff-Relator's attempt to relitigate his arguments should be rejected.

Having made no proper objections, Plaintiff-Relator instead makes a new argument that, contrary to the Magistrate Judge's recommendation (R&R at 20), he should be permitted to amend the SAC. *See* Rel. Obj. at 4-5. However, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Sirius XM Radio Inc.,* 2023 WL 243615, at *2, *quoting Sci.Components Corp. v. Sirenza Microdevices, Inc.*, 03-CV-1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (internal quotation marks omitted). Plaintiff-Relator in fact waived such argument, as he made no request for leave to amend in his opposition to the NYCDOE and Chicago Defendants' joint motion to dismiss, which specifically argued that "a further amendment of the SAC would be futile." NYCDOE and Chicago Mem. at 35.[5] Further, Plaintiff-Relator's untimely arguments for leave to amend (*see* Rel. Obj. at 4-5) are frivolous (*e.g.,* that Fed. R. Civ.

---

[5] Plaintiff-Relator only sought leave to amend in his opposition to the Buffalo Defendants' motion to dismiss, where he argued that leave to amend is usually granted if a complaint is dismissed under Fed. R. Civ. P. 9(b). *See* R&R at 20; Pl.'s Buffalo Opp. Mem., ECF No. 158, at 15-16. Nowhere – either in his opposition papers or his Objections – has Plaintiff-Relator specified any new allegations that would be included in an amendment.

3

P. 8(a)(2) should have been applied instead of Fed. R. Civ. P. 9(b)) and reiterations of the same failed arguments (*e.g.,* that the defendants' provision of remote services allegedly was not authorized by USDOE guidance) that were rejected by the Magistrate Judge. They similarly should be rejected now.

## Conclusion

For the reasons set forth herein, the NYCDOE and Chicago Defendants respectfully request that the Court review the R&R only for clear error, as Plaintiff-Relator's purported objections do not constitute adequate objections under Fed. R. Civ. P. 72(b), and adopt in full Magistrate Judge Aaron's Report and Recommendation.

Dated: New York, New York
February 13, 2023

KATTEN MUCHIN ROSENMAN LLP

By:  /s/ Joseph V. Willey

| | |
|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>CORPORATION COUNSEL OF THE<br>CITY OF NEW YORK<br>By: Stephen Kitzinger<br>Assistant Corporation Counsel<br>100 Church Street<br>New York, New York 10009<br>(212) 356-2087 (phone)<br>SKitzing@law.nyc.gov | Joseph V. Willey<br>Alessandra Denis<br><br>50 Rockefeller Plaza<br>New York, New York 10020<br>(212) 940-8800 (phone)<br>(212) 940-8776 (fax)<br>joseph.willey@katten.com<br>alessandra.denis@katten.com |
| *Attorneys for Defendants*<br>*New York City Department of Education,*<br>*and Richard Carranza and Meisha Porter,*<br>*in their official capacities as former*<br>*Chancellors of the New York City*<br>*Department Education* | *Attorneys for Defendants*<br>*New York City Department of Education and its*<br>*former Chancellors in their official capacities,*<br>*Richard Carranza and Meisha Porter; Board of*<br>*Education of the City of Chicago and its former*<br>*Superintendent in his official capacity, Jose M.*<br>*Torres, PhD* |