UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA and STATES
OF THE UNITED STATES, ex rel. PATRICK
DONOHUE,

                      Plaintiff-Relator,

    -against-

RICHARD CARRANZA, et al.,

                      Defendants.

Case No. 20-cv-05396-GHW-SDA

---

**MEMORANDUM OF LAW IN RESPONSE TO RELATOR'S
OBJECTIONS TO MAGISTRATE JUDGE STEWART D. AARON'S
REPORT AND RECOMMENDATION TO GRANT NIAGARA'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

 

Shaub, Ahmuty, Citrin & Spratt, LLP
*Attorneys for Defendants*
*Niagara Falls City School District s/h/a*
*Niagara Falls Public School District and*
*Mark Laurrie, in his official capacity*
*as Superintendent*
1983 Marcus Avenue, Suite 260
Lake Success, NY 11042
(516) 488-3300

Of Counsel:
  Jonathan P. Shaub
  Nicholas Tam

PRELIMINARY STATEMENT

Defendants Niagara Falls City School District s/h/a Niagara Falls Public School District and Mark Laurrie, in his official capacity as Superintendent (collectively, "Niagara"), submit this Memorandum of Law in response to relator's objections (Dkt. # 247) to Magistrate Judge Stewart D. Aaron's Report and Recommendation ("Report") (Dkt. # 245) to dismiss the relator's Second Amended Complaint ("SAC") (Dkt. # 19).

The Report correctly found that the SAC was legally deficient as it failed to allege any plausible facts to support a False Claims Act action against Niagara. Relator raises nothing new in his objections to the Report's conclusions. Instead, relator merely rehashes the assertions set forth in his underlying opposition papers to the defendants' motions to dismiss, which were fully addressed and rejected in the Report. For the reasons stated herein, it is respectfully submitted that the Court should adopt the Report's conclusions because relator has raised zero contentions that would warrant the opposite result.

ARGUMENT

RELATOR MERELY REHASHES THE CONTENTIONS
ADDRESSED AND REJECTED IN THIS COURT'S REPORT AND
THEIR ARGUMENTS SHOULD BE DISMISSED AS CONCLUSORY

A.  Applicable Standard

A party that objects to a Report and Recommendation must point out "the specific portions of the report and recommendation to which they object." Rivera v. Comm'r of Soc. Sec., No. 21 Civ. 1193 (CS)(JCM), 2022 WL 4482374, at *1 (S.D.N.Y. Sept. 27, 2022). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error." Weston v. Capra, No. 18 Civ. 05770 (PMH), 2022 WL 2914506, at *1 (S.D.N.Y. July 25, 2022); see also

Garra v. Metro-N. Commuter R.R., No. 17 Civ. 1293 (ALC)(SN), 2021 WL 1172354, at *1 (S.D.N.Y. Mar. 29, 2021) (if the objecting party "makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error"). Courts will not ordinarily consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02 Civ. 1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citations omitted).

B.  Relator Cannot Clear The Exceedingly High Bar
    Of Demonstrating "Clear Error" In This Court's
    Sound Analysis, Reasoning And Conclusion

At the outset, relator explicitly concedes that he "*generally* objects to the findings and conclusions of the Report and relies on the *previously-filed* oppositional briefs setting forth his position therein." See Rel. Obj. at 3 (emphasis added). Where a party makes only "general objections" instead of " 'pinpoint[ing]' specific portions of the report and recommendation to which it objected" (Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)), the applicable standard of review is "clear error." Barratt v. Joie, No. 96–CV–0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). To the extent relator fails to object to any specific portion of the Report, those objections should be deemed insufficient. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (party who filed bare bones objections to report and recommendation failed to adequately object under Fed. R. Civ. P. 72(b)).

1.      Insufficiency of Relator's Worthless Services and Fraud Claims

Here, relator's objections simply rehash the assertions raised in his underlying opposition papers (Dkt. # 158, 178). For example, relator contends that this Court failed to consider the pertinent facts and that he properly pleaded a "worthless services"[1] claim (Rel. Obj. at 3-4), despite previously advancing this point at length (Dkt. # 178, at 23-25). The "worthless services" claim was analyzed and rejected in the Report, as the SAC failed to (1) describe the actual performance of the services as to Niagara student T.S., yet deemed them "worthless" in conclusory fashion, or (2) allege facts showing that Niagara recklessly provided services with deliberate ignorance, as required to establish a worthless services claim (Dkt. # 245, at 16, fn. 17); see Mikes v. Straus, 274 F.3d 687, 702-03 (2d Cir. 2001), *abrogated on other grounds by* Universal Health Servs., Inc. v. United States, 579 U.S. 176 (2016)).

Nor did relator establish the requisite scienter element, which requires pleading of facts that plausibly allege that Niagara "knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval." U.S. ex rel. Donohue v. Carranza, No. 22 Civ. 00189 (AJT) (IDD), 2022 WL 3226191, at *6 (E.D. Va. July 1, 2022); see Universal Health Servs., Inc. v. United States, 579 U.S. 176 (2016). The utterly conclusory allegations made in the SAC as to Niagara's purported "knowledge" that it had presented fraudulent claims (Dkt. # 18 – SAC at ¶ 126) fail to satisfy either Rule 8's pleading requirements or Rule 9(b)'s heightened pleading standard. Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106, 119 (2d Cir. 2013) (allegations "must adequately specify the statements it claims were false or misleading,

---

[1] The Court in United States ex rel. Absher v. Momence Meadows Nursing Center, Inc., 764 F.3d 699 (7th Cir. 2014), stated that a worthless services claim must allege facts that "the performance of the service [must be] so deficient that for all practical purposes it is the equivalent of no performance at all." It is not enough to offer evidence that the defendant provided services that are worth some amount less than the services paid for. "[A] 'diminished value' of services theory does not satisfy this standard. Services that are 'worthless' are not 'worthless.'" Id. at 710.

give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."). Since the SAC was legally insufficient as to the worthless services claim, the Report properly recommended the dismissal of this theory.

    2.    <u>Leave to Amend Is Not Warranted</u>

Relator also revives his argument that he should be granted leave to amend the SAC if the Court is inclined to dismiss the pleading (<u>compare</u> Rel. Obj. 4 <u>with</u> Dkt. # 158, at 15-16). This Court should not countenance relator's second bite of the apple because any amendment is futile. Relator failed to plead facts from which it can be reasonably inferred that Niagara presented false claims, considering "the clear guidance by CMS and the USDOE that providing remote services to students with disabilities was permissible"[2] (Dkt. # 245, at 20); <u>see</u> <u>Panther Partners Inc. v. Ikanos Commc'ns, Inc.</u>, 681 F.3d 114, 119 (2d Cir. 2012) (futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)).

Moreover, relator has conceded that he seeks to amend the SAC, but he fails to state what facts, if pleaded, would transform a complaint that falls woefully short of a cognizable False Claims Act violation. <u>See</u> <u>Milanese v. Rust–Oleum</u>, 244 F.3d 104, 110 (2d Cir. 2001) ("leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief."). The guidance permitting school districts to provide remote services was unrebutted, so any amendment is futile. <u>Kirk v. Heppt</u>, No. 05

---

[2] Relator contends that this Court should rely on the 2003 incantation of the Medicaid billing guidelines (Rel. Obj. at 2, fn. 2), while ignoring the applicable administrative guidance released in response to the Covid-19 pandemic and its effects on public education in New York that halted in-person learning for a period of time (<u>see</u> Dkt. # 245, at 6-8).

Civ. 9977 (RWS), 423 F.Supp.2d 147, 149 (S.D.N.Y. Mar. 20, 2006) ("[a] proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis.").

Thus, the Report correctly recommends that the SAC should be dismissed, with prejudice (Dkt. # 245, at 20); see United States ex rel. Tessler v. City of New York, 712 Fed.Appx. 27, 31 (2d Cir. 2017) ("Tessler had three opportunities to present his complaint and there is no indication that a third amended complaint would address the aforementioned issues. For these reasons, it was not an abuse of discretion for the district court to deny Tessler an opportunity to further amend."). Relator's objections fall woefully short of this high bar. Here, relator merely reiterates the arguments asserted in opposing Niagara's motion. These claims were addressed directly in the Report and do not provide any basis for deviation from Magistrate Judge Aaron's analysis.

3.   Venue and Jurisdiction

Relator's objections also fail to substantively address the Report's finding that the motions to dismiss, including Niagara's motion, could be decided on their merits because jurisdiction and venue were proper as to at least one of the defendants (Dkt. # 245, at 9-10). The Report charted this course based on Chevron Corp. v. Naranjo, 667 F.3d 232, 247 n.17 (2d Cir. 2012), where the Second Circuit held "in cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, [the court] may address first the facial challenge to the underlying cause of action and, if [the court] dismiss[es] the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants." Relator entirely fails to address this controlling authority, let alone cite any

decisional law to the contrary. Accordingly, the Court providently exercised its discretion by addressing the motions made by all moving defendants on the grounds that it has personal jurisdiction over the NYC Department of Education defendants and venue is proper in the Southern District of New York (see Dkt. # 245, at 10).

## CONCLUSION

For the foregoing reasons, the Report should be adopted in full and Niagara's motion to dismiss the SAC should be granted in its entirety.

Dated: February 13, 2023
       Lake Success, New York

                                        Respectfully Submitted,

                                        Jonathan P. Shaub